# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02531-GPG-KAS
    Consolidated with:
    25-cv-02763-GPG-KAS

**TERRIANNE PAIGE HIEHLE,** in her individual capacity and behalf of all others similarly situated;
**KATRINA LILE,** in her individual capacity and behalf of all others similarly situated;
**KIMBERLI LASHAWAY,** in her individual capacity and behalf of all others similarly situated;

Plaintiffs,

v.

**EDWARD ABER**, In his individual and official capacities as Jail Commander of the La Plata County Jail;
**LA PLATA COUNTY, COLORADO;**
**LA PLATA COUNTY SHERIFF'S OFFICE;**
**SEAN SMITH**, in his individual and official capacities as Sheriff of La Plata County;
**MICHAEL SLADE**, in his individual capacity;
**JACOB HARRIS**, in his individual capacity;
**JOHN/JANE DOES #1-#10**, in their individual capacities;

Defendants.

---

## HIEHLE PLAINTIFFS' MOTION TO APPOINT
## MEHR FAIRBANKS TRIAL LAWYERS, PLLC,
## MEHR JOLLY, PLLC, AND KOSLOSKI LAW, PLLC
## AS INTERIM CLASS COUNSEL

---

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Terrianne Paige Hiehle, Katrina Lile, and Kimberli Lashaway (collectively the "Hiehle Plaintiffs") move for an Order appointing their attorneys Mehr Fairbanks Trial Lawyers, PLLC ("Mehr Fairbanks"), Mehr Jolly, PLLC ("Mehr Jolly") and Kosloski Law PLLC ("Kosloski") (collectively the "Hiehle Attorneys")

as interim class counsel.[1] The Hiehle Attorneys have substantial experience litigating class action and other complex litigation and have the knowledge, skill, and resources to move this case forward in the best interests of the proposed class. Appointment of interim class counsel will create one unified voice for the putative class, will promote efficiency, and will conserve resources for the Court and the parties.

**I.      Background**

The Hiehle Plaintiffs initiated this action on August 13, 2025. ECF No. 1. The Class Action Complaint and Jury Demand generally alleges that Defendant Edward Aber, while serving as the Jail Commander of the La Plata County Jail, engaged in a scheme to sexually exploit female inmates in his custody by repeatedly accessing and viewing digital recordings of strip searches for his own sexual gratification. The Complaint asserts thirteen causes of action[2] arising under federal and Colorado law against Aber, Sean Smith, Michael Slade, Jacob Harris, La Plata County, La Plata County Sheriff's Office, and John/Jane Does. Plaintiffs seek relief for themselves and to proceed as representatives of a proposed class of similarly situated individuals under Fed. R. Civ. P. 23. Before filing the case, the Hiehle Attorneys researched and investigated the merits of the claims and the potentially liable parties, interviewed potential victims, and otherwise undertook substantial time in drafting and filing the Complaint.

After the *Hiehle* case was filed, a second lawsuit was filed by a group of plaintiffs represented by separate counsel in *C.B., et al. v. Aber, et al.*, 25-cv-02763-GPG-KAS. ECF No.

---

[1] The undersigned states, pursuant to D.C.COLO.LCivR 7.1(a), that the Hiehle Attorneys have conferred previously with the attorneys from the Rathod Mohamedbhai, LLC, regarding the motion and were not able to reach an agreement. Further, this issue was discussed on November 6, 2025, during the status conference with the Court.

[2] The *Hiehle* Complaint includes: Counts 1-3 as claims against Aber for violations of 42 U.S.C. § 1983; Counts 4-6 as claims against Smith, Slade, and Harris for violations of 42 U.S.C. § 1983; Count 7 as a "*Monell*" liability claim against La Plata County and the La Plata County Sheriff's Office; Counts 8-10 as claims against Aber for violations of the Colorado Constitution; and Counts 11-13 as claims against Smith, Slade, and Harris for violations of the Colorado Constitution. *See* ECF No. 1, pp. 16-29.

