# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02763-GPG-KAS

**C.B.**, et al.;

Plaintiffs,

v.

**EDWARD ABER**, et al.;

Defendants.

---

Civil Action No. 25-cv-2531-GPG-KAS

**TERRIANNE PAIGE HIEHLE,** et al.;

Plaintiffs,

v.

**EDWARD ABER**, et al.;

Defendants.

---

## OMNIBUS DECLARATIONS OF ATTORNEYS AND PROFESSIONALS FOR C.B. PLAINTIFFS

---

I. **Declaration of Siddhartha Rathod.**

1.    My name is Siddhartha Rathod.

2.    I am over the age of eighteen and reside in Colorado.

3.    I write this declaration in support of the Motion to Appoint RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T., R.W., I.W., and J.W.

4.    I make these statements based on my personal knowledge.

5.    I am one of two founding partners of RATHOD | MOHAMEDBHAI LLC ("RM"), a boutique law firm in Denver, Colorado, specializing in civil rights and employment litigation on behalf of plaintiffs. Eleven lawyers from RM (listed in Sections I–XI below) are working on the above-captioned casein addition to Dylan Nelson, our firm's senior paralegal. This declaration provides a sample of my and RM's extensive background in litigating against local and state governments, cases involving prison misconduct, cases involving sexual misconduct, class and complex actions, and recovering from insolvent defendants.

6.    I have been practicing law for eighteen years, fifteen of which have been focused on civil rights. During that time, I have conducted upwards of fifty jury trials.

7.    In 2011, I started RM with Qusair Mohamedbhai, a law firm dedicated exclusively to working on behalf of plaintiffs who experienced mistreatment at the hands of the government, their employer, or other institutions of power.

8.    Since its inception, RM has handled over 2000 cases, and we have recovered several hundred million dollars on behalf of plaintiffs, with some resolutions in the high eight figures.

9.    We recently represented the plaintiffs in *M.C. v. St. Mary's Hospital*, 2022CV03048 (Colo. Dist. Ct.), which involved claims by a class of patients against a hospital for sexual abuse committed by one of their professionals. That case called upon RM's experience handling class actions, sexual assaults, and massive amounts of electronic discovery. While I am unable to discuss the details of that confidential resolution, our discovery partner in that case has provided a letter detailing how RM handled large amounts of sensitive data to uncover more wrongdoing and push for a successful resolution. (Ex. 2, Iron Oak Letter, p. 1).

10.    Earlier this year, our firm represented the plaintiffs in *Rey v. Ramos*, 2023CV030724 (Colo. Dist. Ct.), in which a police officer shot and wounded six civilians. We convinced the jury to award $19.7 million to six plaintiffs.

11.    We represented the plaintiffs in *Estate of Christian Glass v. Clear Creek County*, which involved the police killing of a young man. RM resolved this case for over $19 million, and secured systemic change in the county's policing.

12.    We represented the plaintiffs in *Estate of Elijah McClain v. City of Aurora*, Civ. No. 20-cv-02389 (D. Colo. 2020), which involved first responders killing a young man. RM resolved this case for over $15MM. Lead by Elijah's mother, this case resulted in a host of change statewide, including the passage of the Enhance Law Enforcement Integrity Act ("ELEIA"), which forms the basis of several of the claims in this case.

13.    We represented the plaintiffs in *Prairie Middle School Students v. Cherry Creek School District*, a case on behalf of multiple students who survived sexual assault by their teacher. We achieved a $11.5 million settlement, significant changes to the school district's policy, widespread trainings for both teachers and students, and the provision of mental health resources to students and parents.

14.     Although I cannot discuss the details of many of our cases, I can say that we have secured the largest settlement for a sexual assault claim in a school setting, and the largest settlement for a sexual assault claim period in Colorado history.

15.     Throughout my career, I have been trusted to handle highly sensitive information, preserving the confidentiality interests of all parties. I was a Captain in the United States Marine Corps, wherein I held a Top Secret security clearance and handled nationally sensitive information daily. I was also appointed to represent detainees in Guantanamo Bay, pursuant to which I received a Secret security clearance and litigated my clients' claims forcefully while protecting sensitive information.

16.     RM has garnered the respect of our state's governmental leaders, including the Colorado Commission on Judicial Discipline, which hired Qusair Mohamedbhai (Section II), Matt Cron (Section V), and Omeed Azmoudeh (Section VII) as special counsel to investigate allegations that judges fostered a culture of sexual harassment and were protected from accountability. That investigation resulted in an unprecedent censure against former Chief Justice Nathan Coats.

17.     Finally, our firm has experience in navigating post-judgment proceedings against insolvent defendants; we often navigate bankruptcy proceedings to ensure our clients' interests are protected.

18.     I have received awards for my work on civil rights, including: University of Colorado – Kalpana Chawla Award (2017); Colorado LGBT Bar Association – Ally of the Year (2016); Colorado Trial Lawyers Association – Case of the Year (2013, 2014, & 2016); American Association for Justice – Leonard Weinglass In Defense of Civil Liberties Award (2015); Super Lawyer – Plaintiff's Employment Law (2015–22); American Association for Justice – NLD Star

(2014); Colorado Super Lawyers – Rising Star (2011–14); Asian Pacific American Bar

Association of Colorado – Governor Ralph L. Carr Award (2011); Colorado Bar Association –

Gary L. McPherson Outstanding Young Lawyer Award (2009); University of Colorado School

of Law – Edward C. King Award (2007); and Navy and Marine Corps – Achievement Medal

(2003).

19.     I have published on tropics related to this case, including: *Nonverbal
Communication in Mediation,* TRIAL TALK (October-December 2021); *Municipal Liability:
Strategies, Critiques, and a Pathway Toward Effective Enforcement of Civil Rights*, 91 DENVER
LAW REVIEW 3 (2014); and *Religious Minorities Need Not Apply: Legal Implications of Faith-
Based Employment Advertising*, 43 THE COLORADO LAWYER 27 (April 2014).

20.     My firm is prepared to allocate over $5 million in liquid or semi-liquid assets to
make available to spend on this case's experts and other costs, with the ability to replenish that
fund if needed.

21.     The RM Group has signed up thirty-five survivors in this case as clients, which
includes the eighteen plaintiffs named in the Complaint [Dkt. 1], and we are in the process of
signing up several more.

22.     I am not aware of any interests in conflict between RM, JOHN BAXTER,
ATTORNEY AT LAW (collectively the "RM Group"), or the survivors of this misconduct. To
alleviate all doubt, the attorneys in the RM Group confirmed that each potential client was not
aware of any potential conflicts, made them aware of potential conflicts that might arise in multi-
plaintiff actions, and executed a standard conflict waiver with each potential client before
agreeing to represent them.

23.     Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section I are true and correct.

/s/ Siddhartha Rathod
Siddhartha Rathod
Rathod | Mohamedbhai LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

**II.    Declaration of Qusair Mohamedbhai.**

24.    My name is Qusair Mohamedbhai.

25.    I am over the age of eighteen and reside in Colorado.

26.    I write this Declaration in support of the Motion to Appoint Rathod |

Mohamedbhai LLC and John Baxter, Attorney at Law as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,

R.W., I.W., and J.W.

27.    I make these statements based on my personal knowledge.

28.    I have been practicing law for over twenty years, most of which have been spent

in the field of civil rights litigation.

29.    In 2011, I started RM with my partner Mr. Rathod.

30.    In addition to the cases described by my business partner Mr. Rathod, I

represented the plaintiffs in *Said Ali v. Cargill Meat Solutions & Teamsters Local No. 455*, a

discrimination class action brought by immigrants who alleged religious discrimination. 1-540-

25-3 (FMCS 2013). We leveraged a partnership with federal administrative agencies to secure a

settlement of $1.5 million on behalf of the plaintiffs.

31.    I also represented the plaintiffs in *Shroff v. Spellman*, Civ. No. 07-cv-01466-REB-

KMT (D. Colo.), in which the plaintiff alleged that they were unlawfully forced to strip naked in

a Colorado jail. We successfully defeated dispositive motions in that case, which paved the way

for a favorable resolution for our client. *See* 2009 WL 222430 (D. Colo. Jan. 27, 2009).

32.    My awards, honors, and special appointments can be found on my firm bio.[1] A

sample of those awards include: Super Lawyers – Top 100 Attorneys in Colorado (2016–24);

5280 Magazine "Top Lawyers" Civil Rights (2015-2024); South Asian Bar Association

Foundation of North America – Hero of the Year (2024); Youth Celebrate Diversity – Human

Rights Award (2024); Colorado Association of Black Journalists – Champion of Year (2024);

Mayor Mike Johnson Administration – Denver City Attorney Search Committee Co-Chair

(2023); Colorado Commission on Judicial Discipline – Special Counsel (2023); Anti-Defamation

League Mountain States – Civil Rights Champion (2020); Sam Cary Bar Association – Warrior

for Justice (2018); Law Week Colorado – Lawyer of the Year (2017); Colorado LGBT Bar

Association – Ally of the Year (2017); One Colorado – Ally of the Year (2017); Newsed – Civil

Rights Honoree (2017); Best Lawyers® – Employment Law Individuals, Civil Rights (2016–24);

New Leaders Council – Hero of the Year (2017); Colorado Trial Lawyers Association (CTLA)

Case of the Year (2013, 2014, & 2016); Richard Marden Davis Award (2015); and American

Association for Justice – Leonard Weinglass In Defense of Civil Liberties Award (2015).

