IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-02531-GPG-KAS
*Consolidated with No. 25-cv-02763-GPG-KAS*

TERRIANNE PAIGE HIEHLE, in her individual capacity and behalf of all others similarly situated;
KATRINA LILE, in her individual capacity and behalf of all others similarly situated; and
KIMBERLI LASHAWAY, in her individual capacity and behalf of all others similarly situated;,

    Plaintiffs,

v.

EDWARD ABER, In his individual and official capacities as Jail Commander of the La Plata County Jail;
LA PLATA COUNTY, COLORADO;
LA PLATA COUNTY SHERIFF'S OFFICE;
SEAN SMITH, in his individual and official capacities as Sheriff of La Plata County;
MICHAEL SLADE, in his individual capacity;
JACOB HARRIS, in his individual capacity; and
JOHN/JANE DOES #1-#10, in their individual capacities;,

    Defendants.

---

## ORDER

Before the Court are Hiehle Plaintiffs' Motion to Appoint Mehr Fairbanks Trial Lawyers, PLLC, Mehr Jolly, PLLC, and Kosloski Law, PLLC as Interim Class Counsel (D. 69) and C.B. Plaintiffs' Motion for Appointment of Rathod Mohamedbhai LLC and John Baxter Attorney At Law as Interim Class Counsel (D. 70). With the Court's thanks, the Parties have filed a Joint Notice Waiving Right to Respond or Reply to Motions for Appointment as Interim Class Counsel (D. 71), so the motions are ripe.

1

## I. BACKGROUND

These consolidated civil actions generally allege that Defendant Edward Aber, while serving as the Jail Commander of the La Plata County Jail, engaged in a scheme to sexually exploit female inmates in his custody by repeatedly accessing and viewing digital recordings of strip searches for his own sexual gratification.

On August 13, 2025, the first complaint was filed in this case, No. 25-cv-02531 (Hiehle Case) (D. 1). On September 3, 2025, a complaint was filed in *C.B. v. Aber*, No. 25-cv-02763-GPG-KAS (C.B. Case). The Court ordered consolidation and briefing for appointment of interim counsel (D. 49).

The two groups of counsel that filed complaints each seek appointment as interim class counsel. Counsel in the Hiehle Case seeking appointment include Mehr Fairbanks Trial Lawyers, PLLC, Mehr Jolly, PLLC, and Kosloski Law PLLC (collectively Mehr Group) (D. 69). Counsel in the C.B. Case seek appointment of attorneys from Rathod Mohamedbhai LLC and John Baxter Attorney At Law (RM Group).

## II. LEGAL STANDARD

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Relevant here, the Rule provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The appointment of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities." *Manual for Complex Litigation* (4th) § 21.11 (2004).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010). These factors include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In contested appointment processes, "Tenth Circuit courts have looked to the relative strength of the firms in meeting the Rule 23 factors, the number of plaintiffs supporting an application, the order in which the plaintiffs filed, and the efficiency of each proposed leadership structure." *In re DISH Network Data Sec. Incident Litig.*, No. 1:23-CV-01168-RMR-SBP, 2023 WL 11964095, at *1 (D. Colo. Nov. 9, 2023)

### III. ANALYSIS

Both groups present compelling cases for appointment as interim class counsel. Either group of counsel could more than adequately prosecute this case. Yet neither side seeks a joint arrangement and it would not make sense for a case of this size. After carefully reviewing the relevant factors, the Court finds that the RM Group is best situated to represent the potential class as interim counsel.

While the order of the plaintiffs' filings may serve as an "objective basis for choosing among highly qualified counsel and their law firms," *Kramer v. Alterra Mountain Co.*, No. 20-CV-01057, 2020 WL 4429386, at *2 (D. Colo. July 31, 2020), the number of plaintiffs represented by each group also provides an objective measure. *In re Nelnet Servicing, LLC*, No. 4:22CV3181, 2023 WL 1108253, at *5 (D. Neb. Jan. 30, 2023). The Mehr Group filed first. But RM Group's motion indicates that it was well into preparing the case at the point that the Hiehle Case was filed (D. 70 at 2). Thus, they are not simply jumping in after notice was posted. At the point the competing motions were filed, RM Group represented substantially more potential plaintiffs or class members, 35 compared to 12 (D. 69-2 at 4; D. 70-1 at 5).

Similarly, experience with types of claims asserted in the action favors the RM Group. The Mehr Group demonstrates significant experience in litigating class actions and civil rights claims, but the RM Group shows substantial experience with claims related to sexual misconduct in the class action context (D. 70-1 at 3). The relevance and importance of this experience is reflected in the prudent decision to maintain the anonymity of plaintiffs in the C.B. Case.

Finally, the Court is persuaded by RM Group's quantification of its investment in the case and the resources that it intends to make available. The Mehr Group lists the investigative work that it has engaged in and notes that it has resources to commit to the case but does not quantify the scope of this investigation and the potential resources (D. 69 at 5–6; D. 69-1 at 8 ("In several cases, we have advanced substantial expenses, sometimes exceeding $100,000, without the need for any outside litigation funding.")). In addition to discussing engaging in the same type of work, RM Group quantifies its substantial commitment thus far and going forward (D. 70–1 at 5 ("My firm is prepared to allocate over $5 million in liquid or semi-liquid assets to make available to

4

spend on this case's experts and other costs") and at 34 ("our professionals have spent a combined over 300 hours on this case to date")).

## IV. CONCLUSION

Accordingly, the Mehr Group motion (D. 69) is DENIED and the RM Group motion (D. 70) is GRANTED. It is FURTHER ORDERED that Rathod Mohamedbhai LLC and John Baxter Attorney At Law are appointed as Interim Class Counsel. It is FURTHER ORDERED that the stays of briefing previously ordered (*see* D. 59) are hereby lifted and responses to La Plata County Defendants' Motion to Dismiss (D. 54) and La Plata County Defendants' Motion to Dismiss (D. 56) as well as Defendant Aber's Answer shall be due thirty days from the date of this Order.

DATED January 21, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge