# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02531-GPG-KAS
*Consolidated with Civil Action No. 25-cv-02763-GPG-KAS*

TERRIANNE PAIGE HIEHLE, in her individual capacity and on behalf of all others similarly situated;
KATRINA LILE, in her individual capacity and on behalf of all others similarly situated; and
KIMBERLI LASHAWAY, in her individual capacity and on behalf of all others similarly situated,

      Plaintiffs,

v.

EDWARD ABER, in his individual capacity and official capacity as Jail Commander of the La Plata County Jail;
LA PLATA COUNTY, COLORADO;
LA PLATA COUNTY SHERIFF'S OFFICE;
SEAN SMITH, in his individual capacity and official capacity as Sheriff of La Plata County;
MICHAEL SLADE, in his individual capacity;
JACOB HARRIS, in his individual capacity; and
JOHN/JANE DOES #1-10, in their individual capacities,

      Defendants.

---

## DEFENDANT ABER'S MOTION TO STAY PROCEEDINGS

---

Defendant Edward Aber, by and through his counsel, William T. O'Connell, III, Christy Zahradnik-Mitchell, and Mackenzie M. Novak, of Thompson, Coe, Cousins & Irons, LLP, hereby moves to stay all proceedings and discovery in the consolidated cases ("civil case"/"civil action") pending resolution of his parallel criminal proceeding.

## Certification Pursuant to D.C.COLO.LCivR 7.1

Plaintiffs in Civil Action No. 25-cv-02763-GPG-KAS ("C.B. Plaintiffs") **oppose** the relief requested in this Motion. Plaintiffs in Civil Action No. 25-cv-02531-GPG-KAS ("Hiehle Plaintiffs") **do not oppose** the relief requested in this Motion. The La Plata Defendants **do not oppose** the relief requested in this Motion.

## Introduction

Plaintiffs bring a host of claims against Mr. Aber pursuant to the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and Article II, Sections 7, 20, 25 and 29 to the Colorado Constitution. In support of their claims, Plaintiffs allege that during the time Mr. Aber was Commander of the La Plata County Jail, he "spent years abusing his authority to access and sexually stimulate himself to video recordings in which incarcerated people were forced to strip naked and endure physical and visual penetration." [Doc. 84, p. 1]; [Doc. 1, p. 2, "Defendant Aber…instead used his position of absolute power and unfettered access to the jail's digital body camera video storage system to continuously satiate his base sexual desires."].

Mr. Aber has been criminally charged with one hundred and seventeen counts of invasion of privacy for sexual gratification, pursuant to C.R.S. § 18-3-405.6(1), (2)(a), as well as one count of official misconduct pursuant to C.R.S. § 18-8-404. The criminal proceeding is pending in La Plata County and is captioned *The People of the State of Colorado v. Aber, Edward J.*, Case No. 2025M532. The criminal charges against Mr. Aber are based on the same alleged conduct giving rise to the civil complaints against him. Sentencing for these charges includes the possibility of imprisonment. On March 2, 2026,

Mr. Aber attended his plea hearing and entered a not guilty plea on all charges and his case is scheduled to proceed to trial on August 10, 2026.

As outlined above, the civil and criminal cases arise out of the same alleged conduct and are based on the same alleged facts. Thus, any testimony, responses, or defenses Mr. Aber provides in the civil action could be used against him in the criminal matter. Furthermore, while Mr. Aber has an absolute right to remain silent in the criminal case and his silence cannot be used against him, that does not hold true for the civil case. In the context of the civil action, Mr. Aber may elect to exercise his Fifth Amendment right to remain silent but doing so would likely result in an adverse inference instruction, resulting in severe prejudice to Mr. Aber. As such, Mr. Aber is respectfully requesting a stay of the civil case until the resolution of the pending criminal matter.[1]

