IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02531-GPG-KAS
Consolidated with Civil Action No. 25-cv-02763-GPG-KAS

**TERRIANNE PAIGE HIEHLE,** in her individual capacity and on behalf of all others similarly situated; et al.

Plaintiffs,

v.

**EDWARD ABER**, In his individual and official capacities as Jail Commander of the La Plata County Jail; et al.

Defendants.

---

### MOTION TO STAY CLAIMS OF
### PLAINTIFFS HIEHLE, LILE, AND LASHAWAY

---

Come the Plaintiffs, Terrianne Paige Hiehle, Katrina Lile, and Kimberli Lashaway, through the undersigned counsel, and move the Court for an Order staying the individual claims asserted by Hiehle, Lile, and Lashaway, pending resolution of class certification in the consolidated C.B. case.[1] In support of this motion, Plaintiffs state as follows:

**I.   Background**

This consolidated case involves two Complaints, one filed by the Hiehle Plaintiffs and one filed by the C.B. Plaintiffs. On January 21, 2026, the Court appointed the attorneys for the C.B. Plaintiffs as Interim Class Counsel. ECF No. 73. Since then, Interim Class Counsel has filed an

---

[1] Pursuant to Local Rule 7.1, Plaintiffs have conferred with counsel for all other parties. Interim class counsel (counsel for the C.B. group of Plaintiffs) and counsel for Defendant Aber have indicated this motion may be filed as "unopposed." However, Counsel for La Plata County, La Plata County Sheriff's Office, Smith, Slade, and Harris have indicated they oppose the motion.

Amended Complaint on February 20, 2026, on behalf of the C.B. Plaintiffs and the proposed class, alleging additional facts and adding new causes of action. ECF No. 84. Plaintiffs Hiehle, Lile, and Lashaway would be members of the class definition included in the Amended C.B. Complaint.

Notwithstanding the appointment of Interim Class Counsel and the filing of the Amended Complaint, the original Complaint filed by the Hiehle Plaintiffs continues to be an active Complaint on the docket. The Hiehle Complaint contains claims arising out of the same conduct as the class claims alleged in the Amended C.B. Complaint. The County Defendants have moved to dismiss the Hiehle Complaint, ECF No. 54, and currently, the Hiehle Plaintiffs' deadline to respond to the motion to dismiss will fall on the same date as the C.B. Plaintiffs' deadline to respond to any motion to dismiss targeted toward the Amended C.B. Complaint. *See* ECF No. 79. To prevent duplication, potentially inconsistent arguments and rulings, and unnecessary expense, the Hiehle Plaintiffs seek a narrowly tailored stay of their claims until the Court resolves class certification under the C.B. Complaint. This will avoid duplicate work by the parties and the Court on the motions to dismiss and will otherwise promote efficiency.

If the Court does certify a class under the C.B. Complaint, then the Hiehle Plaintiffs will have the option to join that class, the same as any class member. If the Court does not certify a class under the C.B. Complaint, the Hiehle Plaintiffs' individual claims could then be reactivated on the docket at that time. Either way, a stay would promote efficiency, avoid duplication, and allow Interim Class Counsel to move the case forward, as the Court has ordered.

**II.      Analysis**

The Court has inherent authority to stay proceedings to control the disposition of cases on its docket. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). The attorneys for the C.B. Plaintiffs have been appointed Interim Class Counsel. As noted in *In re Frontier Airlines Litig.*,

2020 U.S. Dist. LEXIS 253280, at * (D. Colo. Dec. 16, 2020), "In litigation like this, where various law firms represent members of overlapping proposed classes, the appointment of interim class counsel 'may be helpful in "clarify[ing] responsibility for protecting the interests of the case during precertification issues, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."'" (internal citations omitted).

At this point, there are overlapping Complaints that are both likely to be challenged by the Defendants with motions to dismiss. Granting a stay of the Hiehle Complaint would be consistent with the Court's appointment of Interim Class Counsel, who is primarily responsible for responding to motions, conducting litigation activities, and moving for class certification. While the Hiehle Plaintiffs and the C.B. Plaintiffs would likely make similar arguments in response to the motions to dismiss, it is possible the parties may take different positions on factual or legal issues.

In deciding whether to grant a stay, courts generally consider: 1) whether the stay will promote judicial economy; 2) whether it will avoid the potential for inconsistent rulings; and 3) whether the stay would work an undue hardship or prejudice any of the parties. *See, e.g.*, *Freeman v. Cmty. Strategies*, 2025 U.S. Dist. LEXIS 128097, at *2 (W.D. Okla. July 7, 2025). Here, these factors favor a stay. It would be more efficient to enter a stay of claims, pending a decision on class certification, rather than deal with the proposed C.B. class action Complaint and the Hiehle Plaintiffs' individual claims at the same time. There is at least a potential for inconsistent rulings, with the pending motions to dismiss directed at different parties represented by different counsel.

