**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02531-GPG-KAS
*Consolidated with Civil Action No. 25-cv-02763-GPG-KAS*

TERRIANNE PAIGE HIEHLE, in her individual capacity
and on behalf of all others similarly situated, et al.,

Plaintiffs,

v.

EDWARD ABER, in his individual and official capacities as
Jail Commander of the La Plata County Jail, et al.,

Defendants.

_____

**PLAINTIFFS' RESPONSE TO DEFENDANT ABER'S MOTION TO STAY
PROCEEDINGS**
_____

Plaintiffs, by and through Interim Class Counsel RATHOD ǀ MOHAMEDBHAI LLC and

JOHN BAXTER ATTORNEY AT LAW, respectfully ask the Court to deny Defendant Aber's

Motion to Stay and allow Plaintiffs to timely move forward with their case.

Defendants are alleged to have violated Plaintiffs' rights under both the United States and

Colorado Constitutions through egregious actions. Mr. Aber seeks to delay Plaintiffs' pursuit of

justice due to the criminal proceedings against him for his actions. However, Mr. Aber cannot meet

the high standard required to warrant a stay in these circumstances.

**LEGAL STANDARD**

"The Constitution does not generally require a stay of civil proceedings pending the

outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding

1

whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. However, **a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege**." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (cleaned up, emphasis added). Courts within the Tenth Circuit consider the following six factors in determining whether a stay is appropriate: (1) the overlap between civil and criminal cases; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the plaintiffs' private interests in proceeding expeditiously versus the prejudice caused by a delay; (4) the private interests of and burden on the defendant; (5) the Court's interest; and (6) the public's interest. *Davis v. True*, 2022 WL 425238, at *2 (D. Colo. Feb. 10, 2022). The decision of whether or not to grant a stay is a discretionary decision by the Court – Mr. Aber has no Constitutional right to a stay. *Id.*; *see also In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003).

## ARGUMENT

The weight of the factors counsels against granting a stay in this case. This is a complex case with 18 named plaintiffs and 117 known members of the putative class to date. Plaintiffs filed this case expeditiously after learning of Mr. Aber's illegal conduct and have a strong interest in avoiding unnecessary delay.

## I.    Factor 1 – The Extent of Overlap

The conduct that gives rise to the criminal case against Mr. Aber is part of the conduct that gives rise to Plaintiffs' claims in this case. However, Plaintiffs also bring additional claims that are not just against Mr. Aber. For instance, Plaintiffs bring *Monell* claims against the entities and unreasonable search and seizure and failure to intervene claims against Jacob Harris and Michael

Slade under the United States Constitution. *See* ECF No. 84, *C.B. Plaintiffs' First Amended Complaint* at 41-50. Additionally, Plaintiffs bring Colo. Rev. Stat. § 13-21-131 claims against Mr. Aber and the La Plata Defendants,[1] as well as failure to intervene claims solely against the La Plata Defendants. *Id.* at 50-59.

Mr. Aber concedes that he does not object to briefing regarding any forthcoming motions to dismiss by the La Plata Defendants continuing if the Court grants his motion to stay. ECF No. 89, *Motion to Stay* at 3 n.1. While Plaintiffs agree that, at a minimum, any motion to dismiss briefing should continue, the multitude of other defendants in the case and claims that are against different defendants who are not the subject of criminal proceedings weigh against a stay. Mr. Aber asks the Court to place more weight on this factor than others, *see id.* at 3-4; however, the essence of a balancing test is that no one factor is dispositive. *See Walbridge v. City of Oilton, Okla.*, 788 F. Supp. 3d 1194, 1198 (N.D. Okla. 2025) ("[T]he extent to which the defendant's Fifth Amendment rights are implicated is a significant factor . . ., but it is only one consideration to be weighed against others." (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)). Given the other defendants, this factor weighs against a stay and should not be given undue weight.

## II.     Factor 2 – The Stage of the Criminal Case

Mr. Aber has been criminally charged, and his trial is set for August 10, 2026. "After a criminal indictment has been filed, courts are split as to the propriety of imposing a stay." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1238 (collecting cases showing the split). While Mr. Aber argues that the fact that he has been criminally charged reduces the prejudice to the

---

[1] Plaintiffs use the term "La Plata Defendants" to refer to all defendants other than Mr. Aber.

Plaintiffs because Speedy Trial Act considerations mean a delay will likely be small, this is Mr. Aber's first trial setting and criminal defendants frequently waive speedy trial considerations. There is certainly no guarantee that Mr. Aber's criminal trial will indeed take place on August 10, 2026, and will not be continued until a later, yet to be determined, date. Because courts have elected to both deny and grant stays in cases where the defendant has already been indicted, "[t]his leads the Court to a fact-specific analysis of the remaining factors." *Id.*

### III.    Factor 3 – Plaintiffs' Interests

This is a complex class action with at least 117 known members of the putative class. The Court has already considered briefing on numerous issues, including proceeding anonymously and the appointment of undersigned counsel as Interim Class Counsel. *See, e.g.*, ECF No. 88, *Order Granting Motion to Proceed Anonymously*; ECF No. 73, *Order Appointing RM Group Interim Class Counsel*. "Plaintiffs and Defendants are entitled to a speedy discovery process. This is particularly true in the context of complex litigation which must proceed in an efficient manner." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1239 (internal quotation marks omitted). The Court should give significant weight to the large class of individuals who have a strong interest in pursuing justice in this case.

