## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02531-GPG-KAS
*Consolidated with Civil Action No. 25-cv-02763-GPG-KAS*

TERRIANNE PAIGE HIEHLE, in her individual capacity and on behalf of all others similarly situated;
KATRINA LILE, in her individual capacity and on behalf of all others similarly situated; and
KIMBERLI LASHAWAY, in her individual capacity and on behalf of all others similarly situated,

     Plaintiffs,

v.

EDWARD ABER, in his individual capacity and official capacity as Jail Commander of the La Plata County Jail;
LA PLATA COUNTY, COLORADO;
LA PLATA COUNTY SHERIFF'S OFFICE;
SEAN SMITH, in his individual capacity and official capacity as Sheriff of La Plata County;
MICHAEL SLADE, in his individual capacity;
JACOB HARRIS, in his individual capacity; and
JOHN/JANE DOES #1-10, in their individual capacities,

     Defendants.

---

## DEFENDANT ABER'S REPLY IN SUPPORT OF HIS [ECF 89] MOTION TO STAY PROCEEDINGS

---

Defendant Edward Aber, by and through his counsel, William T. O'Connell, III, and Christy Zahradnik-Mitchell of Thompson, Coe, Cousins & Irons, LLP, hereby submits his Reply in Support of his Motion to Stay and states as follows:

### Introduction

Plaintiffs assert that Mr. Aber "seeks to delay Plaintiffs' pursuit of justice…" by requesting a brief stay in this case. To be clear, Mr. Aber seeks to stay the present matter pending resolution of his parallel criminal case to safeguard his 5th Amendment right against self-incrimination and

ability to vigorously defend the allegations levied against him by Plaintiffs in the present case. Mr. Aber is also the defendant in another civil matter pending in La Plata County, *Delancy, in her individual capacity and on behalf of all others similarly situated v. Aber*, case no. 2025CV30161. Mr. Aber likewise filed a Motion to Stay Proceedings in that matter, pending resolution of his criminal case, which was granted. See **Ex. A**, Order Granting Mr. Aber's Motion to Stay.

<u>Argument</u>

**A. The extent of overlap between Mr. Aber's criminal case and the present matter is substantial and weighs in favor of a stay.**

Mr. Aber did not simply request that the Court attribute more weight to this factor, as Plaintiffs contend. Rather, courts have historically recognized that the extent of overlap between the pending criminal case and civil case is the "most important factor in ruling on a motion to stay." *Berreth v. Frazee*, No. 19CV27-PAB-KMT, 2019WL10250759, * 2 (D. Colo. Apr. 1, 2019). Plaintiffs concede that the alleged conduct giving rise to the criminal case against Mr. Aber is part of the conduct that gives rise to Plaintiffs' claims in this case. [ECF 100 at 2]. However, Plaintiffs argue, without support, that their assertion of additional claims against additional defendants, <u>based on the same alleged conduct</u>, weighs against a stay.

This Court has addressed this argument in prior cases and rejected it. In *Hilda M.*, the plaintiffs did not dispute the existence of basic overlap between the civil and criminal proceeding. *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010WL5313755, * 3 (D. Colo. Dec. 20, 2010). Nevertheless, they argued against staying the case because "the overall civil litigation involves far more claims of wrongdoing against a vaster array of defendants that (sic) does the criminal action." *Id.* However, the court recognized that the primary wrongful conduct alleged in both the civil and criminal cases was the work of Defendants Marlin Brown and Roaring Fork

Plumbing and Heating Company, the same parties seeking the stay. Thus, the court determined this factor weighed in favor of a stay. Similarly, in *Tumpkin*, the plaintiff argued against a stay and asserted that the issues in the criminal case were only a portion of those alleged in the civil case. The court found that argument was a "non-starter" and determined this factor weighed in favor of a stay because the alleged conduct giving rise to the criminal case overlapped with the alleged conduct in the civil case. *Fine v. Tumpkin*, No. 17-CV-2140-WJM-MEH, 2018WL317466, *4 (D. Colo. Jan. 8, 2018).

As acknowledged by Plaintiffs, the alleged conduct giving rise to Mr. Aber's criminal case is the same conduct upon which Plaintiffs base their claims against Mr. Aber, as well as the other Defendants, in the present matter. Thus, this factor weighs in favor of a stay.

### B. The status of the cases weighs in favor of a stay.

As explained in Mr. Aber's Motion to Stay, he has been criminally charged with one hundred and seventeen counts of invasion of privacy for sexual gratification, pursuant to C.R.S. § 18-3-405.6(1), (2)(a), as well as one count of official misconduct pursuant to C.R.S. § 18-8-404. Mr. Aber has entered a not guilty plea to all charges and his criminal trial is scheduled to proceed on August 10, 2026. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Hilda M.*, 2010WL5313755, * 4 (citing *S.E.C. v. Dresser Indust. Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980). Plaintiffs assert, without support, that criminal defendants frequently waive speedy trial considerations and there is no guarantee that Mr. Aber's criminal trial will proceed as

currently docketed. Plaintiffs' argument in this respect is entirely speculative and cannot serve as a basis to deny Mr. Aber's requested stay. This factor weighs in favor of a stay.

### C. Plaintiffs' general interests in proceeding expeditiously is substantially outweighed by the prejudice to Mr. Aber.

