| | |
|---|---|
| **6TH JUDICIAL DISTRICT COURT, STATE OF COLORADO**<br><br>**Court Address:**<br>La Plata County Courthouse<br>1060 E. 2ⁿᵈ Ave., Rom 106<br>Durango, CO 81301 | DATE FILED<br>April 15, 2026 9:43 AM<br>CASE NUMBER: 2025CV30161 |
| **PLAINTIFF:**<br>TILISHA DELANCY, in her individual capacity and on behalf of all others similarly situated,<br><br><br>v.<br><br><br>**DEFENDANT:**<br>EDWARD ABER | ▲ COURT USE ONLY ▲ |
| | **Case Number: 25CV30161**<br>**Division:** 1 |
| **ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS** | |

This matter comes before the court on the Defendant's Motion to Stay Proceedings. After considering the filings and being otherwise apprised, the court grants the request to stay the civil proceedings until the conclusion of the criminal case.

The civil case against the Defendant involves claims that the Defendant engaged in conduct while serving as the Jail Commander of the La Plata County where he is alleged to have engaged in misconduct, including soliciting female inmates to expose their bodies, kiss each other, perform sexual 'dances,' and remove clothing in exchange for leniency, access to contraband, or special privileges.

Mr. Aber has been criminally charged with one hundred and seventeen counts of invasion of privacy for sexual gratification, as well as one count of official misconduct pursuant to C.R.S. 18-8-404.

The defense has requested a stay in the civil case until the criminal charges have been resolved.

Ex. A

**RELEVANT LAW**

"A trial court generally has discretion to grant or deny a stay." *In re Application for Water Rights of United States*, 101 P.3d 1072, 1080 (Colo. 2004)(*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

The person seeking a stay "bears the burden of establishing its need." *Clinton,* 520 U.S. at 708, 117 S.Ct. 1636. "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Hicks v. City of N.Y.,* 268 F.Supp.2d 238, 241 (E.D.N.Y.2003) (internal quotation marks omitted).

The Colorado Court of Appeals has recognized and utilized the following six-factor test when determining whether a stay is appropriate:

1) The extent to which the issues in the criminal case overlap with those presented in the civil case;
2) The status of the case, including whether the defendant has been indicted;
3) The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
4) The private interests of and burden on the defendant;
5) The interests of the courts; and
6) The public interest.

*People v. Shifrin*, 342 P.3d 506 at 513 (Colo. App. 2014).

These tests, however, no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercises its discretion. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 P.3d 83 at 99 (2d Circ. 2012).

The district court's decision ultimately requires and must rest upon "a particularized inquiry into the circumstances of, and the competing interests in, the case." *Banks v. Yokemick,* 144 F.Supp.2d 272, 275 (S.D.N.Y.2001) (citing *Keating,* 45 F.3d at 325); *see also 4003–4005 5th Ave.,* 55 F.3d at 85 ("[H]ow a trial court should ... react to any motion precipitated by a litigant's assertion of the Fifth Amendment in a civil proceeding ... necessarily depends on the precise facts and circumstances of each case."); *Volmar Dist., Inc. v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993) ("Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice.").

**ANALYSIS**

In this matter, the defendant is requesting a stay of the proceedings. The defendant states that he has been criminally charged with one hundred and seventeen counts of invasion of privacy for sexual gratification, pursuant to C.R.S. 18-3-405.6(1), (2)(a), as well as one count of official misconduct pursuant to C.R.S. 18-8-404.

**Factor One: The extent to which the issues in the criminal case overlap with those presented in the civil case**

The defense alleges that the criminal charges against the defendant are based on the same alleged conduct giving rise to both the present civil action and the USDC action.

The plaintiffs assert that the criminal case does not arise out of the same alleged conduct because the civil case is about what the defendant is alleged to have done directly to the female inmates in his care—providing them gifts, special treatment, and consideration on one hand, and threatening them with his considerable authority on the other, to extract sexual conduct and contact from these inmates. Whereas the criminal case is about separate misconduct where the defendant used his access in the jail to view coerced strip-search videos of female inmates.

The court notes that both the civil conduct and the criminal conduct allegedly arise out of conduct taken by Mr. Aber while he was in his official capacity with the La Plata County Sheriff's Office, executing his duties in the La Plata County Jail.

The court recognizes that the act of viewing videos of the inmates is different conduct than providing gifts, special treatment, and consideration, as well as threats, to extract sexual conduct, the court also recognizes that discovery between these two charges is likely to overlap.

The court also notes that Rule 26 of the Colorado Rules of Civil Procedure states that "subject to the limitations and considerations contained in subsection (b)(2) of this Rule, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* Because of the differing standards between admissible evidence and discoverable evidence, the court determines that the scope of discoverable evidence in the civil case is likely to substantially overlap with the evidence in the criminal case even though there will be less overlap of admissible evidence between the two cases.

