IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02531-GPG-KAS
     Consolidated with Civil Action No. 25-cv-02763-GPG-KAS

---

Civil Action No. 25-cv-02531-GPG-KAS

TERRIANNE PAIGE HIEHLE, in her individual capacity and on behalf of all others
similarly situated;
KATRINA LILE, in her individual capacity and on behalf of all others similarly situated;
and
KIMBERLI LASHAWAY, in her individual capacity and on behalf of all others similarly
situated,

     Plaintiffs,

v.

EDWARD ABER, in his individual capacity and official capacity as Jail Commander of
the La Plata County Jail;
LA PLATA COUNTY, COLORADO;
LA PLATA COUNTY SHERIFF'S OFFICE;
SEAN SMITH, in his individual capacity and official capacity as Sheriff of La Plata
County;
MICHAEL SLADE, in his individual capacity;
JACOB HARRIS, in his individual capacity; and
JOHN/JANE DOES #1-10, in their individual capacities,

     Defendants.

---

Civil Action No. 25-cv-02763-GPG-KAS

C.B.;
R.C.;
J.E.;
S.H.;
A.H.;
A.H.;
M.J.;
J.L.;
M.N.;
E.P.;
S.R.;

M.S.;
A.S.;
N.T.;
K.T.;
R.W.;
I.W.; and
J.W., individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

EDWARD ABER, in his individual and official capacity as Jail Commander of the La Plata County Jail;
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA;
JACOB HARRIS, in his individual capacity;
MICHAEL SLADE, in his individual capacity; and
SEAN SMITH, in his official capacity as Sheriff of La Plata County,

      Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant Aber's **Motion to Stay Proceedings** [#89] ("Def. Aber's Motion") and Plaintiffs Hiehle, Lile, and Lashaway's (hereinafter, the "Hiehle Plaintiffs'") **Motion to Stay Claims** [#90] ("Hiele Pls.' Motion").

In the Motion [#89], Defendant Aber moves to stay "all proceedings and discovery" in this action pending resolution of his parallel criminal proceedings. Neither the Hiehle Plaintiffs nor the La Plata County Defendants oppose the Motion [#89], but the C.B. Plaintiffs oppose. The C.B. Plaintiffs filed a Response [#100], and Defendant Aber filed a Reply [#107]. Notwithstanding any stay that should enter, Defendant Aber does not object to the Court's adjudication of the La Plata County Defendants' pending Motion to Dismiss

2

[#101] because "Mr. Aber's Fifth Amendment interests would not be implicated by the same." *Def. Aber's Motion* [#89] at 3 n.1.

In the Motion [#90], the Hiehle Plaintiffs seek to stay their individual claims pending resolution of class certification in the consolidated action. In the Certificate of Conferral, the Hiehle Plaintiffs state that neither the C.B. Plaintiffs nor Defendant Aber oppose the Motion [#90], but the La Plata County Defendants oppose. *Hiele Pls.' Motion* [#90] at 1 n.1. The La Plata County Defendants did not file a Response to the Motion [#90], and their deadline to do so has passed.

The Motions [#89, #90] have been referred to the undersigned. *See Memorandum* [#91].[1] The Court has considered the Motions [#89, #90] and related briefing, the case file, and the applicable case law. For the following reasons, the Court **GRANTS** the Motions [#89, #90].

## I.    Background

This consolidated action concerns the Hiehle Plaintiffs' and the C.B. Plaintiffs' allegations that Defendant Aber, while serving as Commander of the La Plata County Jail, accessed and viewed, for his own sexual gratification, video recordings of inmates subjected to strip searches. *See Hiehle Pls.' Compl.* [#1] ¶¶ 2-4; *C.B. Pls.' Am. Compl.* [#84] at 2-3. The Plaintiffs also assert causes of action against the La Plata County Defendants based on their failure to intervene in Defendant Aber's alleged conduct. *See Hiehle Pls.' Compl.* [#1] ¶¶ 7-8; *C.B. Pls.' Am. Compl.* [#84] at 2-3.

The Hiehle Plaintiffs filed their complaint in this action, Civil Action No. 25-cv-02531-GPG-KAS, in August 2025. *Hiehle Pls.' Compl.* [#1]. In September 2025, they

---

[1] All parties do not consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#42].

moved to consolidate their case with the C.B. Plaintiffs' case, Civil Action No. 25-cv-02763-GPG-KAS. *Motion to Consolidate* [#38]. The Court granted the Motion to Consolidate and appointed the C.B. Plaintiffs' counsel as interim class counsel. *Order* [#49]; *Order* [#73] at 3. The Hiehle Plaintiffs' Complaint [#1] remains active on the docket, and the La Plata County Defendants have filed a Motion to Dismiss [#54]. Meanwhile, the C.B. Plaintiffs filed an Amended Complaint [#84], and the La Plata County Defendants filed a corresponding Motion to Dismiss [#101]. The Hiehle Plaintiffs' and the C.B. Plaintiffs' deadline to respond to the respective Motions to Dismiss [#54, #101] is May 15, 2026. *Order* [#79]; *Order* [#109].

