Exhibit A

| | |
|---|---|
| County Court, La Plata County, Colorado<br>Court Address:<br>1060 E. 2nd Avenue, Durango, CO 81301<br><br>**PEOPLE OF THE STATE OF COLORADO, PLAINTIFF**<br><br>**v.**<br><br>**EDWARD ABER, ACCUSED.** | DATE FILED<br>September 25, 2026 12:58 PM<br>FILING ID: 681F388361CF2<br>CASE NUMBER: 2025M532<br><br>▲ **COURT USE ONLY** ▲ |
| Co-Counsel for Edward Aber:<br>Maura L. Guaderrama, Esq.<br>Law Firm of Maura L. Guaderrama<br>9 Burnett Court, Suite B<br>Durango, CO 81301<br>Phone Number: (970) 880-0382<br>Email: maura@guaderramalaw.com<br>Atty. Reg. #57154 | Case Number: 25M532<br><br>Division B Courtroom |

**MOTION FOR SANCTIONS**
**DUE TO THE PEOPLE'S VIOLATION OF RULE 16 AND C.R.S. § 16-5-203**

Edward Aber, through counsel, respectfully moves this Court for a finding that the People violated its mandatory disclosure obligations under Crim. P. 16 and C.R.S. § 16-5-203 and further requests that a continuance be charged to the People pursuant to Crim. P. 16(III)(g). In support, Mr. Aber states the following:

## I. Introduction

Charges were filed against Mr. Aber more than fourteen months ago. The criminal investigation that purportedly supports these charges began even earlier on January 2, 2025. Despite an initial witness endorsement of more than 130 people, the People represented to this Court on March 2, 2026, that parties could try this case in five days. Then, the People put everything into an utter state of confusion when, on September 11, 2026—approximately 400 days after Mr. Aber's first appearance and shortly before the *second* scheduled trial—the prosecution endorsed an additional forty-five witnesses.

Crim. P. 16(1)(a) requires disclosure of the names and addresses of known witnesses "*whom he or she intends to call at trial*." The prosecutor must provide this "as soon as practicable but not later than 21 days after the defendant's first appearance." Crim. P. 16(1)(b). The purpose is fundamental: the defense must have a meaningful opportunity to investigate the prosecution's witnesses, obtain impeachment material, identify contradictory evidence, determine whether additional investigation or expert consultation is necessary, and prepare effective cross-examination before trial.

The prosecution's September 11 endorsement, as well as their subsequent statements in Court on September 23, defeats this purpose and obliterates Mr. Aber's sacrosanct constitutional rights to due process, a fair trial, the ability to present a defense, and effective assistance of counsel.

Defense counsel notified the Court of the September 11, 2026, endorsements and the concerns associated with the late endorsements in its request for a status conference. In response, the Court scheduled a status conference for September 23, 2026. At the status conference, the People maintained that they would be able to try Mr. Aber's case in five days. This would imply that the People knew then, and they know now, that they do not intend to call anywhere near the 184 witnesses they endorsed. Their July 22 and September 11 endorsements therefore created a materially false impression for the defense and the Court about the witnesses they actually intend to call.

On September 23, the Court afforded the prosecution an additional fourteen days to identify its "good faith" trial witnesses from the list of 184 witnesses endorsed thus far. That schedule leaves defense counsel approximately seventeen business days to investigate and prepare for the witnesses the prosecution ultimately identifies. In a prosecution involving 115 alleged victims, extensive digital and body-camera evidence, over 6,000 pages of paper discovery (with material discovery disclosed by the prosecution as recently as August 21, 2026), and now more than 180 endorsed witnesses, the Court's September 23, 2026, ruling does not provide defense counsel with a meaningful opportunity to prepare for Mr. Aber's trial.

Defense counsel should not be forced to choose between Mr. Aber's right to a speedy trial and his constitutional right to due process, a fair trial, and effective assistance of counsel because the prosecution failed to perform a disclosure obligation that should have been completed more than a year ago.

The violation is particularly concerning because it does not arise in isolation. During prior discovery litigation, the prosecution represented that requested communications did not exist, only to subsequently acknowledge in its response to Mr. Aber's Motion for Special Prosecutor [D-7] the very existence of those communications. Although the Court did not impose sanctions at this time, the present violation demonstrates the need for meaningful enforcement of the prosecution's Rule 16 obligations.

Mr. Aber therefore requests that the Court find a violation of Crim. P. 16, determine the circumstances responsible for the untimely endorsements, and impose a continuance charged to the prosecution, placing the consequences of the prosecutions' noncompliance upon the prosecution—not upon Mr. Aber.

