Exhibit C

| | |
|---|---|
| **COUNTY COURT, LA PLATA COUNTY**<br>1060 E 2nd Avenue<br>Durango, CO 81301 | DATE FILED<br>October 13, 2026 2:14 PM<br>FILING ID: 70E12D02221F6<br>CASE NUMBER: 2025M532 |
| THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff<br><br>v.<br><br>**EDWARD ABER**,<br>Defendant | ? COURT USE ONLY ? |
| Barrie Newberger King, Atty. Reg. No. 46719<br>NewbergerKing & Associates, LLC<br>1010 Main Avenue<br>Durango, Colorado 81301<br>Phone: (970) 993-1023<br>E-Mail: barrie@newbergerkinglaw.com | **Case No. 2025M532**<br><br>**DIV. B** |

**REPLY TO THE PEOPLE'S "RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS DUE TO THE PEOPLE'S VIOLATIONS OF RULE 16 AND C.R.S. 16-5-203"**

Mr. Aber, through Counsel, hereby offers the following Reply to the People's "Response to Defendant's Motion for Sanctions Due to the People's Violations of Rule 16 and C.R.S. 16-5-203."

1. As an initial matter, since the filing of the defense's Motion for Sanctions, the People endorsed four of their witnesses as experts on October 2, which was after the 35-day deadline set forth in this Court's trial scheduling order as well as in violation of Rule 16(I)(b)(3). This furthers the prejudice to defense in its trial preparation as laid forth in its Motion for Sanctions and should be taken into consideration by this Court when determining an appropriate sanction.

2. In their Response, the People continually assert that their September 11 witness endorsement was a "narrowed" witness list. This is completely false. The Court can see that the September 11 endorsement contained approximately 45 *additional* witnesses. Further, the People's good faith list filed on October 6 included witnesses from both the July 23, 2025, endorsement as well as some from the September 11 endorsement.

3. The People admit that Rule 16 and C.R.S 16-5-203 requires endorsement of those witnesses they intend to call at trial. The People go on to imply that because of their ongoing duty to

disclose any newly discovered witnesses, whether new to them or their materiality new, the September 11 endorsement was based on such.

4. However, the People then note that "[t]he September 11 endorsement did not represent that every endorsed witness would necessarily testify." Yet, this is exactly what Rule 16 and C.R.S. 16-5-203 require and, therefore, what defense can and should be able to rely on - that endorsements are of those witnesses the People intend to call at trial.

5. The People also assert the fact that they "continued to evaluate and narrow the witnesses necessary for trial" did not render their endorsement misleading. Such an assertion is completely illogical, given the fact that endorsing an *additional* 45 witnesses is the opposite of "narrowing" their witnesses.

6. The People make cursory statements regarding how their ongoing review of discovery "identified" additional material witnesses, yet they also go on to state that defense, in their Motion, "largely disregard[ed] the extent to which the identities of witnesses and the substance of their anticipated testimony was already known through discovery." Thus, the People assign a burden to defense to ascertain the People's witnesses and their testimony from discovery yet posit that they themselves should not be required to do the same for their own case. The People cannot, on the one hand, say that defense should already know from discovery the People's case while saying that they should not themselves be required to know their own case until much later.

7. The People - still inaccurately referring to their 45-witness additional endorsement as "narrowed" - note that "a substantial portion" of the good faith witness list was endorsed in their "original Complaint and Information." Such is false.

8. Of the 12 witnesses on the good faith witness list, five were endorsed on July 23, 2025. Six others were first endorsed on September 11, and Joshua Rodri was endorsed for the first time on October 2, 2026.

9. Further, the People completely mischaracterize their prior misrepresentations to this Court. The People, while admitting that they "expressly stated that Lieutenant Laventure had apprised District Attorney Murray that the internal affairs investigation had yielded potential criminal activity" in a May filing, fail to acknowledge the fact that in an earlier filing with this Court they explicitly stated that no such communications existed.

10. The People's complete disregard for the full record in regards to their previous misleading statements to this Court is very concerning.

11. Lastly, the People continue to argue, in this case and others, that defense is violating a non-existent duty to confer. Such duty, even if included by this Court in its trial scheduling order, is directly contrary to Colorado law and thus cannot be required of defense.

12. Rule 16(IV)(a)(1) does not allude to any duty to confer. And in fact, the notable exclusion of a rule regarding a duty to confer when such rule is explicitly included in the Colorado Rules of *Civil* Procedure confirms that, in a criminal matter, defense counsel bears no such burden.

13. Such exclusion means this Court lacks the authority to order it. *See People v. Kilgore*, 455 P.3d 746 (Colo. 2020) (holding that omission from Rule 16 means the Court lacks authority to order it).

14. Further, Colorado law is clear that automatic disclosure by the prosecuting attorney of mandatory discovery is required, without an obligation on defense to request such material. *People v. Alberico*, 817 P.2d 573, 574 (Colo. Ct. App. 1991). Even the Court's inherent case management authority cannot contradict law. *People v. Walthour*, 537 P.3d 371, 376 (Colo. 2023).

15. The assertion that defense counsel should have conferred with the People before requesting sanctions is absurd and not required by any law.

16. Overall the People are missing the point. They endorsed over 130 people in their original Complaint, on July 23, 2025. On August 5, 2025, they endorsed one more person. Then, 11 months later, they endorsed 45 *additional* people. This was 45 *additional* people that the defense then had an obligation to investigate, attempt to interview, research necessary rebuttal testimony for, and prepare any other trial preparation materials in a matter of weeks when the case had already been pending for 416 days.

17. The dispositive issue is not that defense had knowledge of these people's existence from discovery. The point is that defense had rightfully, for over a year, relied on the People's endorsement of 130 witnesses in presumed compliance with Rule 16. The point of a witness endorsement, as the rules explicitly state, is to notify defense of who the People *intend to call at trial*. It is, by itself, already intended to be a good faith witness list. Defense is not required to guess who the People intend to call as witnesses at trial merely from whose name appears in discovery. If that were so, the rule would not exist.

18. The 45 additional witnesses endorsed by the People, which the People admit in their Response does not comply with Rule 16 as it "did not represent that every endorsed witness would necessarily testify," put defense in the position of having to immediately start working on additional and significant trial preparation for 45 additional witnesses. The fact that the list was, weeks later, eventually narrowed does not matter, as defense was not able or

required to guess who from that list the People would actually call as witnesses and, in fact, had to rely on the endorsement for what it is - a list of the witnesses the people intend to call at trial.

19. The Court has stated itself that this is not a typical county court or misdemeanor trial. This is not, for instance, a DUI case with four or five witnesses wherein the People add one or two more people weeks before trial. This is a 118-count Complaint with multiple terabytes of discovery and approximately 200 people named in said discovery. For the People to argue that, although *they* have the benefit of being allowed to suddenly discover 45 people's possible importance to their case weeks before trial, defense on the other hand should have known just from discovery exactly who could be called. Not only is that absurd, it is contrary to the discovery disclosure rules.

/s/ *Barrie Newberger King*
Barrie Newberger King, Atty. Reg. No. 46719
NewbergerKing Law LLC
1010 Main Avenue
Durango, Colorado 81301
970-993-1023
barrie@newbergerkinglaw.com

**Certificate of Service**

I hereby certify that on October 13, 2026, I served the foregoing document to opposing counsel via e-filing.

/s/ *Barrie Newberger King*