Exhibit D

| | |
|---|---|
| County Court, La Plata County, Colorado<br>Court Address:<br>1060 E. 2nd Avenue, Durango, CO 81301<br><br>**PEOPLE OF THE STATE OF COLORADO, PLAINTIFF**<br><br>**v.**<br><br>**EDWARD ABER, ACCUSED.** | DATE FILED<br>October 14, 2026 8:42 PM<br>FILING ID: 4E02C0564EDF1<br>CASE NUMBER: 2025M532<br><br>▲ **COURT USE ONLY** ▲ |
| Co-Counsel for Edward Aber:<br>Maura L. Guaderrama, Esq.<br>Law Firm of Maura L. Guaderrama<br>9 Burnett Court, Suite B<br>Durango, CO 81301<br>Phone Number: (970) 880-0382<br>Email: maura@guaderramalaw.com<br>Atty. Reg. #57154 | Case Number: 25M532<br><br>Division B Courtroom |

**OBJECTION TO LATE ENDORSEMENT OF EXPERT WITNESSES AND MOTION FOR DISCOVERY RELATING TO EXPERT WITNESSES AND REQUEST FOR *SHRECK* HEARING DETERMINATION AND, IF NECESSARY, EVIDENTIARY HEARING [D-14]**

Edward Aber, through counsel, objects to the People's late endorsement of Special Agent Reyna Wilson, Special Agent Cristopher Scherr, Investigator Aaron Kyser, and Josh Rodri. This Court issued an Amended Trial Setting Order on March 2, 2026 requiring experts "and any existing report or statements of said experts be disclosed as soon as practicable, but no later than 35 days before trial." The People filed a notice of endorsement of these four expert witnesses on October 2, 2026 – only 31 days before Mr. Aber's scheduled commencement of trial.

Defense requests the Court bar testimony from these endorsed expert witnesses due to the late endorsement in direct contravention of the Court's order, Colo. R. Crim. P. 16 (I)(b)(3), and *People v. Martinez*, 558 P.3d 227 (Colo. 2024) (holding that expert testimony in criminal cases must comply with the discovery and disclosure requirements set forth in Crim. P. 16).

If testimony is not barred, Mr. Aber respectfully moves this Court to require the prosecution to provide specific discovery related to its endorsed expert witnesses. Once these disclosures are made, defense counsel requests a S*hreck* determination and reserves the request for an evidentiary hearing.

Mr. Aber makes these requests pursuant to the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; Article II, Sections 16 and 25 of the Colorado Constitution; and Colorado Rule of Criminal Procedure 16. In support of this Objection and Motion, Mr. Aber states the following:

1. The prosecution endorsed five expert witnesses in this case.

2. First, on September 11, 2026, the prosecution endorsed Division Chief Gary Gittins as an expert in the operations of a detention facility, including, but not limited to intake procedures, booking, housing operations, and administration. The prosecution provided a curriculum vitae for Mr. Gittins.

3. With respect to Division Chief Gary Gittins, the discovery provided only consists of a curriculum vitae. Defense has not been provided a sufficiently particularized explanation of whether this witness intends to testify concerning Jefferson County's internal policies, generally accepted correctional practices, supervisory review of strip-search footage, or the propriety of Mr. Aber's conduct. Nor has the prosecution identified the particular professional standards, policies, factual materials, or methodology underlying any such opinions. These distinctions are material to determining the relevance and admissibility of the proposed testimony under CRE 702 and *People v. Shreck*, 22 P.3d 68 (Colo. 2001).

4. Defense counsel requests the underlying facts or data supporting Mr. Gittins' opinion. Defense counsel also requests a written summary of the testimony describing the witness's opinion and the bases and reasons therefor, including results of physical or mental examination and of scientific tests, experiments, or comparisons. Colo. R. Crim. P. 16(I)(d)(3).

5. Second, on October 2, 2026, the prosecution endorsed as experts Special Agent Reyna Wilson, Special Agent Christopher Scherr, Investigator Aaron Kyser, and Josh Rodri.

6. Special Agent Reyna Wilson was endorsed as an expert in digital forensics, including forensic acquisition, imaging, preservation, and analysis of computers and digital data.

7. To date, Mr. Aber has not received a curriculum vitae or other documentation establishing her qualifications. The discovery concerning Special Agent Wilson is limited to investigative reports documenting her possession and forensic examination of three electronic devices: a Dell computer tower, a Surface Pro tablet, and an ATG laptop.

8. Although reports by Agent Wilson document certain generic investigative procedures, the People have not identified the specific expert opinions Special Agent Wilson intends to offer, the bases and reasons for those opinions, or the scope of her anticipated expert testimony. Nor has the defense received her qualifications or sufficient information to evaluate the reliability of her forensic methodology and conclusions. Mr. Aber therefore requests the disclosures contemplated by Colo. R. Crim. P. 16(I)(d), including her qualifications, a summary of the opinions she intends to offer, and the underlying facts and data supporting those opinions.

