**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02531-GPG-KAS
*Consolidated with Civil Action No. 25-cv-02763-GPG-KAS*

TERRIANNE PAIGE HIEHLE, in her individual capacity
and on behalf of all others similarly situated, et al.,

Plaintiffs,

v.

EDWARD ABER, in his individual and official capacities as
Jail Commander of the La Plata County Jail, et al.,

Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT ABER'S THIRD STATUS REPORT**

---

Plaintiffs, by and through Interim Class Counsel RATHOD I MOHAMEDBHAI LLC and JOHN BAXTER ATTORNEY AT LAW, respectfully respond to Defendant Aber's Third Status Report [ECF No. 127], and oppose his request for further extensions of the stay.

**INTRODUCTION**

Defendant Aber is accused of abusing his position as Commander of the La Plata County Jail to unlawfully strip search hundreds of women, record those strip searches, and exploiting those videos for his sexual gratification. He faces a criminal case by the Sixth Judicial District Attorney's Office and this putative class action, which was brought by his myriad victims.

Although there is no constitutional prohibition on parallel criminal and civil proceedings, this Court initially stayed this putative class action for five months to let

Defendant Aber finish his criminal trial before Plaintiffs conduct discovery in this civil case. Commander Aber then pushed back his criminal trial by three months, and this Court extended the stay for an equal period of time. Now, Commander Aber has again pushed back his criminal trial, and he again asks this Court to extend the stay. If granted, Defendant Aber's extensions (8 months) would exceed the length of the original stay (5 months). Even worse, there is no guarantee Defendant Aber does not push back his criminal trial again and again, and then ask for extensions of this stay again and again. Rather than push back this case (and the survivors' pursuit of justice) indefinitely, this Court should deny Defendant Aber's request and let the stay expire on November 13, 2026.

## BACKGROUND

1. Plaintiffs filed their First Amended Complaint in this case on February 20, 2026. *FAC*, ECF No. 84.

2. On March 6, 2026, Defendant Aber filed a motion to stay the case based on his pending criminal case, *The People of the State of Colorado v. Aber, Edward J.*, Case No. 2025M532. *Motion*, ECF No. 89.

3. On May 12, 2026, the Court granted Defendant Aber's motion to stay. *Order*, ECF No. 110.

4. At the time of the Court's order, Defendant Aber's criminal trial was set to start on August 10, 2026. *Id.* at 7.

5. The Court ordered Defendant Aber's responsive pleading deadline was stayed until August 21, 2026—"one week following the date on which Defendant Aber expects his criminal trial to conclude[,]" and that "Defendant Aber's answer or other

response to the C.B. Plaintiffs' Amended Complaint [#84] is due September 4, 2026, 14 days after the stay is lifted." *Id.* at 13.

6. On May 27, 2026, Defendant Aber filed a status report stating that his criminal trial had been continued until November 2, 2026. *Status Report*, ECF No. 119 at 2.

7. On August 5, 2026, Plaintiffs filed a response to Defendant Aber's status report, pointing out that Defendant Aber had waived speedy trial, had already pushed his criminal trial back by three months, and there was no guarantee that his trial takes place in November. *Response to Status Report*, ECF No. 124 at 1–3. On that basis, Plaintiffs opposed any attempt to extend the stay in this civil case. *Id*.

8. In a responsive status report, filed August 12, 2026, Defendant Aber's attorney represented that he had "contacted Mr. Aber's criminal attorney who had advised that the trial is still scheduled to begin November 2, 2026." *Second Status Report*, ECF No. 125 at 1–2. On the presumption that the criminal trial would begin on November 2, 2026, Defendant Aber requested the stay be extended until November 13, 2026. *Id*.

9. The Court, "[i]n light of Defendant Aber's representations in the Status Report," granted Defendant Aber's request, and extended the stay until November 13, 2026. *Minute Order*, ECF No. 126.

10. But Defendant Aber's presumptions have not proven true: Defendant Aber's criminal trial has once again been pushed back, this time "to late March/early April 2027." *Third Status Report*, ECF No. 127 p. 3.