38-1. The *C.B.* case makes similarly worded claims[3] for relief arising out of the same basic facts as the *Hiehle* case. The *C.B.* Complaint contains a proposed class definition that is nearly identical to the proposed class definition in the *Hiehle* Complaint. *Compare* ECF No. 1, *Hiehle* Compl., p. 7, with ECF No. 38-1, *C.B.* Compl., p. 28. Following the filing of the second case, the Hiehle Attorneys conferred with the attorneys for the *C.B.* plaintiffs, and thereafter, the Hiehle Plaintiffs moved to consolidate the two cases. ECF No. 38. The Court granted the motion on October 30, 2025. ECF No. 49. Thereafter, the attorneys for all plaintiffs again met and conferred, as ordered by the Court, and then proposed a briefing schedule with Magistrate Judge Starnella on the issue of appointment of interim class counsel. The parties, with the Court's guidance, have also taken steps to coordinate the filing of responses to the Defendants' pending motions to dismiss to effectively and efficiently move the case forward. *See* ECF No. 59, establishing deadlines.

## II. Argument

### A. The Court should appoint interim class counsel.

Under Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *See In re Dish Network Data Sec. Incident Litig.*, 2023 U.S. Dist. LEXIS 243648, at *5 (D. Colo. Nov. 9, 2023). The typical situation requiring appointment of interim class counsel is one where there are "overlapping, duplicative, or competing class suits [ ] pending before a court." *Owen-Brooks v. Dish Network Corp.*, 2023 U.S. Dist. LEXIS 159531, at *6 (D. Colo. Aug. 2, 2023) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)); *see also Imran*

---

[3] The *C.B.* Complaint includes: Counts 1-3 as claims against Aber for violations of 42 U.S.C. § 1983; Counts 4-6 as claims against Slade and Harris for violations of 42 U.S.C. § 1983; Counts 7-10 as "*Monell*" liability claims against La Plata County and Smith; Counts 10-12 as claims against Aber for violations of the Colorado Constitution; and Counts 11-13 as claims against Slade and Harris for violations of the Colorado Constitution. *See* ECF No. 38-1, pp. 32-50. The *C.B.* Complaint contains a total of 15 Counts because it separates its *Monell* liability claims into three separate claims, whereas the *Hiehle* Complaint alleges the same *Monell* claims in a single Count.

*v. Vital Pharm., Inc.* 2019 U.S. Dist. LEXIS 59389, at *10 (N.D. Cal. Apr. 5, 2019) (same). Here, because there are two separately filed Complaints that present substantially the same allegations on behalf of a proposed class, the Court should appoint interim class counsel. *See Tolmasoff v. Gen. Motors, LLC*, 2016 U.S. Dist. LEXIS 85101, at *26-27 (E.D. Mich. June 30, 2016) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions.").

> According to the 2003 Advisory Committee Notes, Rule 23:
>
>> authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class. Rule 23(c)(1)(B) directs that the order certifying the class include appointment of class counsel. Before class certification, however, it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

*See also* Federal Judicial Center, Manual for Complex Litigation § 21.11, at 246 (4th ed. 2004) (The designation of interim class counsel will help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."). Because there are overlapping claims and there is some "rivalry or uncertainty" as to whether the Hiehle Attorneys or the attorneys representing the *C.B.* group will take the lead on the case, appointment of interim class counsel will clarify the relationships for the benefit of all parties (plaintiffs and defendants) and the Court.

4

**B. The Court should appoint the Hiehle Attorneys as interim class counsel.**

While neither Rule 23 nor the Advisory Committee Notes specifically identify factors for appointment of interim class counsel, it is generally understood that the same factors from Rule 23(g)(1) for appointment of certified class counsel apply. *See In re Dish Network Data Sec. Incident Litig.*, 2023 U.S. Dist. LEXIS 243648, at *5 (D. Colo. Nov. 9, 2023). Those factors are:

    i. the work counsel has done in identifying or investigating the potential claims in the action;

    ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    iii. counsel's knowledge of the applicable law; and

    iv. the resources that counsel will commit to representing the class.

Each of these factors supports the appointment of the Hiehle Attorneys as interim class counsel.