33.    My professional and board services can also be found on my firm bio. A sample

of those positions include: Colorado Bar Association, President-Elect (2025-current); Legal Aid

Foundation Board Member (2023-current); Government of Mexico, Consulado General de

México en Denver Abogado Consultor (2015-current); Civil Rights Education & Enforcement

Center, Litigation Committee (2013-current); CBA-CLE Board Member (2015-2020) &

---

[1] *Qusair Mohamedbhai*, RATHOD MOHAMEDBHAI, https://rmlawyers.com/attorneys/qusair-mohamedbhai/ (last visited November 21, 2025).

President of the Board (2018-2020); National Institute for Trial Advocacy (NITA) Faculty

(2012-2019); Colorado Trial Lawyers Association, Executive Committee (2019); American

Association of Justice (2018); and Colorado Muslim Society, Pro Bono General Counsel, (2011-

2017).

34.     My academic lecturing and publications can also be found on my firm bio. A

sample of those lectures and publications include: *Combating Discrimination and Bias in the

Courtroom*, FAMILY LAW INSTITUTE (2023); *Guarding the Gates: Experts and Colorado's Rule

of Evidence*, OFFICE OF RESPONDENT PARENTS' COUNSEL ANNUAL CONFERENCE (2023); *How a

Complaint Gets to Trial: Litigation Nuts and Bolts*, CBA-YLD CLE (2019, 2023); *Theme &

Theory*, COLORADO TRIAL LAWYERS ASSOCIATION (2022); *Overview of Civil Rights,

Employment Discrimination, Immigration, and Banking*, NATIONAL IRANIAN AMERICAN

COUNCIL (2022); *George Floyd & BLM… One Year Later*, CENTER FOR LEGAL INCLUSIVENESS

(2021); *Effective Approaches for Dealing with Discovery Disputes*, DISCOVERY PRACTICUM 101

(2021); *Police Brutality and Victimization*, ROCKY MOUNTAIN VICTIM LAW CENTER (2020);

*Legal Rights and Options for Survivors of Police Brutality*, ROCKY MOUNTAIN VICTIM LAW

CENTER (2020); *Toward Equity: Motivating Inclusiveness in Legal Workplaces*, COLORADO

WOMEN'S BAR ASSOCIATION (2018). *Tyranny of the Majority. Civil Rights for Me  – Not for

Thee*, SABA-NA (2025); *Municipal Liability: Strategies, Critiques, and a Pathway Toward

Effective Enforcement of Civil Rights*, 91 DENVER LAW REVIEW 3 (2014).

35.     Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section II are true and correct.

*/s/ Qusair Mohamedbhai*
Qusair Mohamedbhai
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

## III.     Declaration of Iris Halpern.

36.     My name is Iris Halpern.

37.     I am over the age of eighteen, and a resident of Colorado.

38.     I write this Declaration in support of the Motion to Appoint RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T., R.W., I.W., and J.W.

39.     I make these statements based on my personal knowledge.

40.     I am a partner at RM.

41.     I graduated with a J.D. from the University of California, Berkeley School of Law in 2008. I received a Bachelor of Arts in English and Women's Studies from Tufts University in Massachusetts in 2002. I am admitted to practice law in the states of Colorado, New York, and Massachusetts, and in the U.S. District Court for the District of Colorado, United States Court of Appeals for the Tenth Circuit, and the Colorado Supreme Court.

42.     In 2009, after passing the bar in New York, I worked at Legal Services of Central New York in Syracuse, New York, where I focused on representing victims of disability discrimination.

43.     In 2009 through 2010, I was a United States Fulbright Scholar to Toronto, Canada, where I partnered with the University of Guelph to research comparative legal regimes

between the United States and Canda for domestic workers to identify best legal practices.

44.    **Multi-plaintiff actions.** In 2010, I moved to Colorado. Once here, I worked as a trial attorney for over seven years, ultimately serving as the Senior Trial Attorney and an Acting Supervisory Attorney in the Denver Field Office of the United States Equal Employment Opportunity Commission ("EEOC"). At the EEOC, my work focused on seeking relief for victims, frequently in systemic and large class cases, under federal antidiscrimination statutes including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. I was the lead trial attorney for the EEOC on several lengthy trials, including a three-week jury trial in the case *EEOC v. JetStream Ground Services*, Civ. No. 1:13-cv-02340 (D. Colo. 2015), a failure-to-hire religious discrimination and accommodation case, and a one-month bench trial in *EEOC v. JBS USA, LLC*, Civ. No. 1:10-cv-02103 (D. Colo. 2021), a case in which we represented  hundreds of Somali, Muslim refugees who were harassed because of their race, religion, and national origin, denied religious accommodation, and suspended or terminated from work because of their accommodation requests. The *JBS* case resulted in a $5.5 million settlement in 2021.

45.    I also worked on or served as the lead trial attorney on many large class sexual harassment cases at the EEOC, including several involving a dozen or more victims. I was awarded the Colorado Trial Lawyers Association Case of the Year Award in 2016 for the sexual harassment and national origin class discrimination case *EEOC and Baltazar v. Vail Run Community Resort Association,* Civ. No. 1:15-cv-01592 (D. Colo. 2016), which involved eight victims of sexual assault, extortion, and retaliation, and which settled for over $1 million and a court-enforced consent decree. Other notable sexual harassment cases in which I served lead counsel include: *EEOC v. The Original HoneyBaked Ham Company of Georgia, Inc.*, Civ. No.

1:14-02560 (D. Colo. 2013), which involved over a dozen victims of sexual harassment and which settled for $370,000 and a consent decree; *EEOC v. the Spud Seller, Inc.*, Civ. No. 10-cv-02381 (D. Colo. 2013), a sexual harassment and retaliation lawsuit with over half a dozen victims which settled for $255,000 and a consent decree; and *EEOC v. Smokin' Spuds, Inc. d/b/a MountainKing Potatoes*, Civ. No. 1:14-02206 (D. Colo. 2015), a case with thirteen victims of sexual harassment which settled for $450,000 and consent decree, including a bilingual outside monitor.

46.    At the EEOC, I also participated in some of the Commission's first groundbreaking lawsuits requesting that courts recognize transgender status as falling within the meaning of "sex" under Title VII, including serving as lead attorney on the case *EEOC v. Deluxe Financial*, *Corp.*, Civ. No. 15-cv-02646 (D. Minn. 2016), a case which resulted in a consent decree recognizing the right of transgender employees to use a restroom commensurate with their gender identity. I also filed the EEOC's first federal lawsuit on behalf of a transgender applicant in Colorado in the case *EEOC v. A&E Tire, Co*., Civ. No. 1:17-cv-02362 (D. Colo. 2017).

47.    **Large-scale discovery.** In addition to trial work, I was lead attorney for the EEOC in several nationwide investigations which required extensive discovery of electronically stored information. In *EEOC v. Dish Network, LLC*, Civ. No. 1:13-cv-03294 (D. Colo. 2013), for example, I lead a nationwide investigation and subpoena enforcement action under the Americans with Disabilities Act into DISH Network's online application process, impacting hundreds of thousands of online applicants. The case resulted in $1.25 million settlement distributed to hundreds of victims.

48.    **Government misconduct and sexual assault.** At RM, I have continued to

represent victims of discrimination, harassment, and assault, frequently in class settings. I was the lead or co-lead trial attorney on multiple trials, including just this year *Coates v. County Commissioners of Adams County*, No. 20-cv-01936 (D. Colo. 2025), a First Amendment retaliation case that resulted in an over $5 million verdict, and which just resolved on appeal for $6.5 million. I was also the lead trial attorney on *Waste Farmers v. Rosenthal*, Trial Verdict, Civ. No. 2021-cv-33748 (Denver Dist. Ct. 2024), a harassment and retaliation case with eight victims that resulted in an over $1.4 million verdict after a bench trial. Other multi-plaintiff cases I have served as lead trial attorney on include *Chavez v. Board of County Commissioners of Lake County*, Civ. No. 18-cv-03249 (D. Colo. 2020) involving the sexual harassment of three dispatch officers by a sheriff and undersheriff which resulted in a $875,000 settlement and *Ehrlich v. Rocky Mountain Crisis Partners*, No. 24-cv-02147 (D. Colo. 2024), which involved half a dozen victim counselors who were sexually harassed by 988 callers, including exposure to sexual fantasies and masturbation. I am also currently representing before the EEOC over twenty sexual harassment victims from across the country who were sexually harassed and assaulted while working and volunteering at a nationwide Christian organization.

49.     Other notable cases I have worked on at RM include *Estate of Elijah Javon McClain v. City of Aurora, Colorado*, Civ. No. 20-cv-02389 (D. Colo. 2020), a police excessive force case which resulted in a $15 million settlement.

50.     **Publications.** I have published extensively about the subject of electronically stored information in discovery in plaintiff cases including a treatise chapter and supplement for the American Bar Association & Bloomberg BNA. My published works include: *E-Discovery in the Workplace: Employee Perspective*, WORKPLACE DATA: LAW AND LITIGATION (Robert Sprague ed., 2014); *E-Discovery in the Workplace: Employee Perspective*,

WORKPLACE DATA: LAW AND LITIGATION (Robert Sprague ed., 2013); and *Taming the Digital Demon, A Practical Guide for Managing Aggressive ESI Discovery Requests from Defendants*, NATIONAL EMPLOYMENT LAWYERS ASSOCIATION (January 2013).