### Legal Standard

The Fifth Amendment to the United States Constitution guarantees a criminal defendant the right to remain silent in the face of accusations in all settings. *See Miranda v. Arizona*, 384 U.S. 436 (1966). However, "[t]he Fifth Amendment allows adverse inferences against parties in a civil action who invoke their Fifth Amendment right. *Casas v. City of Overland Park*, No. 00-2112-CM, 2000 WL 1310516, *2 (D. Kan. Aug. 18, 2000) (citing *Wilson v. Olathe Bank*, No Civ.A. 97-2458-KHV, 1998 WL 184470, *8 (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). "A defendant has the right to invoke the [Fifth

---

[1]    In the event the La Plata Defendants file a Motion to Dismiss the C.B. Plaintiffs' Amended Complaint and this Motion to Stay is subsequently granted, Mr. Aber would not object to the C.B. Plaintiffs and the La Plata Defendants completing the applicable briefing and the Court ruling on the Motion to Dismiss given that Mr. Aber's Fifth Amendment interests would not be implicated by same.

Amendment] privilege at trial, but if he does, he must accept the adverse inference. *Id.* (citing *Mid-America's Process Serv. V. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985)).

The decision to grant a stay rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). "When considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights." *Hilda M. v. Brown.* No. 10-CV-2495-PAB-KMT, 2010 WL 5313755, *2 (D. Colo. Dec. 20, 2010). The "ultimate question…is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Id.* (citing *Cruz v. County of Dupage*, No. 96 C 7170, 1997 WL 370194, *1 (N.D. Ill. June 27, 1997)). "In a case where there is a real and appreciable risk of self-incrimination, an appropriate remedy would be a protective order postponing civil discovery until termination of the criminal action." *Id.* (citing *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D.La.1989)). *See also Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y.1985) ("A stay of civil discovery until after criminal proceedings are complete will enable [defendants] to defend the civil case vigorously without fear of subsequent prosecution").

In determining whether to stay civil proceedings, courts balance the burden of proceeding with both cases simultaneously against the harm to the civil opponent, in this case the plaintiffs, if a stay were granted. *Hilda M.*, 2010 WL 5313755, *3 (citing *Judge*

*Milton Pollack, Presentation at the Transferee Judges' Conference, Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). This balancing test includes consideration of the following six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* (citing *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995). Each factor will be addressed in turn below.

## <u>Argument</u>

### A. Mr. Aber's criminal and civil cases arise out of the same alleged conduct thereby resulting in substantial overlap.

"The extent of overlap is the "most important factor in ruling on a motion to stay." *Id.* (citing *S.E.C. v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. Aug. 4, 2008)). "[S]imultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. July 6, 2007).

As outlined above, the criminal and civil cases arise out of the same alleged conduct and therefore involve the same facts, witnesses, and evidence. Thus, particularly to the extent Mr. Aber might be required to respond to discovery or to testify, the subjects upon which he would be examined are almost certain to be identical or substantially identical to the issues in the criminal case. As such, any answer or response Mr. Aber

may give and any document or other medium of evidence he may produce in the civil case will be directly relevant to the criminal action. If, for example, Mr. Aber were simply to answer Plaintiffs' Complaints, he risks making potentially incriminating statements, because he would be required to admit or deny each factual allegation pled by Plaintiffs. Those factual allegations go to the heart of the issues in the criminal case. Any information provided by Mr. Aber in the civil case can be used against him in the criminal matter at trial and in any pre- or post-trial proceeding. This is precisely the type of danger the Fifth Amendment is intended to protect against.

**B. The status of the respective cases favors a stay.**

"A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due Speedy Trial Act considerations." *Hilda M.*, 2010 WL 5313755, *4 (citing *Transworld*, 866 F.Supp. at 1139).

As noted above, Mr. Aber has been criminally charged with one hundred and seventeen counts of invasion of privacy for sexual gratification, pursuant to C.R.S. § 18-3-405.6(1), (2)(a), as well as one count of official misconduct pursuant to C.R.S. § 18-8-404. He has entered a not guilty plea to all charges and his criminal trial is scheduled to proceed to trial on August 10, 2026. The civil case, which is in the initial stages, arise out of the same alleged conduct upon which the criminal charges against Mr. Aber are based. Thus, this factor weighs in favor of a stay.