There is no undue hardship or prejudice on any party. The County Defendants have expressed a preference to have the motion to dismiss the Hiehle Complaint decided now, but that

3

preference does not place undue hardship on the County Defendants. Essentially, the only potential prejudice would be a scenario where the Court dismisses the Amended C.B. Complaint in full while the Hiehle Complaint is stayed. In that unlikely scenario, the Defendants could simply reactivate their motion to dismiss the Hiehle Complaint after the dismissal of the Amended C.B. Complaint. That reactivated motion would likely be docketed quickly and involve nearly identical issues that the Court had already considered and decided. In other words, the only potential prejudice would be a nominal delay in redocketing the motion to dismiss. Compared to the possibility of duplication and the potential for inconsistent arguments, these factors weigh in favor of a stay.

### III. Conclusion

Plaintiffs Hiehle, Lile, and Lashaway respectfully request that the Court enter an Order staying their Complaint until the Court makes a decision on class certification of the C.B. Complaint.

Respectfully submitted,

*/s/ Philip G. Fairbanks*
M. AUSTIN MEHR
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
Mehr Fairbanks Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Email: pgf@austinmehr.com

KEVIN MEHR
TYLER JOLLY
Mehr Jolly, PLLC
3107 W. Colorado Ave., #184
Colorado Springs, CO 80904

4

JASON KOSLOSKI
Kosloski Law, PLLC
1401 Lawrence Street, Ste. 1600
Denver, CO 80202

*Attorneys for Plaintiffs and the Proposed Class*

### CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses for the recipients registered to receive service in this case:

Abbey Nicole Derechin     abbey.derechin@bhgrlaw.com, izabella.ruscitti@bhgrlaw.com, jessica.vecchio@bhgrlaw.com

Aria Vaughan     av@rmlawyers.com, dn@rmlawyers.com, jb@rmlawyers.com, xkr@rmlawyers.com

Bartley K. Hagerman     bkh@austinmehr.com, assistant@austinmehr.com

Christopher Giles Seldin     chris.seldin@bhgrlaw.com, ambrey.gerlikovski@bhgrlaw.com

Christy Noelle Redmond     credmond@thompsoncoe.com, kroche@thompsoncoe.com, redmondchristy2@gmail.com

Crist Anthony Smith Whitney     cw@rmlawyers.com, dn@rmlawyers.com, hm@rmlawyers.com, xkr@rmlawyers.com

David James Goldfarb     djg@bhgrlaw.com, , cds@bhgrlaw.com

Felipe S. Bohnet-Gomez     fbg@rmlawyers.com, dn@rmlawyers.com, xkr@rmlawyers.com

Iris Halpern     ih@rmlawyers.com, dn@rmlawyers.com, xkr@rmlawyers.com

Jason Matthew Kosloski     jkosloski@kosloskilaw.com, jkosloski@recap.email

John C. Baxter     baxterlaw@gmail.com

Josh Adam Marks    jam@bhgrlaw.com, cds@bhgrlaw.com

Katie Wiese Valiant    kw@rmlawyers.com, dn@rmlawyers.com, jb@rmlawyers.com, xkr@rmlawyers.com

Kevin Austin Mehr    kevin.mehr@mehrlawcolorado.com

M. Austin Mehr    amehr@austinmehr.com

Mackenzie M. Novak    mnovak@thompsoncoe.com

Matthew J. Cron    mc@rmlawyers.com, dn@rmlawyers.com, jb@rmlawyers.com, qm@rmlawyers.com, sr@rmlawyers.com, xkr@rmlawyers.com

Neil Singh Sandhu    ns@rmlawyers.com, dn@rmlawyers.com, xkr@rmlawyers.com

Omeed M. Azmoudeh    oa@rmlawyers.com, dn@rmlawyers.com, jb@rmlawyers.com, xkr@rmlawyers.com

Philip G. Fairbanks    pgf@austinmehr.com, assistant@austinmehr.com

Qusair Mohamedbhai    qm@rmlawyers.com, dn@rmlawyers.com, hm@rmlawyers.com, sr@rmlawyers.com, xkr@rmlawyers.com

Siddhartha H. Rathod    sr@rmlawyers.com, dn@rmlawyers.com, qm@rmlawyers.com, xkr@rmlawyers.com

Tyler A. Jolly    tyler@jollylawcolorado.com

William Thomas O'Connell , III    woconnell@thompsoncoe.com, bmccall@thompsoncoe.com

*s/Philip G. Fairbanks*
PHILIP G. FAIRBANKS