The staying of Mr. Aber's case pending criminal proceedings also raises an important issue regarding Plaintiffs' ability to collect on any judgment and be made whole. *Id.* (considering that delay could impact Plaintiffs' ability to collect and weighing that against a stay). Plaintiffs bring both federal and state Constitutional claims against Mr. Aber and the entities that employed him. In such circumstances, there is the possibility of conflicts of interest that the Court must safeguard against. Staying Mr. Aber's case pending his criminal proceedings accentuates these issues.

The Tenth Circuit addressed this issue in *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996),[2] holding that suits against an individual and his or her municipal employer "give rise to differing and potentially conflicting defenses. Most notably, the government entity could defend itself by asserting that the official whose conduct is in question acted in a manner contrary to the policy or custom of the entity. . . . Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a 'wise precaution.'" *Id.*

Mr. Aber is represented by separate counsel from the La Plata Defendants. However, it is unknown if the entity defendants will indemnify Mr. Aber is he is found to have violated Plaintiffs' rights under § 1983. Additionally, Plaintiffs in this case also bring claims under the Colorado Constitution through Colo. Rev. Stat. § 13-21-131. As relevant here, § 13-21-131(4)(a) states that "[a] public entity does not have to indemnify a peace officer if the peace officer was convicted of a criminal violation for the conduct from which the claim arises unless the peace officer's employer was a causal factor in the violation, through its action or inaction."[3]

---

[2] The Tenth Circuit in *Johnson* looked to *Dunton v. Suffolk Cnty., State of N.Y.*, 729 F.2d 903 (1984), *amended on other grounds*, 748 F.2d 69 (2d Cir. 1984), and this is frequently referred to as a "*Dunton* issue."

[3] Section 13-21-131(4)(a) additionally states that the employer is required to satisfy a judgment if it is uncollectible. It is Plaintiffs' position that the entity defendants would be required to pay a judgment under this provision even if Mr. Aber was convicted of a crime arising out of his conduct. However, this issue has not yet been decided by a Colorado appellate court. *See Hudnall v. Bd. of Cnty. Comm'rs of Fremont Cnty.*, 24CA142 (Colo. App. 2025) (stating that the district court found the County obliged to satisfy the judgment against its employee but resolving the case on different grounds).

This language has led to municipalities declining to indemnify officers who are convicted of crimes.[4] As an example, Rathod Mohamedbhai LLC is currently litigating a case wherein the jury entered a verdict in excess of $19 million against former Denver Police Department Officer Brandon Ramos but Denver has refused to pay any portion of the judgment because former Officer Ramos was convicted of a crime as well. *See Rey*, *et al. v. Ramos*, 23CV30724. In *Hudnall v. Bd. of Cnty. Comm'rs of Fremont Cnty.*, 24CA142 (Colo. App. 2025), Fremont County similarly "informed counsel that it would not indemnify Lucero or otherwise participate in the litigation" and refused to pay the judgment in favor of the plaintiff due to the officer's criminal conviction.

Currently, Mr. Aber has not been convicted of a crime. However, staying this case pending resolution of his criminal proceedings could severely prejudice Plaintiffs' ability to recover a judgment against him. First, he will have expended resources on his criminal case that could have otherwise been used to satisfy a judgment against him in his civil case.

Second, if he is convicted of a crime, the entity defendants might refuse to indemnify Mr. Aber, and Plaintiffs' ability to recover a judgment would therefore be significantly impacted. While Mr. Aber has separate counsel, there are numerous questions that must be answered in order for the Court to determine whether his interests are being represented in a way that safeguards any potential favorable verdict to Plaintiffs. *See e.g.*, *Price v. Whitten*, No. 22-CV-01099-DHU/KRS, 2023 WL 8530155, at *3 (D.N.M. Dec. 8, 2023) (granting "Plaintiff's request to resolve the *Dunton* conflict"). These include questions like (1) has Mr. Aber received a reservation of rights or communications from the entity defendants regarding indemnification?; (2) has Mr. Aber's counsel been retained as independent counsel for him and, if so, does that change if Mr.

---

[4] Plaintiffs have alleged and intend to prove that the entity defendants were a causal factor in the violation of Plaintiffs' rights. However, Plaintiffs are not guaranteed to be successful in proving this.

Aber is convicted of a crime?; and (3) is there a joint defense agreement in place between Mr. Aber and the entity defendants?