This Court has recognized that Plaintiffs have a general interest in the "expeditious resolution" of their case. *Hilda M.*, 2010WL5313755, * 5 (citing *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). In the present case, Plaintiffs also argue staying the case raises an issue regarding Plaintiffs' ability to collect on any judgment and be made whole. [ECF 100 at 4]. This Court has addressed this issue in prior cases.

In *Hilda M.*, the plaintiffs argued against a stay of the case and asserted that the stay could harm its ability to recover from the defendants. *Hilda M.*, 2010WL5313755, * 5. The court recognized this as a legitimate concern for all plaintiffs. *Id.* However, the court determined that the defendants had a significant interest in "avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case" which outweighed Plaintiffs' interests. *Id.* Contrary to Plaintiffs' assertions in their Response, that is the exact quandary Mr. Aber will face if forced to proceed prior to the resolution of his criminal case. Indeed, this Court recognized in *Howell*, that simply requiring a defendant to file a responsive pleading may run the risk of jeopardizing his Fifth Amendment rights and thus found it necessary to stay the case, pending resolution of the parallel criminal proceeding. *Howell v. Watkins*, No. 22-CV-269-CMA-NYW, 2022WL1165774, *3 (D. Colo. Apr. 20, 2022), *report and recommendation adopted,* No. 22-CV-269-CMA-NYW, 2022WL1451903 (D. Colo. May 9, 2022).

Plaintiffs' concern regarding their ability to collect on a potential judgment is premature and cannot serve as a basis to defeat Mr. Aber's request for a stay. Plaintiffs' general interest in proceeding expeditiously is substantially outweighed by the risk of prejudice to Mr. Aber.

## D. Judicial economy and compliance with Rule 1 of the Federal Rules of Civil Procedure favors a stay.

While courts have a strong interest in keeping cases moving, that is not the only interest to consider under this factor. Courts must also "take care to ensure that no party gains an advantage from engaging in discovery in the civil case while the criminal case proceeds, and that the civil proceeding does not expose [the defendant's] criminal defense strategy to the Plaintiff/criminal victim." *Tumpkin*, 2018WL317466 at 5. "The safest way to prevent these issues is to stay civil discovery temporarily until the criminal matter resolves." *Id.*

Courts must also comply with Rule 1 of the Federal Rules of Civil Procedure. Rule 1 requires that the Federal Rules of Civil Procedure, including Rule 26(c) under which stays are considered, be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. This Court weighed these considerations in *Berreth* and concluded that while a stay would result in a delay of the proceedings, the court must also ensure the "just" determination of the action. *Berreth*, 2019WL10250759, *2. To do so, the Court determined that the defendant's interests in avoiding exposure of his criminal defense strategy to plaintiffs outweighed the plaintiff's interest in proceeding with all due speed. *Id.* Thus, the Court found this factor weighed in favor of imposing a stay. *Id.* This Court has also recognized previously that the resolution of a parallel criminal proceeding may "reduce the scope of discovery in the civil case [as] the evidence gathered during

5

the criminal prosecution can later be used in the civil action." *Id*. For these reasons, this factor weighs in favor of a stay.

### E. The public's interest does not mandate denial of the requested stay.

It is true that the District Attorney's office has not joined Mr. Aber's Motion to Stay. However, that is not the only consideration under this factor. This Court has previously considered the public's interest in cases in which the district attorney's office did not join the motion to stay. *Hilda M.*, 2010WL5313755, \*6. In *Howell*, the court recognized that the public has a "strong interest…in general regarding the prompt and efficient handling of all litigation." *Howell*, 2022WL1165774 at 3. However, the court also recognized the public "has an interest in the integrity of criminal proceedings." *Id*. As such, the court found this factor to be neutral. *Id.* This Court has also previously recognized that where there are "overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake…" *Hilda M.*, 2010WL5313755 at 6.

### Conclusion

The totality of the above-referenced factors weigh in favor of granting Mr. Aber's requested stay, pending resolution of his criminal case. As set forth in Mr. Aber's Motion to Stay and above, the stay will allow him to defend both the criminal case and the present matter without having to choose between exercising his right to remain silent and vigorously defending the civil cases. Granting the stay would also be consistent with the public interest by maintaining the integrity of the criminal matter and with the principles of judicial economy.

For the reasons set forth in Mr. Aber's Motion to Stay and above, he respectfully requests this Court grant his Motion to Stay this proceeding, pending the resolution of his parallel criminal case.

Dated this 24th day of April 2026.

**THOMPSON, COE, COUSINS & IRONS, LLP**

*S/ Christy Zahradnik-Mitchell*
William T. O'Connell, III
Christy Zahradnik-Mitchell
1700 Broadway, Suite 900
Denver, CO 80290
Telephone (303) 830-1212
Email: woconnell@thompsoncoe.com
Email: czahradnik-mitchell@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
EDWARD ABER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April,  2026, a true and correct copy of the foregoing **DEFENDANT ABER'S REPLY IN SUPPORT OF HIS [ECF 89] MOTION TO STAY PROCEEDINGS** was filed with the Clerk of the Court for the United States District Court for the District of Colorado using the Federal Court's CM/ECF, System, which will send notification of such filing to all counsel of record.


*s/ Barbara McCall*
Barbara McCall, Legal Assistant

*[Original Signature on File at the Office of Thompson, Coe, Cousins, & Irons, LLP]*

8