Yet the court is also aware that these incidents occurred over the same time period, while the defendant was employed by the La Plata County Sheriff's Office. Both incidents involve taking advantage of inmates in his position of authority. Both the civil and criminal allegations involve sexually controlling acts derived from the defendant being in a position of power. The witnesses in each case are also likely to involve many of the same individuals. The camera footage and searches of the defendant's property, including his electronic devices, are also likely to be discoverable in both cases.

Last, the court is aware that "[i]t is well established that Colorado has a liberal policy regarding the amendment of charging documents in the absence of any prejudice to the defendant."

*Higgins v. People*, 868 P.2d 371, 375 (Colo. 1994); *See* Crim.P. 7(e) (information may be amended any time prior to trial if defendant's rights are not prejudiced); *see also* Crim.P. 6.8 (amendment of indictments). This policy has been extended to the amendment of complaints, *see People v. Hertz,* 196 Colo. 259, 260, 586 P.2d 5, 6 (1978), and felony complaints. *See People v. Hodge,* 694 P.2d 1277, 1280 (Colo.App.1984).

As a result, it is also likely that statements made by the defendant, should he make statements in the civil case, would be available to the District Attorney in his criminal case. Based upon the information in those statements, the District Attorney would have the ability to liberally amend their charging documents to the detriment of the defendant.

Considering the relationship of the two cases, this factor weighs in favor of the defendant's request.

**Factor Two: The status of the case, including whether the defendant has been indicted**

With respect to the second factor, the court notes that the civil case is in its early stages. On the other hand, the criminal case is currently set for a jury trial on August 10, 2026.

This factor weighs in favor of the defendant's request.

**Factor Three: The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay**

According to the plaintiff, she is a woman who was directly victimized by the Defendant's sexual misconduct while being held in the La Plata County Jail. She is also bringing this lawsuit on behalf of all of the other women that the Defendant victimized. The other women were also victimized by the Defendant while he was in a position of absolute authority over them.

The plaintiff also argues that delays will harm the plaintiff's ability to obtain negative inferences from the defendant's invocation of his fifth amendment privilege. The delay would increase the risk that witnesses may no longer be available or that their memories will fade.

The Defendant counters that the requested stay would only delay the civil matter for a short period of time until the jury trial occurred in the criminal cases, thereby alleviating the concerns regarding unavailability of witnesses or lapses of memory.

The court determines that this factor weighs in favor of denying defendant's request.

**Factor Four: The private interests of and burden on the defendant**

The court recognizes that the defendant will face a difficult decision in attempting to resolve the quandary of choosing between waiving his fifth amendment rights or effectively forfeiting the civil case.

The court determines that this factor favors granting defendant's request.

**Factor Five: The interests of the courts**

The plaintiff has asserted that the court has a strong interest in cases reaching their conclusion without unnecessary delay. *In re CFS*, 256 F. Supp 2d at 1241. The court notes the persuasive authority that a "policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes with judicial administration." *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.,* 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980).

The court further recognizes that *Rule 1 of the Colorado Rules of Civil Procedure* states that the "rules should be liberally construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." *See C.R.C.P. Rule 1(a).*

The Defendant argues that the overarching issues in the criminal case and the present case will likely lead to efficiencies in discovery, including witness identification and more streamlined discovery. *See Tolkow*, 109 F.R.D. at 119-120 (granting a stay and noting that the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues.).

Considering the competing issues, the court determines that this factor is mixed, providing limited support for each side.

**Factor Six: Public interest**

With respect to the last factor, the defendant argues that the public interest is furthered by a stay because the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant. *See Jones*, 2005 WL 1287017.

The plaintiff argues that the public has an interest in the "prompt and efficient handling of all litigation." *Howell*, 2022 WL 1165774. The plaintiff states that the interest is at its peak when the litigation involves pervasive misconduct in its sheriff's office.

The court determines that this factor favors granting the defendant's request because it prioritizes the Public's Interest which is directly protected by the preservation of a fair and just criminal case where the People of the State of Colorado's interests are represented by the District Attorney.

**CONCLUSION AND ORDER**

Considering the circumstances of, and competing interests in this case, the court determines that the defendant has met his burden of establishing need for a stay and that the weight of the factors considered above, supports his request, despite the prejudice to the plaintiff.  Therefore, the court grants the defendant's request and stays the civil case until the resolution of the criminal case.

SO ORDERED, April 15, 2026

_____
Hon. Nathaniel Baca
6th Judicial District Court Judge