Defendant Aber has separately been charged with 118 criminal counts with respect to the alleged conduct. *See Motion* [#89] at 2. The criminal proceeding is pending in La Plata County and is captioned *The People of the State of Colorado v. Aber, Edward J.*, Case No. 2025M532. *Id.*

## II.    Analysis

### A.    Defendant Aber's Motion [#89]

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). In the interest of justice, however, a court may stay a civil action until completion of parallel criminal proceedings at its discretion. *See DTC Energy Grp., Inc. v. Hirschfeld*, No. 17-cv-01718-PAB-KLM, 2019 WL 9512846, at *1 (D. Colo. Aug. 19, 2019); *AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007). "When deciding whether the interests of justice seem to require a stay, the court must

4

consider the extent to which a party's Fifth Amendment rights are implicated[.]" *Fine v. Tumpkin*, No. 17-cv-02140-WJM-MEH, 2018 WL 317466, at *3 (D. Colo. Jan. 8, 2018) (quoting *Creative Consumer Concepts*, 563 F.3d at 1080).

To determine whether a stay is warranted in a particular case, a court must generally balance the plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived." *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003) (citation omitted). The Court may also consider alternatives to a general stay, including "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." *AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236).

When exercising its discretion, the Court considers the following factors:

1. the extent to which the issues in the criminal case overlap with those presented in the civil case;

2. the status of the case, including whether the defendants have been indicted;

3. the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

4. the private interests of and burden on the defendants;

5. the interests of the court; and

6. the public interest.

*Id.*

5

The first factor is the "most important factor in ruling on a motion to stay." *Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010) (internal quotation marks and citation omitted). The parties agree that factual overlap exists between the criminal and civil proceedings as far as Defendant Aber is concerned. *Compare Def. Aber's Motion* [#89] at 2 ("The criminal charges against Mr. Aber are based on the same alleged conduct giving rise to the civil complaints against him."), *with Response* [#100] at 2 ("The conduct that gives rise to the criminal case against Mr. Aber is part of the conduct that gives rise to Plaintiffs' claims in this case."). Based on the filings in this matter, the Court agrees. To the extent that this action involves "more claims of wrongdoing against a vaster array of defendants," *see Hilda M.*, 2010 WL 5313755, at *3, the Court finds that the primary wrongful conduct was that of Defendant Aber. The rest of the claims relate back to the original wrongdoing in one respect or another. *See, e.g.*, *C.B. Pls.' First Am. Compl.* [#84] at 41-45 (asserting Claims 5-8 against Defendants Slade and Harris on the theory that they failed to intervene to stop Defendant Aber's actions); *id.* at 45-50 (asserting Claims 9-11 against the Board and Sheriff Defendants on the theory that they failed to adequately supervise or discipline Defendant Aber, were deliberately indifferent to Defendant Aber's actions, and failed to train employees to monitor, limit, and/or report Defendant Aber's actions). Accordingly, the Court finds that this factor weighs heavily in favor of imposition of a stay of discovery. *See Hilda M.*, 2010 WL 5313755, at *3; *Fine*, 2018 WL 317466, at *4.

With respect to the second factor, i.e., the status of the criminal case, the Court considers whether the criminal case is in the pre- or post-indictment stage. *AIG Life Ins. Co.*, 2007 WL 2116383, at *2. "A stay is more likely warranted if an indictment has already

6

been issued because (1) the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and (2) the prejudice to the plaintiff[] in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id.* (internal quotation marks and citation omitted). Here, charges have been filed against Defendant Aber and he has entered a plea of not guilty. *Motion* [#89] at 2-3. His criminal trial is scheduled to commence on August 10, 2026. *Id.* Therefore, the Court finds that this factor weighs in favor of a stay.