## II. Relevant Procedural History

1. This case was filed on July 22, 2025.

2. On July 23, 2025, Assistant District Attorney Vance Davis filed the criminal complaint, including an endorsement of 139 witnesses.

3. On August 5, 2025, Deputy District Attorney Emily Morin endorsed one additional witness.

4. Mr. Aber made his first appearance on August 7, 2025.

5. On March 2, 2026, Mr. Aber entered a not guilty plea and the case was set for trial August 10-14, 2026. ADA Davis represented to the Court that it could be tried in five days.

6. On May 14, 2026, a jury trial was scheduled for November 2 – 6, 2026, after Mr. Aber executed an oral waiver of his right to a speedy trial.

7. Under Crim. P. 16 and C.R.S. § 16-5-203, the prosecution was required to provide its written list of known witnesses that they intend to call at trial as soon as practicable and, in any event, no later than twenty-one days following Mr. Aber's first appearance.

8. Nevertheless, on September 11, 2026, DDA Morin endorsed an additional forty-five witnesses, including a deceased person.

9. The September 11 endorsement increased the prosecution's endorsed witness list from approximately 139 witnesses to approximately 184 witnesses.

10. At the September 23, 2026, status conference, defense counsel raised the issue arising from the extraordinary lateness and volume of the prosecution's witness endorsements. Defense counsel also inquired whether the Court believed that this number of prosecution witnesses, along with defense witnesses, could testify and be meaningfully cross-examined in five days' time.

11. ADA Davis maintained, with complete confidence, that this case could be tried in five days. A reasonable implication of this representation to the Court is that the People know full-well they are not calling anything close to the 184 witnesses they endorsed but are filing the extensive endorsements anyway.

12. Rather than requiring the prosecution immediately to identify the witnesses it actually intends to call in compliance with Rule 16, the Court afforded the prosecution an additional fourteen days to provide what the Court characterized as a "good faith witness list."

13. The Court issued this ruling even after ADA Davis requested that he be given an opportunity to "take a look at what's been filed" and be able to file a good faith witness list in twenty-one days, despite representing, unequivocally, that the People can try this case in five days. Mr. Davis's statement on September 23, 2026, as well as his written Response to the Motion for Special Prosecutor [D-7], gives the Court more than enough grounds to infer that the prosecution is not operating in good faith and even more concerningly, not abiding by Colo. RPC 3.3.

14. As a result of the Court's September 23, 2026, ruling, defense counsel will have approximately seventeen business days after receiving the prosecution's narrowed witness list to investigate an unknown number of witnesses and prepare for their testimony.

15. This is not a case in which a single previously unknown witness recently surfaced or new evidence unexpectedly revealed the need for additional testimony. To the extent these forty-five witnesses were known to the prosecution within the Rule 16 disclosure period, their disclosure more than a year later violates the express deadline imposed by the Rule.

16. To the extent the prosecution contends that some or all of these witnesses only recently became known, the prosecution should be required to establish when each witness became known, how the witness became known, and why disclosure was not practicable at an earlier date.

## III. The Prosecution's Untimely Disclosure Violates Crim. P. 16

Crim. P. 16 imposes affirmative and continuing disclosure obligations upon the prosecution. Its deadlines are not aspirational. Criminal discovery exists to promote fairness and prevent trial by ambush by providing the accused a meaningful opportunity to investigate and prepare before trial. *People v. Grant*, 492 P.3d 345, 349 (Colo. App. 2021). "Compliance with this rule is mandatory for the district attorney, *Wickham v. People*, 93 P. 478 (Colo. 1907), so that the defendant can adequately prepare his defense by investigating the information furnished by endorsed witnesses. *Kloberdanz v. People*, 31 P.2d 1111 (Colo. 1934). *People v. Bailey*, 552 P.2d 1014, 1017 (Colo. 1976).

In *People v. Edgar*, 578 P.2d 666 (Colo. App. 1978), the prosecution submitted a bare list of 72 names 18 days prior to trial and opened its incomplete file only four days before trial, having made no effort to follow a discovery order even when given an additional 66 days to comply. The Court held that this conduct constituted prosecutorial misconduct, amounted to a denial of a fair trial, and had a deleterious effect on defense counsel's ability to prepare his case, and that the defendant did not have to prove he was prejudiced by the refusal to grant a continuance. *Id.* at 668.

Under Crim. P. 16(III)(g), when a party fails to comply with Rule 16, the Court may order disclosure, grant a continuance, prohibit introduction of undisclosed evidence, or enter such other order as is just under the circumstances. See *People v. Dist. Court*, 808 P.2d 931 (Colo.1991).