9. Special Agent Christpher Scherr was endorsed as an expert in digital forensics, including mobile-device examination, forensic extraction, digital-evidence recovery, and analysis of data from cellular telephones and other electronic devices, as well as specialized training through the National Computer Forensics Institute in mobile-device examination, cyber investigative techniques, and digital evidence investigations. According to Investigative Supplement 25-0003/24, Special Agent Scherr executed a search warrant at Mr. Aber's residence, and took

possession of an iPad. The supplement indicates that the iPad has been factory reset in January 2025, although discovery does not clearly establish whether any recoverable data was obtained from the device.

10. Although the investigative supplement identified Special Agent Scherr's training, experience, and certifications, and Mr. Aber has received his curriculum vitae, the People have not disclosed specific expert opinions the intends to offer at trial, the bases and reasons supporting those opinions, or the underlying facts and data upon which he relies.

11. Moreover, based upon the discovery presently available, it is unclear why Special Agent Scherr's testimony requires expert qualification under CRE 702. His documented involvement appears to concern the execution of a search warrant and collection of an electronic device, matters that may be established through ordinary fact testimony. To the extent the People intend to elicit specialized opinions concerning forensic examination, data recovery, or the significance of the iPad's factory reset, those opinions and their supporting methodology have not been adequately identified. Without such disclosure, Mr. Aber cannot meaningfully assess whether the proposed testimony requires specialized expertise or satisfies the admissibility requirements of CRE 702 and *Shreck*.

12. Accordingly, Mr. Aber requests a particularized disclosure of Special Agent Scherr's anticipated expert opinions, the bases and reasons supporting those opinions, and any associated reports, extraction results, or underlying data not previously disclosed.

13. Investigator Aaron Kyser was endorsed as an expert in the forensic extraction and examination of digital evidence from computers and electronic devices. To date, Mr. Aber has not received a curriculum vitae or other documentation establishing his qualifications. The discovery identifies Investigator Kyser as a known, password-protected user of the Surface Pro tablet subsequently examined by CBI Special Agent Reyna Wilson. Additionally, the discovery suggests that Investigator Kyser extracted data in October 2024 concerning information allegedly obtained from Mr. Aber's department-issued computer. However, Mr. Aber has not received any investigative report authored by Investigator Kyser documenting his actions, the methods employed to obtain or extract the data, or his findings.

14. The absence of this information is particularly concerning given Investigator Kyser's apparent involvement in accessing and extracting electronic evidence central to the prosecution's case. Without documentation of his investigative activities, Mr. Aber cannot meaningfully assess the integrity of the evidence collected, the methods he employed, or the reliability of any conclusions he may offer. Moreover, the People have not disclosed the specific expert opinions Kyser intends to provide, the bases and reasons supporting those opinions, or the underlying facts and date upon which he relies. Nor is it clear whether his anticipated testimony concerns firsthand investigative activities or specialized forensic opinions requiring qualification under CRE 702. Accordingly, Mr. Aber requests disclosure of Investigator Kyser's qualifications, a particularized summary of his anticipated expert opinions and their supporting bases, and all discoverable reports, extractions records, forensic documentation, and underlying data relating to his examination or handling of Mr. Aber's electronic devices, to the extent such materials exist and have not previously been disclosed.

15. Josh Rodri was endorsed as an expert in information technology and computer-network administration, including network architecture, Internet protocol addresses, remote network access, and virtual private network systems, including NetMotion. Mr. Aber has not received a curriculum vitae or any documentation establishing his qualifications. Remarkably, Rodri is mentioned only once in more than 6,000 pages of written discovery. According to that reference, Lt. Joseph LaVenture contacted Rodri concerning Mr. Aber's department-issued computer, and Rodri advised that the computer was in Frank Sandoval's possession, having been reassigned to Sandoval for his use.

16. The limited disclosure raises additional questions concerning the custody, access, and use of electronic devices implicated in the investigation, particularly because it identifies another individual who possessed and potentially accessed a device attributed to Mr. Aber. Yet the discovery contains no report authored by Rodri, no documentation of any forensic examination or analysis he performed, and no identification of any specialized opinions he intends to offer at trial.

17. Based upon the discovery presently available, it is unclear why Rodri's testimony requires expert qualification under CRE 702. His only documented involvement consists of providing information concerning the location and reassignment of a computer, matters that appear capable of being established through ordinary fact testimony. To the extent the People intend to elicit specialized opinions concerning device access, user attribution, forensic analysis, or the integrity of electronically stored evidence, those opinions and their supporting bases have not been disclosed.