11. Defendant Aber now asks this Court to extend the stay until April 9, 2027. *Id*.

## ARGUMENT

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Still, a district court may stay a case "in its discretion," after "balanc[ing] the plaintiff's interests 'in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived.'" *Order*, ECF No. 110, at 4–5 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003)).

When the Court first issued a stay in this case, it weighed six factors and concluded that a stay was warranted. *Order*, ECF No. 110 at 5–10. But given Defendant Aber's repeated and indefinite delays in this case, that calculus has changed.

**Factor 3: Plaintiffs' interest in proceeding expeditiously and the prejudice caused by delay.** In opposing the stay, Plaintiffs argued that they are "entitled to a speedy discovery process," which is all the truer "in the context of complex litigation which must proceed in an efficient manner." *Order*, ECF No. 110 at 7 (quoting *Response*, ECF No. 100 at 4). Other courts agree that when a case is delayed, "the risk that witnesses will become unavailable, memories of conversations will fade, and documents will be lost and destroyed" is greatly increased. *Bd. of Cnty. Comm'rs of Cnty. of Adams v. Asay*, 2012 WL 6107949, at *3 (D. Colo. Dec. 10, 2012) (adopting

plaintiff's argument). While the Court did not directly address this concern in its initial order granting a stay, the prejudice to Plaintiffs has only grown. Witnesses' memories fade with time.[1] "The longer the delay between the crime and recall, the more likely it is that a witness will encounter misinformation about the event (e.g., through the media)." *Id*. It would be damaging enough to delay Plaintiffs' ability to collect evidence for nearly a year. That prejudice is heightened in this case, as it has been covered extensively in the media. Worse still, delaying this case until the conclusion of Defendant Aber's criminal trial puts witnesses at risk for having their recollection poisoned by the factual spin Defendant Aber presents in his criminal case. If a stay is granted, Defendant Aber would get the perverse benefit of impugning Plaintiffs for not deposing witnesses while their memory was fresh, even though he was the one asking for stays in the first place.

Plaintiffs are also suffering substantial personal exposure during this stay. As many of them still reside in La Plata County, Plaintiffs are forced to continuously interact with Defendant Aber's family, friends, and supporters. An indefinite stay would nearly guarantee that these survivors are subjected to even more of these confrontations before they can even begin seeking answers or justice.

**Factor 4: The burden on Defendant Aber.** While Defendant Aber claims that his trial was continued "through no fault of his own but because of a discovery violation by the prosecution," *Status Report*, ECF No. 127 at 3, the criminal court's order tells a different story. While it recognizes that the District Attorney committed a "technical violation of Rule 16," the criminal "[c]ourt found that the continuance, despite being the

---

[1] *See* Chantal Chevroulet et al., *The impact of recall timing on the preservation of eyewitness memory*, PSYCHIATR. PSYCHOL. LAW (July 19, 2021), https://pmc.ncbi.nlm.nih.gov/articles/PMC9225701/.

result of a discovery violation, should be charged to the Defendant constituting waiver of speedy trial." *Id.* at 2. That makes this the second time Commander Aber "waived speedy trail and requested a continuance" of his trial date. *Status Report*, ECF No. 119 at 2. Defendant Aber is well within his right to continue his criminal trial, as he has chosen to do twice. But his decision to continue his trial twice cuts against any argument that this civil case burdens him or his rights. Especially when he is represented by different counsel in the criminal and civil cases, so proceeding on both simultaneously would not overload his representation.

**Factor 5: The Court's interest in keeping litigation moving to conclusion without unnecessary delay.** District court's regularly reject stays that are "potentially indefinite" because they weigh against the court's interest in managing its docket. *Lewis v. William Michael Stemler, Inc.*, 2014 WL 1026593, at *6 (E.D. Cal. Mar. 14, 2014). In their response to Defendant Aber's initial motion to stay, Plaintiffs pointed out that because criminal defendants frequently waive their right to a speedy trial and August 2026 was Defendant Aber's first trial setting, "[t]here is certainly no guarantee that Mr. Aber's criminal trial will indeed take place on August 10, 2026, and will not be continued until a later, yet to be determined, date." *Response*, ECF No. 100 at 4.