**1. The Hiehle Attorneys' identification and investigation of the claims.**

The Hiehle Attorneys' work in identifying and investigating the claims in this case demonstrates they have and will continue to fairly and adequately represent the interests of the putative class. The Hiehle Attorneys were the first to file the claims in this case. Among other tasks, the Hiehle Attorneys have performed the following investigative work thus far: a) investigated and researched potential legal claims arising from the Defendants' misconduct; b) interviewed potential class members and witnesses; c) made targeted open records requests to seek relevant documents; d) analyzed and reviewed hundreds of pages of records in response to such requests; e) obtained and reviewed pertinent pleadings and documents from the criminal case against Defendant Aber; f) investigated and analyzed the adequacy of the named plaintiffs to represent the putative class; g) developed a proposed class definition; h) investigated potential

5

experts regarding IT and data security, jail procedures, and mental health counseling; i) drafted, filed, and served the Complaint; j) drafted and filed the motion to consolidate; and k) met and conferred with other attorneys involved in the case relative to briefing schedules. *See* Exhibit 1, Declaration of M. Austin Mehr ¶15; Exhibit 2, Declaration of Jason Kosloski ¶6; Exhibit 3, Declaration of Kevin Mehr ¶6.

These efforts culminated with a Complaint setting forth thirteen causes of action and a proposed class definition. The work thus far represents a high standard of professionalism and thoroughness and is precisely the type of work the Advisory Committee Notes to Rule 23 indicate the Court should consider when deciding to appoint interim class counsel. Furthermore, while the *C.B.* Complaint is longer in page length, it contains substantially similar causes of action and a nearly identical proposed class definition. When second-filed complaints are "substantially similar" to the first-filed complaint, it is evidence of the first-filer's "substantial history of investigating the potential claims." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y 2008); *see also Carlin v. Dairy Am., Inc.*, 2009 U.S. Dist. LEXIS 50493, at *7 (E.D. Cal. May 29, 2009) (comparison of similar complaints shows that the first-filer performed substantial "work leading to the filing of these actions."). Finally, because the Hiehle attorneys were "the first to identify the claims in these actions and to investigate them," this factor supports the appointment of the Hiehle Attorneys. *See In re Bystolic Antitrust Litig.*, 2020 U.S. Dist. LEXIS 212738, at *6 (S.D.N.Y. Nov. 12, 2020).

### 2. The Hiehle Attorneys' experience with class action and complex litigation strongly supports their appointment as interim class counsel.

The Hiehle Plaintiffs have assembled a team of attorneys with the requisite skill, experience, and resources necessary to prosecute this action. The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types

of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Mehr Fairbanks regularly represents plaintiffs in putative and certified class action lawsuits in state and federal courts throughout the United States, including precedent-setting decisions at the Circuit Court level. Ex. 1, M.A. Mehr Decl. ¶¶2-3, 6-7. Mehr Fairbanks has been appointed class counsel in nine certified class actions, including cases in Kentucky, Tennessee, Ohio, and Alabama. *Id.* at ¶7. The firm regularly practices in federal courts and has appeared in federal courts across the country. *Id.* at ¶¶2-3.

One primary example of the firm's class action work is *Susan Hicks, et al. v. State Farm Fire and Casualty Co.*, case no. 14-cv-00053-HRW, filed in the Eastern District of Kentucky. Ex. 1, M.A. Mehr Decl. ¶7. This was a hotly contested case where the defendant opposed class certification, liability, and damages. The case involved two appeals to the Sixth Circuit Court of Appeals, both of which were resolved in favor of the plaintiffs. *Hicks v. State Farm Fire & Cas. Co.*, 751 F. A'ppx 703 (6th Cir. 2018); *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452 (6th Cir. 2020). The 2020 *Hicks* decision involved issues related to class certification and is often cited as authority on the subject. *See, e.g.*, *Clippinger v. State Farm Auto. Ins. Co.*, 2025 U.S. App. LEXIS 26347 (6th Cir. 2025) (to be published) (discussing *Hicks* as precedential). In appointing the firm as class counsel, the district court in *Hicks* stated the plaintiffs had "retained highly-qualified counsel, who have vigorously prosecuted the interests of the Class and will continue to do so." *Susan Hicks, et al. v. State Farm Fire and Casualty Co.*, 2019 U.S. Dist. LEXIS 27584, at *13 (E.D. Ky. Feb. 21, 2019).