51.     I have also published widely on topics of civil rights including sexual harassment including: *In Plain Sight: A History of Discrimination in Labor and Employment Law*s, TRIAL TALK, COLORADO TRIAL LAWYERS ASSOCIATION (January – March 2022); *Infrastructure and Inequality: Gender, Race, and the Country's Future Economic Growth,* THE 1891 BLOG, COLORADO WOMEN'S BAR ASSOCIATION (August 4, 2021); *"I Can't Breathe": What the Coronavirus Pandemic and George Floyd Protests Have Taught Us About Race*, THE 1891 BLOG, COLORADO WOMEN'S BAR ASSOCIATION (January 23, 2021); *Fallout From the Coronavirus: A World Awakens to a New Deadly Threat in the Workplace,* THE 1891 BLOG, COLORADO WOMEN'S BAR ASSOCIATION (August 14, 2020); *Workers' Rights Q&A: Dealing with Discrimination in the Workplace*, THE DENVER POST (May 17, 2020); *Q&A: What Are My Rights During COVID,* THE DENVER POST (May 3, 2020); *Using the Rules of Evidence in Discovery to Protect Plaintiffs in Sexual Harassment Cases*, COLORADO TRIAL LAWYERS ASSOCIATION'S TRIAL TALK (June/July 2019); *Rape, Incest, and Harper Lee's To Kill A Mockingbird: On Alabama's Legal Construction of Gender and Sexuality in the Context of Racial Subordination*, 18 COLUMBIA JOURNAL OF GENDER AND LAW 3 (2009); *Tracing the Contours of Transnational Corporations' Human Rights Obligations in the Twenty-First Century*, 14 BUFFALO HUMAN RIGHTS LAW REVIEW 1 (2008).

52.     **Presentations.** I am frequently asked to teach and lecture, including about sexual harassment litigation and other topics, a selection of my presentations on sexual harassment include: *Investigation and Discovery in Sexual Assault and Harassment Cases, in Civil Justice*

13

*for Victims of Sexual Harassment & Assault in the #MeToo Era*, COLORADO TRIAL LAWYERS ASSOCIATION (September 13, 2019); *Broader Perspectives on #MeToo – Thoughts on Hostile Work Environments from Inside and Outside the EEOC*, EMPLOYMENT LAW CONFERENCE, COLORADO BAR ASSOCIATION (September 2018); and *Sexual History Questions Under FRE 412*, PELA BROWN BAG CLE (February 2017).

53.    Other recent presentations on various litigation and civil rights topics from just the past two years include, but are not limited to, *Updates in Federal and Colorado Employment Law*, COLORADO BAR ASSOCIATION LABOR & EMPLOYMENT SECTION, 2024 ANNUAL LAW CONFERENCE (September 25, 2024); *Updates in Employment Law and Possible Intersection with Personal Injury Claims*, COLORADO TRIAL LAWYERS ASSOCIATION, 2024 ANNUAL CONVENTION (August 10, 2024); *Know Your Legal Rights: Librarians and Book Bans*, LIBRARY ADVOCACY AND FUNDING CONFERENCE, 2024 ANNUAL CONFERENCE (July 24–26, 2024); *Available Claims at the Hiring Stage*, NATIONAL EMPLOYMENT LAWYERS ASSOCIATION, 2024 NATIONAL ANNUAL CONFERENCE (June 29, 2024); *How to Succeed… Perspective from the Bench and Practitioners on Both Sides of the Aisle*, FACULTY OF FEDERAL ADVOCATES (November 14, 2023); *CALCON Boucher Keynote on Intellectual Freedom, Keynote Speaker Address*, COLORADO LIBRARY ASSOCIATION – INFORMATION FREEDOM COMMITTEE (October 14, 2023); *Understanding the POWR Act*, DU STURM COLLEGE OF LAW (October 6, 2023); *The 2023 Colorado Legislative Update: POWR Act and More*, PLAINTIFF EMPLOYMENT LAWYERS ASSOCIATION, 2023 ANNUAL CONFERENCE (September 14, 2023); *Current Developments in Employment Law*, AMERICAN LAW INSTITUTE CONTINUING LEGAL EDUCATIONS (ALI CLE), 2023 NATIONAL ANNUAL CONFERENCE (July 20-22, 2023); *Federal and State Updates in Employment Law*, COLORADO BAR ASSOCIATION/LABOR AND EMPLOYMENT SECTION, 2023 ANNUAL EMPLOYMENT LAW

CONFERENCE (April 27, 2023); and *Representing Marginalized Workers*, LAWYERING FOR

ECONOMIC JUSTICE SUMMIT (January 27, 2023).

54.    In 2020, I was an Adjunct Professor of Law at the University of Colorado Law

School teaching Employment Law. In 2022, I was again an Adjunct Professor of Law teaching

Advocacy for Workers: Plaintiffs' Employment Law.

55.    **Awards.** I have received the following awards and recognitions for my legal

work: Law Week Colorado – 2025 Colorado Lawyer of the Year; Colorado LGBTQ Bar

Association – Attorney of the Year (2024); Colorado Plaintiff Employment Lawyers Association

– Case of the Year *Parks v. High Plains Library District et al.* (2024); Super Lawyers "Super

Lawyer" – Employment Litigation (2024-26); 5280 Magazine – "Top Lawyers"

Labor/Employment: Plaintiff (2021-25); Equal Employment Opportunity Commission – Chair's

Honor Award (2016); Colorado Trial Lawyers Association – Case of the Year, *EEOC and*

*Baltazar et al. v. Vail Run Community Resort Association* (2016); and Award of Service to the

Government of the United States of America (2015).

56.    **Legislative and policy work.** Because of my expertise in excessive force, sexual

harassment and assault, and other forms of discrimination, I have been consulted, helped draft,

and asked to testify in front of the legislature on many bills relating to these subjects, including,

Protecting Opportunities and Workers' Rights Act (POWR Act) (SB23-172); the Updates to

Employment Discrimination Laws Act (HB22-1367); Preventing Harassment and Discrimination

in Schools Act (SB23-296); Protecting Victims in Civil Sex Misconduct Suits (HB25-1138); and

Regulating Law Enforcement Use of Prone Restraint Act (HB24-1372).

57.    **Appointments.** I was appointed to the Denver Women's Commission by Mayor

Hancock, on which I served from 2021–24, an executive agency that advocates for the

improvement of the status of women in the city, including reduction in sexual assault and

harassment. I also currently serve as the Co-Chair of the Colorado Women's Bar Association's

Policy Committee, where I am active in advocating for legislation that improves the lives or

women, including the reduction of sexual assault and harassment, before the state legislature. I

have also served on other diverse boards, including as a board member for seven years on One

Colorado, an LGBTQ+ advocacy organization, and am currently on the board of Jobs with

Justice, which seeks for economic worker empowerment.

58.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section III are true and correct.

*/s/ Iris Halpern*
Iris Halpern
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

## IV.    Declaration of Aria S. Vaughan.

59.    My name is Aria S. Vaughan.

60.    I am over the age of eighteen and reside in Colorado.

61.    I write this Declaration in support of the Motion to Appoint RATHOD |

MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,

R.W., I.W., and J.W.

62.    I make these statements based on my personal knowledge.

63.    I graduated from Denver East High School and Metropolitan State University of

Denver (cum laude and with honors) with a Bachelor's Degree in History. I attended Fordham

Law School, where I spent a year in the Federal Litigation Clinic representing a prisoner suing

Sing Sing Correctional Facility for religious discrimination, excessive force, and retaliation, and

then graduated cum laude in 2011.

64.    **Multi-plaintiff actions.** For the previous decade, I was a Trial Attorney, then

Senior Trial Attorney in the U.S. Department of Justice's Civil Rights Division's Educational

Opportunities Section. There, I investigated, resolved, and monitored for compliance dozens of

cases, all involving claims on behalf of classes of students and many involving sexual

misconduct including sexual assault. I am not permitted to discuss nonpublic information about

my work at the Department of Justice, so I provide the following as a sample of publicly

available information from cases I worked on.

65.    I was lead attorney in *University of Maryland Baltimore County* (Nov. 2020–Feb.

2025). As lead attorney, I investigated and resolved complaints that UMBC failed to respond to

sex discrimination, including sexual assault, sexual harassment, stalking, and interpersonal

partner violence. Our investigation focused on allegations that the head coach of UMBC's

Swimming and Diving Team groomed, then sexually abused male team members and

encouraged sex-based violence against female team members. The investigation included

extensive outreach to potential victims, review of nearly 200,000 pages of documentary

evidence, and interviews of seventy former and current students and the university's staff, all of

which I personally worked on. I was the lead author of the letter of findings and led settlement

negotiations, which resulted in $4.14 million in financial relief for victims and comprehensive

systemic relief. I was responsible for notifying students eligible for monetary awards and

ensuring they received payment.

66.    I was lead attorney in *Davis School District* (June 2019-Feb. 2025). I investigated

and resolved complaints that Davis failed to respond appropriately to known racial harassment of African- and Asian-American students, disciplined African-American students more harshly than their white peers, and denied African-American students access to student groups. I drafted the letter notifying Davis of the United States' determination that it violated the equal-protection rights of African- and Asian-American students and led negotiations of an out-of-court settlement agreement to address those findings. I personally drafted many pre-discovery requests for information, interviewed witnesses, reviewed documentary evidence, and conducted comprehensive compliance monitoring that ushered systemic changes on behalf of students.