**C. Plaintiffs' interest in proceeding expeditiously is substantially outweighed by the risk of prejudice to Mr. Aber.**

Plaintiffs have an interest in the "expeditious resolution" of their case. *Hilda M.*, 2010 WL 53113755, \*5 (citing *Transworld*, 886 F.Supp. at 1140). However, if Mr. Aber's motion to stay is not granted, he will be put in the position of choosing between risking severe prejudice in the civil action by invoking his Fifth Amendment right or risking any testimony or other responses he provides being used against him in the ongoing criminal case. Mr. Aber has a significant interest in "avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." *Id.* This important interest outweighs Plaintiffs' interest in the expeditious resolution of their cases. *Id.*

**D. Judicial economy favors a stay.**

Should Mr. Aber be forced to proceed in the civil action before the resolution of the criminal case, the court will likely have to expend resources addressing the parameters of Mr. Aber's Fifth Amendment rights. Undersigned counsel anticipates that Mr. Aber would assert his Fifth Amendment right while the criminal matter is ongoing, which will severely impact discovery in the civil case. Staying the civil action until the resolution of Mr. Aber's criminal case not only avoids this issue altogether, but it may also ultimately reduce the need for discovery in the civil action. Discovery is underway in the criminal matter and the parties to the civil case will be entitled to the same materials that have been disclosed, which will allow them to better assess and streamline any additional discovery.

### E.  The public interest is best served by staying this proceeding.

The public interest is served by a stay pending resolution of Mr. Aber's criminal case. "[T]he public interest is furthered by a stay because the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *See Jones v. Conte*, No. C 045312S1, 2005 WL 1287017, *2 (N.D. Cal. Apr. 19, 2005) (quotation marks omitted); *see also Nicholas*, 569 F.Supp.2d at 1073 ("Staying the civil case, which carries only civil sanctions and monetary penalties, is not of an equally pressing nature" as a criminal case that could result in imprisonment of the criminal defendants). "[T]he public also has an interest in protecting the constitutional rights of criminal defendants. *United States v. Rudy's Performance Parts, Inc.*, 647 F.Supp. 3d 408, 417-18 (M.D.N.C. Dec. 21, 2022).

### Conclusion

Requiring the civil action to proceed prior to the resolution of the criminal case will severely prejudice Mr. Aber. He is facing one hundred and eighteen criminal charges, the sentence for which could result in imprisonment. It is imperative that he be able to defend the criminal case to the best of his ability. A stay will allow him to do so without having to choose between exercising his right to remain silent and defending the civil cases. Granting a stay would also be consistent with the public interest in ensuring fair trials and with principles of judicial economy. Finally, a stay will not result in prejudice to the Plaintiffs, given that Mr. Aber's criminal matter is set to proceed to trial in less than six months.

Dated this 6th day of March 2026.

                                        **THOMPSON, COE, COUSINS & IRONS, LLP**

                                        *S/ Christy Zahradnik-Mitchell*
                                        William T. O'Connell, III
                                        Christy Zahradnik-Mitchell
                                        Mackenzie M. Novak
                                        1700 Broadway, Suite 900
                                        Denver, CO 80290
                                        Telephone (303) 830-1212
                                        Email: woconnell@thompsoncoe.com
                                        Email: czahradnik-mitchell@thompsoncoe.com
                                        Email: mnovak@thompsoncoe.com

                                        **ATTORNEYS FOR DEFENDANT
                                        EDWARD ABER**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2026, a true and correct copy of the foregoing **DEFENDANT ABER'S MOTION TO STAY PROCEEDINGS** was filed with the Clerk of the Court for the United States District Court for the District of Colorado using the Federal Court's CM/ECF, System, which will send notification of such filing to all counsel of record.

_s/ Katherine Roche_
Katherine Roche, Legal Assistant

_[Original Signature on File at the Office of Thompson, Coe, Cousins, & Irons, LLP]_