The answers to these questions will impact Plaintiffs' ability to recover a judgment against Mr. Aber from the entity defendants if Mr. Aber is convicted of a crime. Staying this case pending resolution of Mr. Aber's criminal case will prejudice Plaintiffs' ability to collect a judgment against Mr. Aber because the entity defendants could refuse to indemnify Mr. Aber if he is convicted of a crime. Accordingly, Plaintiffs have a strong interest in proceeding with this case rather than staying it, and this factor weighs in favor of denying Mr. Aber's motion.

## IV.      Factor 4 – Mr. Aber's Interests in a Stay

Mr. Aber argues that he should not be placed in a position of being forced to choose between waiving his Fifth Amendment right and forfeiting his civil case. ECF No. 89, *Motion to Stay* at 7, However, this is not the choice he is actually presented with. The court's analysis in *Walbridge*, 788 F. Supp. 3d at 1198, is instructive. In that case, the defendant similarly argued that he was placed in an unfair position. The court noted, however, that this had not in fact come to pass and to the extent that any issues arose, they could be addressed by less drastic measures than a full stay. *Id.* These options included sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, imposing a stay for a finite period of time, limiting a stay to a particular subject, or limiting disclosure only to counsel. *Id.* When the risk of harm is so speculative, the drastic remedy of a stay is unwarranted. *Id.*; *see also In re CFS-Related Sec. Fraud Lit.*, 256 F. Supp. 2d at 1240 (stating it is not unconstitutional to make a defendant decide whether or not to exercise his Fifth Amendment right in his civil proceedings and bear the attendant negative inference).

Additionally, Mr. Aber's own interests actually weigh in favor of proceeding with this case and not waiting for criminal proceedings to conclude. As discussed above, if Mr. Aber is convicted of a crime and found liable for violations of the Colorado Constitution, he faces the possibility that the entity defendants will refuse to indemnify him. Staying this case pending criminal proceedings increases the likelihood of his personal civil liability and is therefore against his interests.

## V.    Factors 5 and 6 – The Court's Interests and the Public's Interests

Both the Court's and the public's interest weigh in favor of expeditious resolution of civil cases.

Mr. Aber asserts that it is in the Court's interest to stay the case so that the Court will not have to make any rulings regarding the scope of Mr. Aber's Fifth Amendment rights. The Court's interest in keeping a large class action moving forward rather than languishing on the Court's docket outweighs any speculative issues regarding the scope of Mr. Aber's Fifth Amendment rights. *In re CFS-Related Sec. Fraud Lit.*, 256 F. Supp. 2d at 1242 (describing the Court's interest in keeping litigation moving to conclusion without delay, especially in complex litigation cases).

Mr. Aber additionally asserts that the public interest favors a stay based on preserving the integrity of the criminal process. ECF No. 89, *Motion to Stay* at 8. However, "[t]he public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." *In re CFS-Related Sec. Fraud Lit.*, 256 F. Supp. 2d at 1242 (quoting *Digital Equip. Corp. v. Currie Enterprises, et al.,* 142 F.R.D. 8, 11 (D. Mass. 1991)). Therefore, to determine whether a stay is in the public's interest, the Court considers whether the prosecutor's office has joined the request for a stay. *Id.* Mr. Aber has not explained *how* proceeding with this civil action could implicate the integrity of the criminal proceedings against him and the District Attorney's office has not joined

8

in Mr. Aber's motion. In these circumstances, this factor weighs against a stay. *Id.* (citing case noting failure of State to join in motion to stay as a factor in denying the stay).

## CONCLUSION

"When applying for a stay, a party must demonstrate a clear case of hardship or inequity." *Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.,* 206 F.3d 980, 987 (10th Cir. 2000) (citations and internal quotations omitted). For the foregoing reasons, Mr. Aber has not met this standard. Accordingly, Plaintiffs ask the Court to deny Mr. Aber's motion in full. If the Court declines to do so, Plaintiffs alternatively ask the Court to (1) proceed with briefing and issuing an order regarding any forthcoming motions to dismiss from the La Plata Defendants, regardless of whether it stays the remainder of this case; and/or (2) impose lesser procedures than a full stay, such as sealing Mr. Aber's pleadings and discovery responses, until August 14, 2026, the date at which Mr. Aber expects his criminal trial to be completed.

Respectfully submitted this 27th day of March 2026.

*s/ Virginia Hill Butler*
Virginia Hill Butler
Katie Wiese Valiant
Siddhartha Rathod
Qusair Mohamedbhai
Felipe Bohnet-Gomez
Omeed M. Azmoudeh
Neil Sandhu
kw@rmlawyers.com
sr@rmlawyers.com
qm@rmlawyers.com
fbg@rmlawyers.com
oa@rmlawyers.com
vb@rmlawyers.com
ns@rmlawyers.com
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100

9

John Baxter
JOHN BAXTER ATTORNEY AT LAW
1099 Main Ave., Suite 500
Durango, Colorado 81301
(970) 903-9578
baxterlaw@gmail.com

*Interim Class Counsel*