With respect to the third factor, i.e., the plaintiffs' interest in proceeding expeditiously weighed against the prejudice caused by a delay, the Court recognizes that the C.B. Plaintiffs oppose a stay. *Response* [#100] at 4-7. Citing *In re CFS*, 256 F. Supp. 2d at 1239, the C.B. Plaintiffs assert that they are "entitled to a speedy discovery process," which is all the more true "in the context of complex litigation which must proceed in an efficient manner." *Response* [#100] at 4. The C.B. Plaintiffs further argue that this factor weighs strongly in their favor due to the putative class's large size and because a criminal conviction could impede their ability to collect on a judgment and be made whole. Specifically, the C.B. Plaintiffs note that, if Defendant Aber is convicted of a crime, the La Plata County Defendants may not have to indemnify him. *See Response* [#100] at 5-6; *see also* COLO. REV. STAT. § 13-21-131(4)(a) ("A public entity does not have to indemnify a peace officer if the peace officer was convicted of a criminal violation for the conduct from which the claim arises unless the peace officer's employer was a causal factor in the violation, through its action or inaction."). The Court recognizes the C.B. Plaintiffs' interest in protecting their ability to collect a judgment. However, that interest does not outweigh Defendant Aber's interest in "avoiding the quandary of choosing between waiving [his]

Fifth Amendment rights or effectively forfeiting the civil case." *Hilda M.*, 2010 WL 5313755, at \*5 (quoting *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995)). And even if it did, the pace at which this case is likely to proceed further undermines the C.B. Plaintiffs' argument. This case is in its early stages, and the La Plata County Defendants' Motions to Dismiss [#54, #101] are not yet fully briefed. To the extent that the C.B. Plaintiffs endeavor to race to a judgment in this case before the criminal trial concludes, it is not a race that the C.B. Plaintiffs are likely to win, even absent a stay of discovery. Accordingly, if this factor weighs against a stay, it does so only marginally. *See Auto-Owners Ins. Co. v. Next Generation Energy, LLC*, No. 14-cv-01580-REB-KLM, 2014 WL 7251678, at \*2 (D. Colo. Dec. 19, 2014) ("As a practical matter, therefore, it is highly unlikely that the Court will adjudicate whether or not Plaintiff has a duty to defend Defendants Kreutzman, Kreutzman Construction, Inc. and Next Generation Energy, LLC before completion of Mr. Kreutzman's criminal trial. Hence, staying this case until the conclusion of the criminal trial is not likely to result in any significant delay in determining whether Plaintiff has a duty to defend.").

With respect to the fourth factor, Defendant Aber has a substantial interest— although not an absolute right—in avoiding the Fifth Amendment dilemma described above. *DTC Energy Grp.*, 2019 WL 9512846, at \*3; *Creative Consumer Concepts*, 563 F.3d at 1080. The C.B. Plaintiffs point the Court to *Walbridge v. City of Oilton*, 788 F. Supp. 3d 1194, 1199 (N.D. Okla. 2025), in which the court was not convinced that the defendant had "yet" been faced with such a quandary in the context of that case. However, the *Walbridge* court was very concerned about the substantial prejudice that a

8

stay would impose on the plaintiff who was 76 years old and suffered from health issues. *Walbridge*, 788 F.Supp.3d at 1198. Because such a concern has not been raised here, the Court finds *Walbridge* unpersuasive. Further, even if the Fifth Amendment quandary does not come to pass, as the C.B. Plaintiffs suggest, the Tenth Circuit has advised that "[a] district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Creative Consumer Concepts*, 563 F.3d at 1080-81. Here, where substantial overlap likely exists between the putative class members and the criminal victims, the Court finds this last point particularly salient. It also causes the Court to doubt the efficacy of any less drastic alternative to a total discovery stay. *See Fine*, 2018 WL 317466, at *5. Thus, this factor weighs in favor of a stay.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation moving to conclusion without necessary delay." *In re CFS*, 256 F. Supp. 2d at 1241. However, in this case, final resolution of the parallel criminal proceedings could increase the possibility of settlement and may ultimately reduce the scope of discovery. *AIG Life Ins. Co.*, 2007 WL 2116383, at *4; *Windham for Marquis Props., LLC v. Snyder*, No. 2:18-cv-00063-RJS-EJF, 2018 WL 4100512, at *4 (D. Utah Aug. 28, 2018) ("Proceeding first with the criminal matter may narrow the issues in this case and streamline discovery, which would ultimately benefit this case and expedite resolution."). On balance, this factor is neutral.

With respect to the sixth factor, the public's only interest in this case is a general interest in its efficient and just resolution. *Brown v. Tennison*, No. 19-cv-00941-RM-SKC,

2020 WL 12371300, at *4 (D. Colo. Jan. 13, 2020). While a stay will result in a delay of the proceedings and, thus, contravene any "speedy" administration of the case, the court must also ensure a "just" determination of the action. *Berreth v. Frazee*, No. 19-cv-00027-PAB-KMT, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019). Considering these competing goals, the Court also finds that this factor is neutral.

Weighing the relevant factors, the Court concludes that staying Defendant Aber's Answer deadline and discovery in this matter is warranted.