Here, the Rule 16 violation is substantial. The prosecution did not endorse one or two additional witnesses. It endorsed forty-five witnesses approximately 400 days after Mr. Aber's first appearance and then made representations to the Court implying that they do not actually intend to call anything near the 184 witnesses now endorsed.

The prejudice cannot be measured merely by counting the days between endorsement and trial. Effective preparation requires defense counsel to determine, for each newly endorsed witness:

- The witness's relationship to the allegations and to Mr. Aber;
- The anticipated subject matter of the witness' testimony;
- Whether the witness appears elsewhere in voluminous discovery;
- Whether counsel or an investigator must interview the witness;
- Whether impeachment or contradictory evidence exists;
- Whether additional records must be subpoenaed;
- Whether the testimony implicates evidentiary issues requiring pretrial litigation; and
- How the witness affects preparation of the defense to the individual counts charged

The prosecution's delayed disclosure transfers the burden created by its own noncompliance directly to the defense. The Court's September 23 order now requires defense to guess which of the 184 witnesses are endorsed in good faith twenty-seven business days before trial. If the prosecution endorsed 184 witnesses but still insists the case can be tried in five days, they are clearly intending to call only a fraction of those witnesses. This is not a case where, for example, there are 40 witnesses endorsed and parties have agreed that the case needs to be scheduled for two or three weeks, a trial

length commensurate with the number of witnesses but a good faith witness list that pares that down slightly is typically filed shortly before trial, causing minimal if any prejudice to defense. Here, the People essentially represented to the Court that their 184-person witness endorsement was made in bad faith by assuring that a five-day trial setting is sufficient. Under Rule 16, the People *shall* provide defense with notice of the witnesses the prosecution intends to call at trial. Courts may, as part of their own trial setting orders, require good faith witness lists ahead of trial, with the understanding that each party may not decide to call some of the people originally endorsed. However, a good faith witness list imposed by a trial court's trial order does not supersede the requirements of Rule 16.

## IV. The Present Violation Does Not Occur in Isolation and Warrants a Meaningful Remedy

The prosecution's untimely endorsement of forty-five additional witnesses should be considered in light of the discovery history in this case. Mr. Aber does not seek to relitigate prior discovery disputes but asserts that the history is relevant because it bears on whether the present violation is an isolated occurrence and what remedy is necessary to ensure the People's compliance with Rule 16.

On January 9, 2026, Mr. Aber moved to compel communications between the Sixth Judicial District Attorney's Office, the La Plata County Sheriff's Office, and CBI occurring between October 31, 2024, and January 2, 2025. The People opposed the Motion, maintained that no such discovery existed, and alternatively argued that any such material was not discoverable under *People v. Vlassis*, 247 P.3d 196 (Colo. 2011).

The Court denied defense's motion, finding that Mr. Aber had not shown more than a "mere hunch that the requested information even exists."

The prosecution's subsequent filings established otherwise. In responding to Mr. Aber's Motion for Special Prosecutor, the prosecution represented that "Lt. LaVenture apprised the 6th Judicial District Attorney Sean Murray that the internal affairs investigation into sexual harassment had once again yielded potential criminal activity and DA Murray sent an email to CBI . . ."

At the July 13, 2026, motions hearing, the Court ordered the prosecution to "provide whatever documents, information, or correspondence they have with law enforcement with regard to this conversation -- after the internal affairs investigation ended." *Motion Hr'g Tr.* 17:5-11. Three days later, the prosecution filed a memorandum from Lt. LaVenture which documents communications involving Lt. LaVenture, ADA Vance Davis, District Attorney Murray, and CBI concerning the transition from the internal affairs investigation to the criminal investigation.

The Court did not admonish ADA Davis for the blatant misrepresentation to the Court, nor was a sanction imposed.

The prosecution has again failed to satisfy a fundamental Rule 16 obligation. Approximately 400 days after Mr. Aber's first appearance, it endorsed an additional 45 witnesses while acknowledging that it never intended to call anywhere near the 184 witnesses on its endorsement list. Even after the late endorsement and the prosecution's acknowledgment, the Court afforded the prosecution an additional fourteen days from the September 23, 2026, status conference to identify the witnesses it

actually intended—in good faith—to call at trial, something that Rule 16 required be done months ago.

The significance of this history is not that every discovery dispute establishes bad faith. It is that the consequences of delayed disclosure have repeatedly fallen upon the defense. Counsel must identify the missing information, litigate its production, await compliance, and then absorb the resulting delay into an increasingly compressed trial preparation schedule.