18. Accordingly, Mr. Aber requests disclosure of Rodri's qualifications, the specific expert opinions he is expected to offer, the bases and reasons supporting those opinions, and any discoverable reports, access records, device-assignment records, or other underlying materials supporting his anticipated testimony.

19. Under Colo. R. Crim. P. 16(I)(d)(3), when the defense shows that the request is reasonable, the Court may order disclosure of relevant material not covered in other sections of the rule, the defense requests that the following information be provided for all expert witnesses:

    i. Curriculum vitae for any alleged expert witness that includes a listing of any degrees, certificates, organizational memberships, training sessions and writings relating to the field about which they will testify;

    ii. Information relating to the location of any school, training group, or organization the expert claims affiliation with;

    iii. A disclosure regarding all discovery provided and any communications sent by the expert to the prosecution;

    iv. All bench notes, and other information collected or preserved during the course of the investigation of the case, including information regarding the type of testing that was used;

v. A list of any articles upon which the expert will rely;

vi. A list of all cases in which the expert has testified (including sufficient information for the defense to locate and identify transcripts of that previous testimony)

vii. The facts and data supporting the expert's opinion, and a written summary of the bases and reasons therefore, including results of physical or mental examination and of scientific tests, experiments or comparisons.

20. The defense request is reasonable and narrowly drawn in scope. The information should be readily available to the witnesses and also to the District Attorney who has endorsed these witnesses. Further, it should not be unduly burdensome for the witnesses to compile such lists if one does not already exist.

21. Colo. R. Crim. P. 16(I)(d)(2) allows the Court to deny a defense request that will cause substantial risk to any person of physical harm, intimidation, bribery, economic reprisal, or unnecessary annoyance or embarrassment which outweighs the usefulness of the disclosure to defense counsel. None of these considerations are applicable under these circumstances. It would be the prosecution's burden to demonstrate that one of these exceptions was met.

22. The discovery request made is necessary to ensure Mr. Aber's right to confront the witnesses against him and also his right to effective assistance of counsel. Defense counsel has an obligation to investigate and prepare to challenge the expertise of these various witnesses, as well as investigate any conclusions she or he may draw as an "expert." In order to uphold that obligation, defense counsel needs the information requested prior to any hearing regarding the experts and prior to the day of trial.

23. In order to adequately prepare for vigorous cross-examination and presentation of contrary evidence, Mr. Aber requests a hearing on these matters be held prior to trial, at a scheduled motions hearing. If the issue is left until the day of trial, Mr. Aber's trial strategy will be greatly prejudiced, in terms of witnesses to call, and which questions to propound to individual witnesses, which will certainly vary depending on whether or not expert witnesses will testify. Undersigned counsel cannot anticipate every possible scenario prior to trial without the requested discovery.

24. Without knowing the opinions, bases, underlying facts and data, or materials relied upon by the prosecution's experts, neither Mr. Aber nor the Court can meaningfully evaluate the admissibility of the proposed testimony under CRE 702 and *Shreck*. Mr. Aber therefore requests complete disclosures pursuant to Colo. R. Crim. P. 16, followed by a S*hreck* determination and, to the extent factual development is necessary to permit that determination, an evidentiary hearing.

25. Under *People v. Shreck*, the trial court must issue specific findings on the record as to the helpfulness and reliability of proffered scientific evidence. 22 P.3d 68 (Colo. 2001). The focus of the inquiry is on reliability and relevance, and the trial court may, but need not, consider the factors listed in *Daubert* in determining reliability. *Id.* at 78.

**WHEREFORE**, Mr. Aber respectfully requests that the Court bar expert testimony from the four expert witnesses endorsed on October 2, 2026, beyond the 35-day deadline imposed by the Court's Amended Trial Setting Order and Colo. R. Crim. P. 16(I)(b)(3).

If the Court is not inclined to bar expert testimony from these witnesses, then counsel requests the Court order the prosecution to provide the requested disclosures for these witnesses, as well as for Mr. Gittins, within fourteen days.

Further, once these disclosures are provided, counsel requests the Court exercise its authority under CRE 702 and the S*hreck* framework to evaluate whether the proffered testimony meets the reliability, qualification, helpfulness, and CRE 403 standards before it is presented to the jury.

**RESPECTFULLY SUBMITTED** this 14th day of October, 2026.

**LAW FIRM OF MAURA L. GUADERRAMA**

*/s/ Maura Guaderrama*
Maura Guaderrama, Esq.
Reg No 57154
Attorney for Mr. Aber
9 Burnett Court, Suite B
Durango, CO 81301
970-880-0382

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 14, 2026 I supplied a true and correct copy of the foregoing by ICCES to:

Sixth Judicial District Attorney's Office

*/s/ Maura L. Guaderrama*
Maura L. Guaderrama