In his Reply, Defendant Aber stated that "Plaintiffs' argument in this respect is entirely speculative and cannot serve as a basis to deny Mr. Aber's requested stay." *Reply*, ECF No. 107 at 4. As it turns out, Plaintiff's concern was not "entirely speculative:" Defendant Aber proceeded to waive his right to a speedy trial and reset his criminal trial to three months later. After the stay was extended for the first time, Defendant Aber again waived speedy trial and continued his criminal case. Now, he

again asks for an extension of the stay, offering his counsel's "understanding that Defendant Aber's criminal case" will go to trial in "late March/early April 2027," but no personal promises that he won't continue this case again. *Status Report*, ECF No. 127 at 3.

The Court granted the initial stay on the assumption that Defendant Aber would move expeditiously to trial in his criminal case. When Defendant Aber asked for an extension, he presented it as a one-off. But his pattern of continuing his criminal case and asking for extensions of the stay makes clear that even if this stay started as a limited, definite pause, it has transformed into an indefinite stay that interferes with the Court's ability to manage its own docket. This factor now weighs against Defendant Aber's request for an extension of the stay. *See Lewis*, 2014 WL 1025693, at *6.

**Factor 6: The public's interest in this case.** Plaintiffs respectfully disagree with the Court's initial conclusion that "the public's only interest in this case is a general interest in its efficient and just resolution." *Order*, ECF No. 110 at 9–10. As other courts have found, "[p]olice misconduct is an area of legitimate and significant public interest." *Scott v. City of Durham*, No. 1:20-CV-558, 2022 WL 767557, *9 (M.D.N.C. Mar. 14, 2022).

In this case, the public has an interest in discovering whether La Plata County officials enabled a jail commander to abuse his authority over strip searches for his own sexual gratification. That interest is heightened here, given some of the official defendants are still in office.[2] A stay deprives the public of their ability to discover

[2] While Defendant Aber's criminal trial may shed light on some of his misconduct, it will likely not dive into the misconduct of other officials whom Plaintiffs have sued.

whether defendants committed the severe misconduct of which they are accused. And it therefore deprives them of their ability to hold those officials democratically accountable for their misconduct.

**Alternative options better balance the parties' respective interests.** The Court has at its disposal less extreme remedies than an extension of the stay, all of which would better balance Plaintiffs', the public's, the court's, and Defendant Aber's interests.

These options included sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, limiting a stay to a particular subject, or limiting disclosure only to counsel. *Walbridge v. City Oilton, Okla.,* 788 F. Supp. 3d 1194, 1198 (N.D. Okla. 2025). When the risk of harm is so speculative, the drastic remedy of a stay is unwarranted. *Id.*; *see also In re CFS-Related Sec. Fraud Lit.*, 256 F. Supp. 2d at 1240 (stating it is not unconstitutional to make a defendant decide whether or not to exercise his Fifth Amendment right in his civil proceedings and bear the attendant negative inference).

WHEREFORE, Plaintiffs respectfully file this response to Defendant Aber's Third Status Report, opposing any extension to the current stay.

Respectfully submitted this 21st day of October, 2026.

*/s/ Neil S. Sandhu*
Neil S. Sandhu
Virginia Hill Butler
Katie Wiese Valiant
Siddhartha Rathod
Qusair Mohamedbhai
Felipe Bohnet-Gomez
Omeed M. Azmoudeh
ns@rmlawyers.com
vb@rmlawyers.com
kw@rmlawyers.com
sr@rmlawyers.com
qm@rmlawyers.com
fbg@rmlawyers.com
oa@rmlawyers.com
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100

John Baxter
JOHN BAXTER ATTORNEY AT LAW
1099 Main Ave., Suite 500
Durango, Colorado 81301
(970) 903-9578
baxterlaw@gmail.com

*Interim Class Counsel*