In addition to the firm's class action practice, Mehr Fairbanks regularly engages in other complex litigation in both state and federal courts. Ex. 1, M.A. Mehr Decl. ¶¶8-9. These cases generally involve claims for damages by plaintiffs arising out of issues such as products liability,

7

ERISA, civil rights, insurance, and other complex torts. One example of the firm's work in other complex litigation is *Estate of Lahoma Salyer Bramble v. Greenwich Ins. Co.*, case no. 07-CI-00006, Magoffin County, Kentucky, Circuit Court. *Id*. at ¶10. This is a long-running case involving a combination of mineral rights law and insurance law. The case required multiple appeals to the Kentucky Court of Appeals and Supreme Court, as well as a jury trial. Mehr Fairbanks successfully won the jury trial on behalf of 52 plaintiffs in the amount of $15.1 million. As part of the resolution of the case, Mehr Fairbanks developed and implemented a successful settlement payment process, done in-house, to ensure payments were processed to over 200 individuals who had been involved in the case. *Id.* at ¶10.

Both Mehr Jolly and Kosloski focus their civil litigation practices on cases involving civil rights violations. Ex. 2, Kosloski Decl. ¶2; Ex. 3, K. Mehr Decl. ¶¶2, 4-5. The attorneys at these firms have defended thousands of criminal cases in Colorado and have handled dozens of jury trials, ranging from misdemeanors to first degree murder. Ex. 2, Kosloski Decl. ¶4; Ex. 3, K. Mehr Decl. ¶3. Mehr Jolly attorneys have appellate experience in Colorado Civil Rights laws and were recently successful in a case involving an issue of first impression under C.R.S. § 13-21-131. Ex. 3, K. Mehr Decl. ¶4. Kosloski has significant experience with complex factual investigations, including digital and forensic evidence. Ex. 2, Kosloski Decl. ¶4. Mehr Fairbanks regularly takes civil cases to trial involving insurance bad faith, personal injury, consumer protection, and fraud. Attorneys from Mehr Fairbanks have secured the largest verdicts on record in multiple counties (at the time of verdict). Ex. 1, M.A. Mehr Decl. ¶13. The attorneys from Mehr Fairbanks regularly handle appellate litigation in state and federal courts. *Id.* at ¶14. In summary, the Hiehle attorneys have the experience and capabilities to practice the case from start to finish.

### 3. The attorneys are knowledgeable in the applicable law.

The Hiehle Attorneys are experienced civil litigators who focus their practice on representing the interests of injured plaintiffs in cases like this one. *See, generally*, Ex. 1, M.A. Mehr Decl.; Ex. 2, Kosloski Decl.; Ex. 3, K. Mehr Decl. As their Complaint demonstrates, they have identified the relevant claims and potentially liable parties. The Hiehle Attorneys' experience in class actions and other complex litigation shows they have a track record of litigating similar cases, and they are familiar with the Federal and Local Rules applicable to this case.

### 4. The Hiehle Attorneys have the resources to fairly and adequately represent the class.

This factor strongly supports the appointment of the Hiehle Attorneys. Mehr Fairbanks is a well-established, successful law firm that has demonstrated its ability to commit the time and financial resources necessary for pursuing cases such as this. Ex. 1, M.A. Mehr Decl. ¶18. Mehr Jolly and Kosloski have a local presence within the district, and the Hiehle Attorneys will fully utilize their resources along with the knowledge of the local practice to minimize fees, costs, and travel. The Hiehle Attorneys' resources are not only financial but also include a track record of success in other class action and complex cases that will benefit the putative class. The attorneys have already committed substantial time in their efforts to date on behalf of the plaintiffs and the putative class. The Hiehle Attorneys have begun consultations with experts in the relevant fields related to this case, including data security, jail procedures, and mental health counseling, and will continue to put forth the time and resources to best move the case forward.

## C. The Hiehle Attorneys are best able to represent the interests of the class.

The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B). Assuming the Court

finds that both the Hiehle Attorneys and the attorneys for the group of *C.B.* plaintiffs[4] are qualified to be appointed interim class counsel, the Court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). "Tenth Circuit courts have looked to the relative strength of the firms in meeting the Rule 23 factors, the number of plaintiffs supporting an application, the order in which the plaintiffs filed, and the efficiency of each proposed leadership structure." *In re Dish Network Data Sec. Incident Litig.*, 2023 U.S. Dist. LEXIS 243648, at *6-7 (D. Colo. Nov. 9, 2023).