67.     I was lead attorney in *Federal Way Public Schools* (Feb. 2016–Feb. 2025). As lead attorney, I investigated Federal Way's response to complaints of student-on-student harassment based on religion and national origin, particularly of Muslim students. I co-drafted a letter informing Federal Way that it did not comply with students' equal protection rights and a settlement agreement to address those legal violations.

68.     I was the lead attorney in *University of Montana, Missoula* (July 2015–2018). On this case, I monitored the university's compliance with a resolution agreement to address its failure to address sexual assault and harassment of students. I reviewed documentary evidence; interviewed survivors, those accused of sexual assault, and the university's staff; and drafted compliance monitoring letters notifying the university of areas for improvement.

69.     In was an attorney in *Congress of Hispanic Educators & the United States v. Sch. Dist. No. 1, Denver, CO*, 1:95-cv-02313 (D. Colo.) (2020–25). I represented the United States in monitoring the Denver Public Schools' compliance with various court orders meant to ensure students who are English language learners may fully access education on par with their English-speaking peers. I oversaw the parties' search for and recommendation to appoint the court's

18

monitor and conducted compliance visits to schools.

70.    I was lead attorney in *Westminster Public Schools* (2015–22). I led a compliance review of Westminster's provision of services to English language learners and negotiated an out-of-court settlement agreement to address those deficiencies. I handled every aspect of the investigation, including meeting with aggrieved students and their families, interviewing district personnel, analyzing data, informing Westminster that its program was legally deficient, and monitoring its compliance with the settlement.

71.    I was an attorney in *United States v. North Carolina*, 1:16-cv-425 (M.D.N.C.) (2015–16). I was on the team of Department of Justice attorneys who challenged North Carolina's law barring transgender people from using bathrooms consistent with their gender identity. I drafted and served discovery and drafted briefing on requests for protective orders and a preliminary injunction, and against dismissal of the complaint.

72.    As an attorney for the Department of Justice, I also handled longstanding desegregation cases focused on ensuring students may attend school free from racial discrimination, including *Barnhardt v. Meridian Mun. Sep. Sch. Dist.*, 4:65-cv-1300 (S.D. Mississippi) (represented the United States in various hearings before the court, including discovery disputes, unitary status hearing, and other evidentiary and procedural hearings; reviewed documentary evidence and interviewed plaintiff class members, other students, and school staff; drafted several compliance monitoring letters and other position statements; conducted community meetings). My other cases include: *Lee & the United States v. Macon Cty. Bd. of Ed.* (Piedmont City) (N.D. Alabama) (conducted a comprehensive review of the district's compliance with desegregation order); *United States v. Brookhaven Mun. Sep. Sch. Dist.* (S.D. Miss.) (same); *United States & Ridley v. State of Georgia* (Wayne County) (S.D. Geor.) (same);

*United States v. Bd. of Education of Waterbury Pub. Sch.*, (D. Ct.).

73.     Since joining RM, I have served as counsel in two putative class actions, So*lomon*

*v. Kroenke Sports & Entertainment, LLC*, No. 2025CV32883 (Denver District Court) and *Flores,*

*et al. and J & T Harvesting, et al.*, No. 1:24-cv-02853 (D. Colo.).

74.     **Work with sexual assault survivors.** During my time at the Department of

Justice, I received specialized training on prosecuting sexual misconduct claims and trauma-

informed interviewing. I also trained assistant U.S. Attorneys nationwide on best practices for

investigating and addressing sexual assault complaints against K-12 schools and universities.

75.     **Sexual assault claims.** In October 2025, I joined RM as a civil rights attorney.

Among others, I represent parents of children who were sexually abused by teachers and other

persons in positions of trust, as well as women who were sexually abused by a corrections officer

while incarcerated.

76.     **Clerkship.** Prior to working at the Department of Justice, I clerked for the

Honorable Christine M. Arguello of the District of Colorado (2013–15) and the Honorable

Nancy J. Lichtenstein of the Colorado Court of Appeals (2011–12). I was also a fellow at the

NAACP Legal Defense and Education Fund (2012–13).

77.     **Work in this case.** In this case, I have researched procedural rules regarding this

filing.

78.     Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section IV are true and correct.

/s/ Aria S. Vaughan
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

## V.    Declaration of Matthew Cron.

79.    My name is Matthew Cron.

80.    I am over the age of eighteen and live in Colorado.

81.    I write this Declaration in support of the Motion to Appoint RATHOD |
MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by
Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,
R.W., I.W., and J.W.

82.    I make these statements based on my personal knowledge.

83.    I am the managing partner of RM, where I have practiced civil rights law for
almost thirteen years. Prior to that, I was a two-year law clerk for the Honorable Christine M.
Arguello on the United States District Court for the District of Colorado. I graduated from
Columbia University Law School where I was twice recognized as a Harlan Fiske Stone Scholar
for my academic performance.

84.    As the longest-tenured, non-founder attorney at RM, I have been involved in
nearly all of the firm's most notable and complex civil rights litigations, including those
involving multi-plaintiff actions, sexual assault, and prisoner rights. I present a small sample of
my experience below.

85.    **Multi-plaintiff actions**: I co-led litigation in *Alvarado v. Pella Windows*,
22CV30303 (Den. Dist. Ct. 2022), in which we secured conditional class certification in a wage
and hour case. I co-led litigation in *Flores v. Victory Preparatory Academy*, 411 F. Supp. 3d
1149 (D. Colo. 2018), representing five students and two parents at preliminary injunction
hearing against school for various First Amendment violations, drafted motion for class

certification, and defeated omnibus motion to dismiss.

86.    **Sexual assault claims:** I recently argued an appeal in the Tenth Circuit on behalf of a client who was sexually abused by her junior high teacher, securing unanimous reversal of a district court's summary judgment order and clearly establishing the standard for Title IX sexual assault claims in this circuit. *See Forth v. Laramie School District*, 85 F.4th 1044 (10th Cir. 2023). That work builds upon my career representing survivors of sexual assault, including: *American Family Ins. v. Green-Tillman*, 2015CA0949 (Colo. App. 2016) (conducted witness examinations at evidentiary hearing and trial in sexual assault case, assisted in successfully defending the case on appeal).

87.    **Prisoner rights claims.** I led litigation in *Estate of Tanya Martinez v. Correct Care Solutions*, 15-cv-01140 (D. Colo. 2015), which involved claims for deliberate indifference to medical needs in Pueblo County Detention Facility that resolved on eve of trial.

88.    **Large-scale discovery.** As the managing partner of RM, I am particularly adept at supervising other attorneys and mapping out strategic plans in complex, document-heavy cases. For example, I am currently leading a team of RM lawyers in the case of *Chivers-King v. Wyoming Department of Family Services*, Case No. 24-CV-00039-SWS (D. Wyo. 2024). The case involves various challenges to a Wyoming juvenile correctional facility, including their use of restraints and solitary confinement practices. With six plaintiffs, sixteen defendants, hundreds of thousands of pages of discovery, and hundreds of hours of video, the case poses logistical challenges comparable to the instant case.

89.    **Presentations and publications.** I have lectured and written about a variety of civil rights topics. My published work includes *Municipal Liability: Strategies, Critiques, and a Pathway Toward Effective Enforcement of Civil Rights*, 91 UNIVERSITY OF DENVER LAW REVIEW

3 (2014) and *Section 1983, Senate Bill 217, and the Future of Civil Rights Practice in Colorado*,

CTLA TRIAL TALK (Nov. 2020). And my recent speaking engagements include a presentation at

the national conference for the Association of Professionals Solving the Abuse of Children, titled

*Locked Away: Solitary Confinement and Disability Discrimination in Juvenile Justice* (2025).

90.　　I have also filed notices of claims in bankruptcy cases to ensure the judgments of

RM's clients are properly protected when the defendant files for bankruptcy.

91.　　Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section V are true and correct.

> */s/ Matthew Cron*
> Matthew Cron
> RATHOD | MOHAMEDBHAI LLC
> 2701 Lawrence St., Suite #100
> Denver, Colorado 80238
> (303) 578-4400

## VI.　　Declaration of Felipe Bohnet-Gomez.

92.　　My name is Felipe Bohnet-Gomez.

93.　　I am over the age of eighteen and live in Colorado.

94.　　I write this Declaration in support of the Motion to Appoint RATHOD |

MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,

R.W., I.W., and J.W.

95.　　I make these statements based on my personal knowledge.

96.　　I am a graduate of Harvard Law School.

97.　　From 2012 to 2018, I was in private practice in Washington, D.C., where I

focused on representing plaintiffs in whistleblower cases, including qui tam as well as tax- and

securities-related cases, cases under the Whistleblower Protection Act, and other employment-related matters.

98.     Since 2018, I have worked for RM and am currently a partner at the firm. My practice focuses on civil rights, employment law, sexual harassment, sexual assault, and wrongful death litigation. A sample of my experience is presented below.

99.     **Government and prison misconduct.** I was lead counsel in *Coates v. Board of County Commissioners for the County of Adams*, No. 20-cv-1936-STV (D. Colo. 2020), a multi-plaintiff First Amendment retaliation case, where we obtained a $5 million verdict for our four clients following a six-day jury trial in January 2025. The case involved extensive ESI discovery, including an ESI protocol. The case also involved substantial appellate proceedings. I drafted the plaintiffs' response to the motion to dismiss and appellate briefs addressing, among other things, the defendants' assertion of qualified and Eleventh Amendment immunity, resulting in the successful dismissal of the defendants' appeal on jurisdictional grounds. See *Coates v. Reigenborn*, 2023 WL 6810961 (10th Cir. Oct. 16, 2023).