**B.    The Hiehle Plaintiffs' Motion [#90]**

The Hiehle Plaintiffs seek to stay their individual claims pending a ruling on the C.B. Plaintiffs' anticipated motion to certify the putative class. *Motion* [#90] at 1. The Hiehle Plaintiffs reason that "[i]f the Court does certify a class under the C.B. Complaint, then the Hiehle Plaintiffs will have the option to join that class, the same as any class member." *Id.* at 2. Alternatively, "[i]f the Court does not certify a class under the C.B. Complaint, the Hiehle Plaintiffs' individual claims could then be reactivated on the docket at that time." *Id.* Either way, the Hiehle Plaintiffs argue, "a stay would promote efficiency, avoid duplication, and allow Interim Class Counsel to move the case forward, as the Court has ordered." *Id.*

Although a stay of proceedings is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). In exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the

burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

The first factor concerns the plaintiff's interest in proceeding expeditiously and any prejudice the plaintiff would experience because of a delay. *String Cheese Incident*, 2006 WL 894955, at *2. Although the Hiehle Plaintiffs have an interest in proceeding expeditiously with their claims, they seek the instant stay so that they can decide whether to join the putative class or proceed with their individual claims before expending further time and resources. Therefore, this factor weighs in favor of a stay.

The second factor concerns the burden on the defendant of proceeding with discovery. *Id*. Here, the instant stay is proposed by the Hiehle Plaintiffs, not Defendants, as the *String Cheese Incident* factors contemplate. The Hiehle Plaintiffs represent that the La Plata County Defendants nevertheless oppose the Motion [#90]. But without any input from them, the Court is unable to discern any material prejudice to the La Plata County Defendants by the proposed stay. Therefore, this factor weighs in favor of a stay.

The third factor concerns the convenience of the Court. *String Cheese Incident*, 2006 WL 894955, at *2. The Court recognizes that an "ill-advised stay" may inconvenience the courts by making the "docket less predictable and hence, less manageable." *Raven v. Williams*, No. 10-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (citation omitted). Here, however, the proposed stay does not make the Court's docket less predictable or manageable. The putative class action will

11

proceed following resolution of the parallel criminal proceeding, and the proposed stay merely pauses the Hiehle Plaintiffs' individual claims in the event that they decide to join the class following class certification. Therefore, staying this matter serves the interests of efficiency and judicial economy. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008) (noting that the District Court, "in the interests of judicial economy," stayed the plaintiff's individual claims until the plaintiff decided whether to proceed individually or as a member of the putative class).

The fourth factor concerns the interests of nonparties. *String Cheese Incident*, 2006 WL 894955, at *2. There are no identified nonparties with significant particularized interests in this case. Accordingly, this factor neither weighs in favor of or against staying discovery.

The fifth factor concerns the public interest. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. "[T]here is a general public interest in the speedy resolution of legal disputes," but "there is also a strong public policy in avoiding unnecessary expenditures of public and private resources on litigation." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *3 (D. Colo. Nov. 4, 2019) (internal quotation marks and citation omitted). Here, requiring the Hiehle Plaintiffs to advance their individual claims before the Court adjudicates the class certification issue, and before the Hiehle Plaintiffs have an opportunity to decide whether to join the class, would not serve the public interest in avoiding unnecessary expenditures. Therefore, this factor weighs in favor of a stay.

Weighing the relevant factors, the Court finds that four factors weigh in favor of staying discovery and one factor is neutral. Thus, the Court concludes that staying the

Hiehle Plaintiffs' individual claims pending resolution of the class certification issue is appropriate.

### III.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that Defendant Aber's Motion [#89] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendant Aber's responsive pleading deadline and all discovery in this matter is **STAYED until August 21, 2026**—one week following the date on which Defendant Aber expects his criminal trial to conclude. *See Response* [#100] at 9. This stay does not apply to the resolution of the La Plata County Defendants' pending Motion to Dismiss [#101].

IT IS FURTHER **ORDERED** that Defendant Aber's answer or other response to the C.B. Plaintiffs' Amended Complaint [#84] is due **September 4, 2026**, 14 days after the stay is lifted.

IT IS FURTHER **ORDERED** that Defendant Aber shall file a Status Report concerning the status of his criminal proceedings no later than **August 21, 2026**, at which time the Court will determine whether the stay should be extended.

IT IS FURTHER **ORDERED** that the Hiele Plaintiffs' Motion [#90] is **GRANTED**. The Hiehle Plaintiffs' claims are **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that the Hiehle Plaintiffs shall, within 14 days of an order resolving certification of the putative C.B. class, file either a Motion to Lift the Stay or a Status Report regarding the Hiehle Plaintiffs' Complaint [#1].


Dated: May 12, 2026                                    BY THE COURT:


13

Kathryn A. Starnella
United States Magistrate Judge