Another order directing compliance does not cure the ongoing prejudice. Nor should the remedy for the prosecution's untimely disclosure be additional time for the prosecution that correspondingly reduces the time available for the defense to investigate and prepare.

Accordingly, the Court should impose a remedy that cures the prejudice caused by the late disclosure and ensures that the consequences of the prosecution's noncompliance are not borne by Mr. Aber. This is particularly pressing in this case where the Court has now, on two separate occasions, failed to even admonish the prosecution for their behavior.[1]

## V. The Violation Materially Impairs Mr. Aber's Ability to Prepare for Trial

Mr. Aber maintains rights to due process, equal protection, effective assistance of counsel, confrontation, and a fair trial as enumerated in Article II, §§ 3, 6, 7, 10, 11, 16, 18. 20, 23, 25, and 28 of the Colorado Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. These hallowed rights require more than the physical presence of an attorney at trial. Defense counsel must have a meaningful opportunity to investigate the prosecution's evidence and prepare the defense, which includes good faith notice of the witnesses the prosecution actually intends to call.

The prosecution's late endorsement, together with its representation implying knowledge that it does not intend to call many of those whom it has endorsed, places those rights in direct tension with Mr. Aber's right to a speedy trial pursuant to Article II, Section 16 of the Colorado Constitution, C.R.S. § 18-1405, and Crim. P. 48(b).

Defense counsel cannot reasonably investigate dozens of newly endorsed witnesses, determine their relationship to 116 remaining charges and 115 alleged victims, review the discovery pertinent to each witness, conduct necessary interviews, obtain impeachment evidence, evaluate evidentiary issues, and prepare effective examinations within the compressed period created by the prosecution's failure to comply with Rule 16.

Defense counsel did not create this predicament. The prosecution did, and the record supports that they did so in bad faith. Accordingly, Mr. Aber should not bear the speedy trial consequences of the additional time necessary to cure the prejudice resulting from the prosecution's violation.

---

[1] The Court should be attentive to continued orders and lack of necessary admonishments that show it is taking a role that gives the impression of partiality toward the prosecution. *See People v. Hrapski*, 718 P.2d 1050 (Colo. 1986).

## VI. Defense's Requested Sanction

Colorado law affords trial courts broad discretion to fashion an appropriate remedy for violations of Rule 16. In doing so, courts consider, among other things, the reason disclosure was not timely made, the prejudice resulting from the violation, whether a continuance can cure that prejudice, and other relevant circumstances. *See People v. Lee*, 18 P.3d 192 (Colo. 2001). The sanction should be sufficient to secure compliance and protect the integrity of the truth-seeking process.

A sufficient sanction is necessary in this case given the history of violations, the prosecutor's misrepresentations to the Court, and the Court's reluctance to admonish the People even with a demonstrated pattern of misrepresentations. Merely ordering the prosecution to provide a witness list it was already obligated to provide does not remedy the violation. In fact, it only further prejudices defense.

Mr. Aber requests that the Court find that the prosecution violated Crim. P. 16 by failing to timely disclose witnesses known to the prosecution, require the prosecution to establish the circumstances of the late disclosure, including when each of the forty-five witnesses became known to the prosecution and the reason each was not previously disclosed, order immediate disclosure of a good faith witness endorsement in compliance with Rule 16 and prohibit further untimely endorsements absent a particularized showing of good cause, grant Mr. Aber sufficient additional time to investigate and prepare for the newly disclosed witnesses, find that any continuance made necessary by the prosecution's Rule 16 violation should not operate to deprive Mr. Aber of his speedy-trial rights, and attribute the resulting delay to the prosecution.

**WHEREFORE**, Mr. Aber respectfully requests the Court find the prosecution violated Crim. P. 16 and C.R.S. § 16-5-203 and impose a curative sanction granting the defense a continuance, with any delay attributable to the prosecution rather than Mr. Aber.

**RESPECTFULLY SUBMITTED** this 25th day of September 2026.

**LAW FIRM OF MAURA L. GUADERRAMA**

*/s/ Maura Guaderrama*
Maura Guaderrama, Esq.
Reg No 57154
Attorney for Mr. Aber
9 Burnett Court, Suite B
Durango, CO 81301
970-880-0382

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 25, 2026 I supplied a true and correct copy of the foregoing by ICCES to:

Sixth Judicial District Attorney's Office

*/s/ Maura L. Guaderrama*
Maura L. Guaderrama