### 1. The relative strength of the Rule 23 factors supports appointment of the Hiehle Attorneys.

As discussed above, the Rule 23 factors for appointment of class counsel strongly support the appointment of the Hiehle Attorneys. While the *C.B.* attorneys are also capable of acting as interim class counsel, the Hiehle Attorneys collectively have the pertinent combination of class action, complex litigation, and local civil rights experience to be best able to represent the interests of the class. Where the attorneys seeking to be appointed interim class counsel have complex litigation experience that "exceeds that of [the other applicant]," that is a factor supporting their appointment. *See Boggs v. Chesapeake Energy Corp.*, 286 F.R.D. 621, 624 (W.D. Okla. 2012).

### 2. The Hiehle Attorneys were the first to file.

The Hiehle Attorneys were the first group to file their Complaint in this case. "[T]he order of the plaintiffs' filings may serve as an 'objective basis for choosing among highly qualified counsel and their law firms.'" *In re Dish Network Data Sec. Incident Litig.*, 2023 U.S. Dist. LEXIS 243648, at *6-7 (D. Colo. Nov. 9, 2023) (citing *Kramer v. Alterra Mt. Co.*, 2020 U.S. Dist. LEXIS 135770 (D. Colo. July 31, 2020) and *Richey v. Ells*, 2013 U.S. Dist. LEXIS 7193 (D. Colo. Jan.

---

[4] By all accounts, the Rathod Mohamedbhai, LLC, firm representing the *C.B.* plaintiffs has a collection of high-quality attorneys who handle civil rights cases for plaintiffs.

10

17, 2013)). "[F]irst-to-file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker." *Michelle v. Arctic Zero, Inc.*, 2013 U.S. Dist. LEXIS 30229, at *10 n.3 (S.D. Cal. Mar. 1, 2013); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 U.S. Dist. LEXIS 104130, at *21-22 (D. Nev. June 12, 2024) ("where the Rule 23(g)(1)(A) factors are equal, being first to file bears out a proposed team's preparation and commitment to prosecuting the case."); *White v. Med. Review Inst. of Am.*, 2022 U.S. Dist. LEXIS 132016, at *8-9 (D. Utah July 22, 2022) (appointing attorneys who were first to file). While both the *Hiehle* Complaint and *C.B.* Complaint adequately set forth the background facts and claims for relief, the Hiehle Plaintiffs were the first to file. This factor supports their appointment.

### 3. The Hiehle Attorneys represent a sufficient number of clients to support their application for interim class counsel.

Another factor sometimes considered by courts is the number of plaintiffs supporting an application for interim counsel. *In re Dish Network Data Sec. Incident Litig.*, 2023 U.S. Dist. LEXIS 243648, at *6-7 (D. Colo. Nov. 9, 2023). Here, in addition to the three named plaintiffs, the Hiehle Attorneys represent another nine victims, bringing the total number of plaintiffs represented by the Hiehle attorneys to twelve. Ex. 2, Kosloski Decl. ¶7. The *C.B.* Complaint lists eighteen pseudonymously named plaintiffs. While the attorneys for the *C.B.* group represent a mathematically larger number of plaintiffs, this factor does not weigh heavily one way or the other. *See In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 U.S. Dist. LEXIS 104130, at *17-18 (D. Nev. June 12, 2024) (having support from multiple plaintiffs can be a factor, but "appointment of interim class counsel is 'not a popularity contest.'").

11

The twelve victims represented by the Hiehle Attorneys are a sufficiently large number of victims supporting their application for interim class counsel. Appointment does not turn on which firm names the most plaintiffs. In *Bayol v. Health-Ade, LLC*, 2018 U.S. Dist. LEXIS 144674, at *5-6 (N.D. Cal. Aug. 23, 2018), the court appointed a firm with fewer plaintiffs (two compared to 22 from a competing firm) even though the competing plaintiffs were "considerably greater in number." This was because the other factors supporting the appointment of interim class counsel tilted in favor of the firm with fewer plaintiffs.