100.    I am also familiar with the issues involved with Section 1983 claims based on sexual misconduct by law enforcement officers from my work on *Wardlaw v. Western Colo. Regional Dispatch Center*, No. 23-cv-834-DDD-NRN (D. Colo. 2023), a case involving a police officer's groping of a police dispatcher employed by a separate governmental entity. I prepared extensive briefing regarding the plaintiff's unlawful seizure, substantive due process, and equal protection constitutional claims, as well as the defendants' arguments that the case did not involve state action. Following briefing, we were able to favorably resolve the case though settlement.

101.    I am the supervising attorney in *Estate of Michael Burch v. The Board of County*

*Commissioners for the County of Huerfano*, No. 25-cv-00975-GPG-MDB (D. Colo. 2025), a civil rights case involving a variety of constitutional claims stemming from the injury and death of an incarcerated individual. I have supervised all aspects of the litigation to date, from the investigation of the case, to responding to motions to dismiss, and extensive discovery.

102.    Similarly, in *Angelo v. Wellpath*, No. 23-cv-1607-CNS-STV (D. Colo. 2023), a case involving constitutional claims arising from the death of an incarcerated individual, I have supervised all aspects of the litigation, including preparation of the complaint, responding to motions to dismiss, and extensive discovery. The case has also involved additional disputes and proceedings related to the bankruptcy of Wellpath during the pendency of the case.

103.    Aside from the cases specifically discussed above, I have worked on numerous other civil rights cases, which have successfully resulted in the recovery of millions of dollars on behalf of our clients, including the two largest civil rights settlements in Colorado, the *Glass* and *McClain* cases. I have also worked on several sexual assault and abuse cases which have been successfully resolved on a pre-litigation basis, but which are subject to confidentiality provisions.

104.    **Community service.** Outside of my work at RM, I am active with the local legal community. I am currently president of the Colorado Hispanic Bar Association, where I have been a longtime board member. I also served as co-chair of the Colorado Bar Association's Labor & Employment Section from 2023 to 2025. I have also given CLEs on Section 1983 and civil rights litigation, and was a co-author of *Section 1983, Senate Bill 217, and the Future of Civil Rights Practice in Colorado*, which was published in TRIAL TALK.

105.    In this case, I have supervised the litigation to date, including the investigation and drafting of the complaint and pleadings, as well as ensuring that our clients' claims are exhausted under the CGIA and PLRA.

106.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements in the foregoing Section VI are true and correct.

/s/ Felipe Bohnet-Gomez
Felipe Bohnet-Gomez
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

## VII.    Declaration of Omeed Azmoudeh.

107.    My name is Omeed Azmoudeh.

108.    I am over the age of eighteen and am a resident of Colorado.

109.    I write this Declaration in support of the Motion to Appoint RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T., R.W., I.W., and J.W.

110.    I make these statements based on my personal knowledge.

111.    I earned my J.D., Order of the Coif, from the University of Colorado Law School.

112.    I began my legal career at Davis Graham & Stubbs, litigating a broad range of complex civil and white-collar criminal matters.

113.    I am currently an attorney at RM, representing individuals in pursuing civil rights, employment, and wage claims against a wide variety of private and public institutions. During my time at RM, I have successfully settled and tried cases totaling more than $80 million in value. As part of this practice, I have extensive experience pursuing claims under the ELEIA and 42 U.S.C. § 1983, as well as in multi-plaintiff and class action proceedings. A sample of my experience at RM is below.

114.    **Multi-plaintiff and class actions.** In *Alvarado v. Pella Windows*, 2022CV30303 (Colo. Dist. Ct.) (certified wage-theft class action), I drafted, and in some instances co-drafted, a broad range of briefs, pleadings, and written discovery, including the class complaint, the conditional class certification motion, a successful motion protecting absent class members from intrusive discovery, and mediation statements. I also participated in class-wide settlement negotiations and mediations and assisted in securing an order approving the class for settlement and an order, following the final fairness hearing, approving the settlement.

115.    In *M.C. v. St. Mary's Hospital et al*, 2022CV03048 (Colo. Dist. Ct.) (putative sexual assault class action), I led the investigation of the evidence and the claims from the very outset of the case and drafted all variety of briefs, pleadings, and written discovery, including the class complaint, a motion to secure our clients' anonymity, a class certification motion (not filed, for negotiation purposes only), and multiple mediation statements and responses. Throughout the case, I worked closely with law enforcement and the DA to develop evidence and to assist our clients in exercising their rights as victims. I also worked closely with forensics experts to preserve and investigate numerous terabytes of highly sensitive, digital evidence. Ultimately, I participated in settlement negotiations and a multi-day mediation to resolve the matter. After resolution, I spent several months negotiating and ultimately resolving all potential claims by third party payors, including federal, state, and private payors.

116.    **Government and prison misconduct.** In *Rey et al. v. Ramos*, 2023CV030724 (Colo. Dist. Ct.) (police misconduct resulting in the shooting of six victims), I drafted all variety of briefs, pleadings, and written discovery; deposed the defendant; cross-examined the defendant at trial; argued jurisdictional issues, evidentiary issues, and jury instructions at trial; and delivered closing argument and rebuttal closing to the jury, who awarded $19.7 million to six

plaintiffs. This appears to be Colorado's largest police misconduct jury verdict.

117.    In *Estate of Johnny Hurley v. City of Arvada*, 2022CV030703 (Colo. Dist. Ct.) (ELEIA excessive force resulting in death), I drafted all variety of briefs, pleadings and written discovery, including the complaint, a mediation statement, motions in limine, and a trial brief regarding the inapplicability of Colorado's apportionment statutes to ELEIA claims; deposed non-defendant officers; and participated in settlement negotiations and mediations. The case resolved on the eve of trial for $2.77 million.

118.    In *Estate of Michael Burch v. The Board of County Commissioners for the County of Huerfano*, 25-cv-00975-GPG-MDB (D. Colo.) (ELEIA, Section 1983, and Monell excessive force, deliberate indifference, and failure to intervene resulting in death of incarcerated individual), I led the investigation of the evidence and the claims from the very outset of the case. To date, I have drafted all variety of briefs, pleadings, and written discovery, including the complaint, a response to a motion to dismiss, and a mediation statement. The matter is ongoing.

119.    **Appointments.** In addition to my civil litigation practice, I previously served as Special Counsel for the Colorado Commission on Judicial Discipline, where I led the investigation and disciplinary proceedings against a former Chief Justice of the Colorado Supreme Court, culminating in a Stipulation for Public Censure. See *Matter of Nathan B. Coats*, 2023CO44 (Special Tribunal of Colorado Supreme Court).

120.    **Presentations and publications.** I have also taught multiple relevant CLEs, including *Know Your Rights*, NATIONAL IRANIAN AMERICAN COUNCIL (2022); *Trauma-Informed Lawyering*, PELA ANNUAL RETREAT (2022) and ETHICS MANIA (2023); *Seeking Justice Through Impact Litigation*, APABA (2024); and *Civil Rights Litigation*, CBA TORT LAW UPDATE (2025).

121.    To date, my role in the instant matter has largely been to oversee and consult on

the investigation, drafting, and litigation strategy.

122.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section VII are true and correct.

/s/ Omeed Azmoudeh
Omeed Azmoudeh
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

## VIII.    Declaration of Virginia Hill Butler.

123.    My name is Virginia Hill Butler.

124.    I am over the age of eighteen and I currently reside in Colorado.

125.    I write this Declaration in support of the Motion to Appoint RATHOD |

MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,

R.W., I.W., and J.W.

126.    I make these statements based on my personal knowledge.

127.    I graduated from Columbia Law School in 2020, earning academic distinction

every year, including distinction corresponding to approximately the top 10% of the class in my

second year.

128.    Immediately following law school, I spent two years clerking for Chief Judge

Philip Brimmer. During my clerkship, I assisted Judge Brimmer with more than 80 trial days.

This included both multi-plaintiff civil and multi-defendant criminal trials. Separate from trial

matters, I worked on several class action cases and assisted Judge Brimmer with multiple orders

in both Rule 23(b)(2) and (b)(3) class actions. Additionally, I worked on many civil rights cases

under Section 1983 involving prison litigation and qualified immunity.

129.    In 2023, I joined Rathod Mohamedbhai LLC. At RM, I have been the sole — or one of two — associate on cases that have settled for a combined value over $70 million. This has included multiple cases brought under the ELEIA and Section 1983—both of which form the basis for this lawsuit.

130.    In addition to settlements, I was trial counsel in *Coates et al v. Board of County Commissioners* for the County of Adams, No. 20-cv-01936 (Colo. Dist. Ct. 2020), successfully representing four deputies of the Adams County Sheriff's Department in a First Amendment wrongful termination lawsuit. The plaintiffs recovered a combined judgment of $5.8 million following a six-day jury trial in January 2025.

131.    I am currently lead counsel in a putative class action pending in Denver District Court.

132.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements in the foregoing Section VIII are true and correct.