### 4. The proposed leadership structure includes six attorneys across three firms, and the team has and will continue to operate cooperatively and efficiently.

The team of Hiehle Attorneys includes six lawyers with diverse levels of experience and different legal backgrounds. The diversity of experience among the group can be considered as a positive factor in appointing interim class counsel. *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 U.S. Dist. LEXIS 104130, at *16-17 (D. Nev. June 12, 2024) ("distributing work to colleagues in a manner that ensures that those with less experience can play an active role in the litigation" may "enable their ascension to leadership positions within the field."). While Mehr Jolly and Kosloski have less complex civil litigation experience at this time, their substantial background in criminal law (hundreds of cases) and civil rights law (consistently positive results) is a good combination with the complex civil litigation experience of Mehr Fairbanks. This team has already been actively working together to distribute work tasks, conduct research, and make filings in the case in an efficient, non-duplicative manner.

### III. Conclusion

The Hiehle Plaintiffs respectfully request that the court appoint the Hiehle Attorneys (Mehr Fairbanks, Mehr Jolly, and Kosloski) as interim class counsel.

DATED this 25th day of November, 2025.

    Respectfully submitted,

    */s/ Philip G. Fairbanks*
    M. AUSTIN MEHR
    PHILIP G. FAIRBANKS
    BARTLEY K. HAGERMAN
    Mehr Fairbanks Trial Lawyers, PLLC
    201 West Short Street, Suite 800
    Lexington, Kentucky 40507
    Telephone:  859-225-3731
    Email: amehr@austinmehr.com

    KEVIN MEHR
    TYLER JOLLY
    Mehr Jolly, PLLC
    3107 W. Colorado Ave., #184
    Colorado Springs, CO 80904

    JASON KOSLOSKI
    Kosloski Law, PLLC
    1401 Lawrence Street, Ste. 1600
    Denver, CO 80202

    *Attorneys for Hiehle Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses for the recipients registered to receive service in this case:

- **Edward Aber**
  aberej33@gmail.com
- **Omeed M. Azmoudeh**
  oa@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com,jb@rmlawyers.com
- **Felipe S. Bohnet-Gomez**
  fbg@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com
- **Matthew J. Cron**
  mc@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com,sr@rmlawyers.com,qm@rmlawyers.com,jb@rmlawyers.com
- **Abbey Nicole Derechin**
  abbey.derechin@bhgrlaw.com,izabella.ruscitti@bhgrlaw.com
- **Philip G. Fairbanks**
  pgf@austinmehr.com,assistant@austinmehr.com
- **David James Goldfarb**
  djg@bhgrlaw.com,,cds@bhgrlaw.com
- **Bartley K. Hagerman**
  bkh@austinmehr.com,assistant@austinmehr.com
- **Iris Halpern**
  ih@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com
- **Tyler A. Jolly**
  tyler@jollylawcolorado.com
- **Jason Matthew Kosloski**
  jkosloski@koslowskilaw.com,jkosloski@recap.email
- **Josh Adam Marks**
  jam@bhgrlaw.com,cds@bhgrlaw.com
- **Kevin Austin Mehr**
  kevin.mehr@mehrlawcolorado.com
- **M. Austin Mehr**
  amehr@austinmehr.com
- **Qusair Mohamedbhai**
  qm@rmlawyers.com,xkr@rmlawyers.com,hm@rmlawyers.com,dn@rmlawyers.com,sr@rmlawyers.com
- **Siddhartha H. Rathod**
  sr@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com,qm@rmlawyers.com
- **Neil Singh Sandhu**
  ns@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com

- **Christopher Giles Seldin**
  chris.seldin@bhgrlaw.com,ambrey.gerlikovski@bhgrlaw.com
- **Crist Anthony Smith Whitney**
  cw@rmlawyers.com,xkr@rmlawyers.com,hm@rmlawyers.com,dn@rmlawyers.com
- **Aria Vaughan**
  av@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com,jb@rmlawyers.com
- **Katie Wiese Valiant**
  kw@rmlawyers.com,xkr@rmlawyers.com,dn@rmlawyers.com,jb@rmlawyers.com

*/s/ Philip G. Fairbanks*
PHILIP G. FAIRBANKS