>                                        */s/ Virginia Hill Butler*
>                                        Virginia Hill-Butler
>                                        RATHOD | MOHAMEDBHAI LLC
>                                        2701 Lawrence St., Suite #100
>                                        Denver, Colorado 80238
>                                        (303) 578-4400

## IX.        Declaration of Neil Singh Sandhu.

133.    My name is Neil Singh Sandhu.

134.    I am over the age of eighteen and currently reside in Colorado.

135.    I write this Declaration in support of the Motion to Appoint RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T., R.W., I.W., and J.W.

136.    I make these statements based on my personal knowledge.

137.    I attended the University of Colorado Law School, earning academic distinction every year, graduating in the top five of my class, earning school and national awards in trial advocacy, moot court, and clinic, and volunteering for the most hours in my graduating class.

138.    **Work with sexual assault survivors.** During law school, I interned at the Colorado Juvenile Defender Center, representing several individuals who survived significant childhood sexual trauma, working with them and their caregivers to provide trauma-informed representation as they navigated the collateral consequences of their criminal convictions.

139.    **Expertise on ELEIA.** During 2020–21, I worked as a constitutional fellow under Professor Suzette Malveaux, helping her provide the Colorado legislature with research, analysis, and edits related to SB 217, now codified at C.R.S. § 13-21-131, which is the basis for six of the claims in this case. *See* Frank Rudy Cooper, Suzette Malveaux, and Catherine E. Smith, *We must tear down the "Blue Wall of Silence." Here's how civil lawsuits can help*, THE WASHINGTON POST (June 17, 2020), https://www.washingtonpost.com/opinions/2020/06/17/we-must-tear-down-blue-wall-silence-heres-how-civil-lawsuits-could-help/?chead=true&.

140.    **Multi-plaintiff actions.** From 2021-22 and 2023-25, I served as an associate in Brownstein Hyatt Farber Shreck LLP's litigation department, where I defended against several class actions. As a sample, I was a member of a four-lawyer defense team in a class arbitration, acting as primary drafter of motions under Rule 23's ascertainably requirement and an 80-page post-trial brief. Our team secured a complete defense verdict on claims exceeding $20 million and successfully defended against attempts to vacate that judgment. I also represented a loan

servicer in multiple financial-services class actions, acting as primary drafter of briefs

challenging impermissible "failsafe" classes. I was the primary drafter on a motion for judgment

on the pleadings that achieved complete dismissal of putative class action claims valued in

excess of $100 million. That dismissal was recently affirmed by the Tenth Circuit.

141.    At Brownstein, I took and defended dozens of depositions, lead multiparty

discovery, managed expert disclosures, served as lead drafter on several dispositive motions, and

conducted direct and cross examinations of lay and expert witnesses in front of administrative

bodies and a federal bankruptcy court.

142.    **Government and prison misconduct.** I co-drafted merits briefs and argued an

appeal in *St. George v. City of Lakewood*, No. 20-1259 (10th Cir. Aug. 20, 2021), convincing the

United States Court of Appeals for the Tenth Circuit to reverse the district court's grant of

qualified immunity against my client's excessive force claims, which he brought under 42 U.S.C.

§ 1983. I represented an incarcerated inmate challenging the conditions of his confinement under

42 U.S.C § 1983. *Womble v. Chrisman, et al.*, No. 24-7061 (10th Cir. July 11, 2024) (pending).

And I was asked by the National Association of Criminal Defense Lawyers to draft and file an

amicus brief on its behalf in a case challenging a criminal conviction. *United States v. Rudolph*,

No. 23-1278 (10th Cir. Sept. 8, 2025).

143.    **Clerkship.** Between 2022–23, I clerked for the Hon. Robert E. Bacharach of the

United States Court of Appeals for the Tenth Circuit. As a clerk, I advised Judge Bacharach on

cases involving class actions, civil rights, prison litigation, and sexual misconduct, many of

which involved issues of first impression. My work involved drafting bench memoranda to

advise Judge Bacharach in advance of oral argument; providing a first draft of opinions,

concurrences, and dissents; and working as a team to edit all work product before it left

chambers.

144.     **Work on this case.** I was the lead drafter of the Complaint [Dkt. 1] in this case. I

investigated these claims by reviewing all police records, speaking for multiple hours with a

former law enforcement officer in La Plata County about the improper policies and practices of

Sheriff Sean Smith, and meeting with multiple witnesses in at least three counties around the

state. I have visited with clients and potential witnesses in person at the La Vista Correctional

Facility multiple times, at the Washington County Jail, and at halfway houses, spending several

hours forming a relationship with the survivors of this misconduct. For each of the clients I met

with in custody, I executed a three-part scheme to exhaust their administrative remedies under

the Prison Litigation Reform Act, helping them submit grievances in jail, submitting grievances

on their behalf outside of jail, communicating directly with the Colorado Attorney General to

confirm the unavailability and futility of the grievance process in the context of these claims.

145.     I have also facilitated significant connection between the media and survivors

who want their voice heard, including facilitating interviews between several of my clients and

The Denver Post, Colorado Public Radio, Westword, The Colorado Sun, Denver 7, and the

Durango Herald, while preserving their anonymity and safety.

146.     Finally, I have worked to streamline the parties' work and preserve the Court's

resources by proposing and coordinating an agreement between the parties to stay briefing on the

La Plata Defendants' Motions to Dismiss pending the Court's decision on this Motion for

Appointment as Interim Class Counsel.

147.     In total, I estimate that I have spent 25 hours meeting with survivors to learn

about their treatment inside the La Plata County Jail, 8 hours researching the facts of this case by

speaking with law enforcement officials or reviewing law enforcement documentation; and 80

hours drafting pleadings related to this case. And having spoken to the other members of the RM

Group, I estimate that our professionals have spent a combined over 300 hours on this case to

date.

148.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section IX are true and correct.

> /s/ Neil S. Sandhu
> Neil S. Sandhu
> RATHOD | MOHAMEDBHAI LLC
> 2701 Lawrence St., Suite #100
> Denver, Colorado 80238
> (303) 578-4400

## X.    Declaration of Katie Wiese Valiant.

149.    My name is Katie Wiese Valiant.

150.    I am over the age of eighteen and I reside in Colorado.

151.    I write this Declaration in support of the Motion to Appoint RATHOD |

MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J., J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,

R.W., I.W., and J.W.

152.    I make these statements based on my personal knowledge.

153.    I attended Denver East High School and graduated summa cum laude from

Occidental College in 2015 with a Bachelor's Degree in Diplomacy and World Affairs.

154.    I graduated magna cum laude from Georgetown University Law Center in 2022,

where I earned my Juris Doctorate and a Certificate in Refugee and Humanitarian Emergencies.

At Georgetown Law, I was recognized as a Blume Public Interest Scholar and received a full-

tuition scholarship for my commitment to public interest work. I earned academic distinction

every year, graduated in the top ten percent of my class, was elected to Order of the Coif, and received the Exceptional Pro Bono Award for completing over 200 hours of pro bono work.

155.    **Work with sexual assault survivors.** Throughout my career, I have gained significant expertise in providing trauma-informed support to survivors of sexual abuse and other crimes. Prior to law school, I volunteered for the D.C. Rape Crisis Center as a hotline advocate for over two years, where I provided trauma-informed support and crisis intervention for survivors of sexual assault who contacted the confidential 24-hour hotline. In that position, I was certified as a crisis intervention advocate after receiving over 60 hours of training on trauma-informed care, mental health, and developmental trauma. Additionally, prior to law school, I worked at the U.S. Department of State's Office to Monitor and Combat Trafficking in Persons from July 2016 until May 2019, where I worked closely with survivors of sex trafficking and labor trafficking to help integrate survivor expertise and trauma-informed principles into the federal government's anti-trafficking policies and programs. In this position, I held a secret security clearance from the U.S. Government.

156.    During law school, I represented survivors of gender-based violence in Georgetown Law's asylum and domestic violence clinics. In the asylum clinic, I successfully obtained asylum for two Spanish speaking clients after drafting a 40-page legal brief and litigating a two-day asylum hearing in front of an immigration judge. In the domestic violence clinic, I provided trauma-informed representation to survivors of domestic violence — including survivors of sexual assault, stalking, and battery — and litigated civil protection order cases in D.C. Superior Court to help my clients address safety, housing, and child custody concerns. I received the International Academy of Trial Lawyers' Student Advocacy Award for my clinical work at Georgetown. I also interned for several non-profit legal organizations addressing various

civil rights issues, including gender-based violence, human trafficking, and employment discrimination.

157.    Additionally, in law school, I served as an Editor of the Georgetown Journal of Gender and the Law. I also served as a Board Member of Georgetown Law's Advocates Against Sexual Violence Group, where I organized numerous events to support survivors of sexual misconduct, provide training on trauma-informed lawyering, and discuss policy reforms and civil rights litigation related to sexual misconduct.

158.    After graduating law school, I was admitted to practice law in the State of Colorado in October 2022.

159.    **Clerkship.** From October 2022 to October 2024, I clerked for Chief Judge Philip A. Brimmer on the U.S. District Court for the District of Colorado. During my clerkship, I worked on several class action matters and numerous civil rights cases under section 1983. I drafted multiple orders on cases involving prison litigation, qualified immunity issues, and Rule 23(b)(3) class actions.

160.    **Civil rights experience.** In October 2024, I joined RM as a civil rights attorney. At RM, I have represented numerous incarcerated clients, as well as individuals who have experienced sexual misconduct. For example, I am counsel in the following cases: *Escareño et al. v. Netdirect Distribution LLC*, 2025CV31173 (Colo. Dist. Ct.) (sexual assault and harassment claims in the workplace on behalf of monolingual Spanish speaking clients); *Carrillo Rendon v. Silver Star Investments LLC*, 25-cv-02940-PAB-MDB (D. Colo.) (sexual, racial, and national origin harassment claims in the workplace on behalf of a monolingual Spanish speaking client); *The Estate of Michael Burch v. The Board of County Commissioners for the County of Huerfano*, 25-cv-00975-GPG-MDB (D. Colo.) (excessive force, deliberate indifference, and Monell claims

on behalf of an elderly man who died in a county jail); and *Chivers-King v. Wyoming Department of Family Services, et al.*, 24-cv-00039-SWS (D. Wyo.) (solitary confinement and excessive force claims on behalf of six former residents of a juvenile correctional facility). Since joining RM, I have investigated numerous civil rights cases, drafted multiple complaints, drafted responses to dispositive motions, drafted and responded to written discovery requests, taken five depositions, and defended four depositions.

161.     **Publications.** Furthermore, throughout my career, I have co-authored various publications addressing sexual misconduct and equal protection issues. *See* Katie Wiese *et al. eds.*, *Equal Protection*, 23 GEO. J. GENDER & L. 267 (2022); Katie Wiese *et al. eds.*, *Transgender Rights and Issues*, 22 GEO. J. GENDER & L. 417 (2021); Andrea Johnson, Samone Ijoma, & Katie Wiese, *2021 Progress Update: #MeToo Workplace Reforms in the States*, NATIONAL WOMEN'S LAW CENTER (Oct. 2021), available at https://nwlc.org/wp-content/uploads/2021/11/v2_2021_nwlcMeToo_Report-10.15.21.pdf. I have also co-drafted resources on best practices for working with survivors of trauma. *See Trafficking in Persons Report (June 2017)*, Engaging Survivors of Human Trafficking at 30-31, U.S. DEPARTMENT OF STATE, available at https://www.state.gov/wp-content/uploads/2019/02/271339.pdf.

162.     **Work in this case.** In this case, I researched and drafted Plaintiffs' motion to proceed anonymously [ECF No. 13] to help preserve Plaintiffs' safety and anonymity in a case involving matters of a highly sensitive and personal nature, namely unlawful viewing of strip search videos of Plaintiffs' intimate body parts.

163.     Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements in the foregoing Section X are true and correct.

*/s/ Katie Wiese Valiant*
Katie Wiese Valiant
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400

## XI.    **Declaration of Crist Whitney.**

164.    My name is Crist Whiteny.

165.    I am over the age of 18 and reside in Denver, Colorado.

166.    I write this Declaration in support of the Motion to Appoint RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T., R.W., I.W., and J.W.

167.    I make these statements based on my personal knowledge.

168.    I am a graduate of the University of Denver Sturm College of Law (J.D., 2021), where I earned a Certificate in Constitutional Rights and Remedies. I also graduated summa cum laude from the University of Colorado Denver with a B.A. in History and Political Science.

169.    I interned for then U.S. Magistrate Judge Kato Crews in the U.S. District Court for the District of Colorado, where I gained experience in federal civil rights, employment discrimination, and constitutional litigation. I also interned for the Colorado Office of the Alternate Defense Counsel, where I worked to protect the rights of juveniles, including their access to proper educational services and statutorily guaranteed programs.

170.    Before law school, I worked in a variety of industries—including sales, education,

fundraising, government, retail, tourism, and entertainment, which gave me firsthand perspective

on the lived experiences of working-class individuals and the systemic inequities they face. I also

worked for Denver Public Schools as a paraprofessional supporting special-education

classrooms, and I volunteered with at-risk youth to reduce dropout rates.

171.    I have been an attorney at RM since 2021. My practice focuses on civil rights,

police misconduct, education, employment law, sexual harassment, sexual assault, and

discrimination litigation.

172.    The core of my practice involves representing plaintiffs alleging excessive force,

wrongful arrest, wrongful death, Title VII violations, First Amendment retaliation, and other

abuses by state actors.

173.    My work includes drafting complaints, conducting fact investigations, preparing

discovery responses, deposing witnesses, working with experts, drafting dispositive-motion

briefing, engaging in settlement negotiations, preparing clients and witnesses for testimony, trial

preparation, trials, and participating in mediation.

174.    I have worked on numerous civil-rights cases at RM, including matters resulting

in substantial settlements for victims of police misconduct and government abuses. A non-

exhaustive list of representative cases is below.

175.    **Selected civil rights experience.** I represented the plaintiffs in *Estate of Elijah

McClain v. City of Aurora*, Civ. No. 20-cv-02389 (D. Colo. 2020), which involved allegations of

excessive force and wrongful death against Aurora law enforcement officials. In that case, I

assisted with client communications, research, settlement negotiations, and discovery-related

tasks, helping secure a $15 million settlement on behalf of plaintiffs.

176.    I represented the plaintiffs in *Rey v Officer Brandon Ramos*, 2023CV030724

(Colo. Dist. Ct. 2025), which involved allegations of battery. In this case, I assisted with client communications, research, motions practice, media, discovery-related tasks, trial preparation, trial practice, helping secure a $19.75 million jury verdict in plaintiffs' favor. This appears to be Colorado's largest police misconduct jury verdict.

177.    I represented the plaintiffs in *Estate of John Hurley v. Officer Brownlow et al*. (Colo. Dist. Ct. 2023), which involved allegations of an unlawful police shooting and wrongful death. In this case, I conducted legal research, drafted portions of pleadings and discovery documents, supported factual investigation, and created a documentary of the victim for settlement negotiations, helping secure a $2.7 settlement in plaintiffs' favor.

178.    Beyond these cases, I have contributed to multiple civil-rights cases resolving for millions of dollars in the aggregate. These cases included allegations of sexual harassment, sexual assault, hostile work environment, racial discrimination, and physical assault and battery. That said, I cannot disclose the details of these confidential settlements.

179.    **Public service.** Outside of RM, I maintain active engagement on issues involving policing, civil rights, prisons, and misconduct. I serve as the President of the Sam Cary Bar Association, where I contribute to community education programming, public policy engagement, and scholarship initiatives. I am active in the Colorado Bar Association and the Denver Bar Association and I have recently been appointed to the Colorado Bar Association Board of Trustees.

180.    **Presentations.** I have delivered presentations on civil rights, including at the Colorado Trial Lawyers Association (2023) on "Claims Against Public Entities." I have twice presented at the Colorado Employment Law Conference (2024, 2025) on Federal Law Updates. I sat on three panels at the 2025 American Law Institute Continuing Legal Education Conference

in Santa Fe, New Mexico. At the conference I sat on panels discussing ESI and AI in

Employment Litigation, DEI in the Workplace, and Hot Topics in Employment Law. I delivered

the keynote address at the 2025 Rocky Mountain Paralegal Association Annual Conference and

Education Summit focused on equal justice. I am frequently invited to speak in community

forums and legal-education settings about civil rights, policing, race, justice reform, and

advocacy for marginalized populations.

181.    I have experience managing complex factual records, communicating with diverse

clients, analyzing constitutional and statutory claims, and working collaboratively with

experienced civil-rights litigators at RM.

182.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements

in the foregoing Section XI are true and correct.

> */s/ Crist Whitney*
> Crist Whitney
> RATHOD | MOHAMEDBHAI LLC
> 2701 Lawrence St., Suite #100
> Denver, Colorado 80238
> (303) 578-4400

## XII.    Declaration of John Baxter.

183.    My name is John Baxter.

184.    I am over the age of eighteen, and I live in Durango, Colorado.

185.    I write this Declaration in support of the Motion to Appoint RATHOD |

MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by

Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T.,

R.W., I.W., and J.W.

186.    I make these statements based on my personal knowledge.

187.    I have been living and working as an attorney in Durango, La Plata County, Colorado, for the majority of the last 23 years. My son is a senior at Durango High School, and his two older sisters graduated from Durango High School. After I left the Durango Office of the Colorado State Public Defender in 2006, I worked at a war crimes tribunal for the United Nations in The Hague, Netherlands. The only duration my legal career since 2002 living outside of La Plata County was mid-2006 through late 2007.

188.    In La Plata County District Court, I represented all plaintiffs (three "Jane Does", and one "John Doe") as jury trial counsel in claims for invasion of privacy for the sexual gratification of the defendant. This case involved managing sensitive information while maintaining privacy. Due to our location and the nature of the allegations, the court allowed us to proceed using pseudonyms. Generally, the claims involved surreptitious video recordings of our clients' exposed genitals, which the defendant admittedly used for masturbation. In November of 2022, our jury returned a $3.5 million verdict in our favor.

189.    The following is a list of my work experience as an attorney.

190.    Private practice 2008 – present, Civil Rights and Criminal Defense, former CJA panel attorney, current ADC attorney with focus on serious crimes, juveniles, and trial practice (also licensed in Southern Ute Tribal Court and Ute Mountain Ute which are both here in southwest Colorado).

191.    Montezuma County Attorney, appointed by the Montezuma County Board of Commissioners 2013-2021 (Montezuma County borders La Plata County on the west; I maintained my residence and private practice in Durango while serving as the Montezuma County Attorney).

192.    Attorney, United Nations – International Criminal Tribunal for the former

42

Yugoslavia, Trial Section 2007

193.    Attorney, Colorado State Public Defender's Office 2000-2006.

194.    My Bachelor of Science is from Virginia Tech, and my Juris Doctorate is from
the University of Denver, 2000.

195.    A by-product of practicing law in La Plata County for decades, I am intimately
familiar with the La Plata County Jail, as well as the policies and practices at the La Plata County
Sheriff's Office. I live approximately two miles from the La Plata County jail, and have been
there hundreds of times. Approximately fifteen years ago, when we built the "new jail" (a
significant addition to the old jail and Sheriff's Office), I toured the jail with law enforcement.
Through my work, I am familiar with the layout of the administrative offices, as well as the
intake and control areas, cell blocks, visitation rooms, and other areas of the jail.

196.    People within La Plata County law enforcement have personally reached out to
me to provide insight into Commander Aber and operations at the La Plata County Jail.

197.    I am very familiar with our town, our community, local governmental agencies,
and local non-profits. Regularly, I cross paths with victims of this case in our community.

198.    As former clients and others learned that they were victimized, they contacted me.
I have known, both professionally, and personally, many of the named victims in this case, as
well as many of their families. I have either personally represented, or represented family
members, of at least eight of the named victims.  I have preexisting personal or professional
relationships with at least seventeen of the named victims. One of the named victims previously
retained me as an expert in her criminal case in 2020, a matter for which she was incarcerated in
the La Plata County Jail. This was during the time period of the allegations in this case, but prior
to discovering that she was being victimized.

199.    Over the course of this case, I have regularly interacted with the victims. Most days for the last four months I have had contact with the victims, either meeting with them in-person at the office, at the jail, at the local community corrections, or wherever it is convenient for them to meet. I also regularly connect with the victims by phone, by email, or by text messaging.

200.    Durango is a small community. The stigma of being arrested, stripped to nudity, video recorded, and exploited by law enforcement, potentially causes greater harm than in different localities. Some of the victims' cases that led to their incarceration were ultimately dismissed by the prosecution, and then sealed. Additionally, other victims also have legitimate reasons to keep their names from public dissemination. Many of our clients knew Commander Aber and his family outside of the confines of the jail both before and after their incarceration.

201.    Because some of the victims expressed immediate concern for anonymity, I contacted the local District Attorney prosecuting the criminal case. (Ex. 4, Baxter Email with DA, p. 1). At my request, the District Attorney successfully motioned the court to limit access to the victims' names to protect their anonymity.

202.    Another experienced local attorney, Christopher Trimble, assists me on this case. Christopher Trimble has been an attorney practicing here in La Plata County for approximately two decades. Mr. Trimble has co-counseled cases with me ranging from first degree murder, to plaintiffs' civil jury trials.

203.    Licensed Clinical Social Worker, Audra Snow, has worked with me for approximately four and a half years. She immediately became invested in this case to assist our clients. Among other things, she assists by working with our clients to develop their life history, experiences with defendants, and damages caused.

204.     My additional qualifications include being retained as an expert in numerous cases, including as an expert in criminal defense of sexual offenses.

205.     Three local schools in Durango (Durango High School, Big Picture High School, and the DU Masters in Social Work program) have had me speak to students regarding our court system and educating students on their rights.

206.     Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements in the foregoing Section XII are true and correct.

                                                     /s/ John Baxter
                                                     John Baxter
                                                     JOHN BAXTER, ATTORNEY AT LAW
                                                     1099 Main Ave., Suite 500
                                                     Durango, Colorado 81301
                                                     (970) 903-9578

## XIII.       Declaration of Audra Snow.

207.     My name is Audra Snow.

208.     I am over the age of eighteen and a resident of La Plata County, Colorado.

209.     I write this Declaration in support of the Motion to Appoint RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER, ATTORNEY AT LAW as Interim Class Counsel, filed by Plaintiffs C.B., R.C., J.E., S.H., A.H., A.H., M.J. J.L., M.N., E.P., S.R., M.S., A.S., N.T., K.T., R.W., I.W., and J.W.

210.     I make these statements based on my personal knowledge.

211.     I have lived and worked in La Plata County for more than 25 years. Over that time, my work has centered on supporting survivors of trauma, building trust with people who feel powerless, and walking alongside them as they navigate overwhelming systems.

212.     I am a Licensed Clinical Social Worker who earned a master's degree 13 years

ago. Earlier in my career I worked at Alternative Horizons, a nonprofit in Durango dedicated to

supporting survivors of domestic violence. As Community Outreach Coordinator, I helped

expand awareness of the dynamics of abuse, and I became certified as a victim advocate.

213.    For more than four years, I also volunteered on their 24-hour crisis hotline,

responding to survivors of violence in moments of deep vulnerability. Many of the calls I took

involved people who felt stripped of their dignity and bodily autonomy, experiences of violation

that echo the harms at issue in this lawsuit. My work in that role gave me firsthand experience

supporting individuals who had endured invasions of privacy, unwanted exposure, and the fear

that comes with being powerless in the face of abuse.

214.    For the past four and a half years, I have specialized in forensic social work. John

Baxter was the first attorney I worked with in this role and I have been working with him

consistently ever since on various types of cases.

215.    In this role, attorneys often ask me to join their teams to work with clients who

are anxious about the legal process and fearful about what lies ahead. My work focuses on

providing trauma-informed support, helping clients remain engaged, and ensuring they are

connected to resources that can ease some of the burden of their situation.

216.    In this capacity, I regularly visit the La Plata County Jail to meet with clients

involved in this case who are currently incarcerated, providing trauma-informed support and

continuity of care. I have also met, both in person and over the phone, with numerous victims in

this case who are not incarcerated, ensuring they have a consistent advocate throughout this

process.

217.    I am actively collaborating with staff from Sexual Assault Services Organization

(SASO), our local survivor-led nonprofit that provides advocacy, a 24-hour crisis line, support

groups, and prevention education to ensure ongoing, trauma-informed support for those impacted

by this case. Together, we coordinate support for survivors through the Ed Aber Support Group,

a bi-weekly gathering created specifically for victims connected to this case.

218.    SASO is facilitating this group and I will arrive thirty minutes before each session

so survivors can meet with me in person, ask questions, and maintain a sense of connection with

someone involved in the legal process.

219.    At my request, and with the permission of the group participants, SASO has

agreed to open the group virtually to participants who live outside the Durango area. Several of

our clients residing in other parts of Colorado and in other states have expressed appreciation for

the opportunity to take part in this group and connect with others who share their experiences.

220.    I will continue working closely with SASO throughout the duration of this case to

ensure that survivors receive the most compassionate and comprehensive support possible.

221.    In addition to my business, Stepping Stone forensic social work and case

consulting and my time at Alternative Horizons, I have served the community through roles with

La Plata County Department of Human Services, the Durango School District 9-R, Big Brothers

Big Sisters of Southwest Colorado, and the Boys & Girls Club of La Plata County. These roles

allowed me to support diverse groups of people while also deepening my knowledge of the

community's resources and establishing myself as a familiar and trusted face in the region.

222.    Just as central as my professional history is my lived experience as a survivor of

domestic violence and sexual assault. Survivors often know instantly whether the person sitting

across from them truly understands what violation feels like. Because I have lived it myself, I am

able to connect with victims in a way that feels real, credible, and safe.

223.    Some clients I have supported in the past continue to reach out even after their

47

cases conclude, expressing gratitude or sharing progress in their lives. These ongoing connections reflect the persistence, empathy, and authenticity that I bring to this work.

224.    Living and working in a small, rural community like La Plata County means that professional and personal connections often overlap. Because I have been deeply involved here for two decades, there are clients in this case whom I already know through previous professional roles, whether from my work as a forensic social worker, or earlier positions with local organizations.

225.    As I get to know the survivors involved more personally, additional natural connections will emerge. I view these relationships as strengths, allowing survivors to interact with someone they recognize and trust within their own community.

226.    With my professional expertise, victim advocacy background, lived experience, and geographic location, I am uniquely positioned to support the individuals impacted by this case. My commitment is to ensure that survivors of these sexual invasion of privacy violations are treated with compassion, consistency, and dignity throughout the legal process.

227.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the statements in the foregoing Section XIII are true and correct.

*/s/ Audra Snow*
Audra Snow
JOHN BAXTER, ATTORNEY AT LAW
1099 Main Ave., Suite 500
Durango, Colorado 81301
(970) 903-9578

Respectfully submitted this 25th day of November 2025.

*/s/ Neil S. Sandhu*
Felipe Bohnet-Gomez
Matthew Cron
Iris Halpern
Qusair Mohamedbhai
Siddhartha Rathod
Omeed M. Azmoudeh
Virginia Hill Butler
Neil Singh Sandhu
Katie Wiese Valiant
Aria Vaughan
Crist Whitney
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100
Denver, Colorado 80238
(303) 578-4400
fbg@rmlawyers.com
mc@rmlawyers.com
ih@rmlawyers.com
qm@rmlawyers.com
sr@rmlawyers.com
oa@rmlawyers.com
vb@rmlawyers.com
ns@rmlawyers.com
kw@rmlawyers.com
av@rmlawyers.com
cw@rmlawyers.com

*/s/ John Baxter*
John Baxter
JOHN BAXTER, ATTORNEY AT LAW
1099 Main Ave., Suite 500
Durango, Colorado 81301
(970) 903-9578
baxterlaw@gmail.com

*Counsel for Plaintiffs*